**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------X

| | |
|---|---|
| DEBORAH ABEEL, RICK ADAMS, ROBERT AKASHI, JIMMY ALAURIA, DEBBIE EDITH ALEGRIA, IZAIDA ALTAMIRANO, ROBERTA ALVAREZ, PATRICIA ALVERT, FATIMA APONTE, MANUEL ARECHIGA JR, SCOTT ARMSTRONG, LAURA AUPPERLE, JOSE P. AYALA, ALEX BACARON, WILLIAM BARBER, PHILIP BARR, FRANCISCO BARRIOS, TOM BEINAR, ANDREW BELCHER, MIRTHA BERNES, NASSAR BEY, MARK BLANCO, JOHN BOBEK, ELINOR BOZZONE, LAWRENCE BRACCO, NATHAN BREHM, KIM BRIDGES, MIKE BRIGGS, ERENSTINE BRINKLEY, VICKIE BROCK, DEXTER BROWN, DIANE BROWN, LINDA BURGER, BONNIE BUTTERWORTH, JESSICA CABASAL, CARLA CALER, PAUL CAMPAGNA, HARRY CAMPBELL, IRENE CARDENAS, MARIA CARINO, JON CARLSON, DINORAH CARMENATE, JUAN CARRILLO, JAQUELINE CARROLL, JOSE Z. CASTRO, PAUL CATER, ELOY CERTEZA, GEOFFREY CHARLTON, MARK CHASTEEN, VIPIN CHATURVEDI, RAQUEL CHAVEZ, RITO CHAVEZ, ANTONIO CHAVEZ, KEVIN CHEEK, WILLIAM CHIN, MEHRDAD CHITSAZ, HECTOR CIBRIAN, RENATA CIRCEO, ELIZABETH CLAMPET, STEPHEN CLARKE, CHRISTOPHER COCKRELL, DANIELLE COCKRELL, GEOFFREY COCKRELL, LUISE COHEN, OLGA L. COLLAZO, ROLANDO COLLAZO, ARTEMIO CONCEPCION, KAT CONWAY, RUTH CORONA, LUIS COSIO, PATRICIA CRESPO, MARGO CRUZ, MARIA CRUZ, OCTAVIO CRUZ, WILLIAM CUBIAS, JOSE CUESTA, DONNA DALTON, MARIA DE LA PAZ JIMENEZ, LOURDES RUIZ DE LA TORRE, CELON D. DENNIS, DOUGLAS DENT, CHRISTIAN DIAZ, MARTHA DIAZ, NICHOLAS DIETEL, JEFFREY DIXON, IRA DORFMAN, PATRICIA DOWLING, DANIEL DWYER, JAMES EBLEN, GLEN ENG, PATRICIA ESPINOSA, ALICIA FAJARDO, CLOVIS FEARON, ALBERTINA FIGUEROA, ROBERTO FIGUEROA, JOSEPH FITZGERALD, CAROL FLEMMING, COREY FLINN, LEONARDO FLORES, ALAN FOGELSTROM, NORMA FOGELSTROM, DONNA FOOTE, JULIE FRALEY, DENNIS FROST, CHRISTOPHE FRUCTUS, SUSAN GALLAGHER, LIDIA GARCIA, SIMONA GARCIA, JOE GARCIA, TRACI GEHM, PHILLIP GENOVESE, BARBARA GIBBS, JAMES GILBERT, BRADLEY GIPOLAN, DENNIS GLEASON, TOMMY GLOVER, CARLOS GONZALES, MARIA GONZALES, NELSON A. GONZALEZ, NELSON J. GONZALEZ, CHRISTOPHER GROSSMAN, DIANE GRUBIC, WALTER GRUBIC, NESTOR GUILLEN, WILLIAM GUTIERREZ, ENRIQUE GUZMAN, MAGA GUZMAN, MARIA GUZMAN, ALLISON HANSON, JOHN HANSON, THOMAS HERBST, JORGE L. HERNANDEZ, MARCELLA HERNANDEZ, | Index No. **SUMMONS** **The basis of venue designated: The county where one of the Plaintiffs reside is KINGS** |

MIGUEL HERNANDEZ, DAVID HERRON, SESSING
HEWITT, LISA HIGGENS, NANCY HOLCOMBE,
VIRGINIA HOSKING, VINCE HUBBARD, KELVIN
HURDLE, MICHELLE HURTADO, ART ITURBE,
ATHENA JACKSON, MARIA DE LA PAZ JIMENEZ,
HARLENE JOHNSON, PORTIA JOSEPH, JEROME
KAMINS, JENNIFER KAUER, DAN KLEIN, NANCY
KRANTZ, MORGAN LAWLEY, BOBBIE LEONARD,
MARK C. LILLY, MIROSLAVA LITTERDRAGT,
DOUGLAS LIZARDI, DINORAH LLANES, ROSALINDA
LOCKHART, THOMAS LOCKHART, ALAN LOCKLEAR,
MARIA DOLORES LOMBERA, MOISES LOPEZ, ANGEL
LOPEZ, MOISES LOPEZ, DELORES LUCAS, BURT
LUND, MAE LUND, ALEJANDRO LUZARDO, RONNIE
LYLES, BRYAN LYNCH, JOSEPH K LYONS, BRUCE
MACBRIDE, ANITA MACHADO, TANYA MACHADO,
STELLA MARKLEY, TERESA MARQUEZ, LUIS
MARTINEZ, PATRICK MARTINEZ, CHARLOTTE
MCARDLE, SAOVANNI MEAS, DANIEL MELENDEZ,
GLORIA MELO, MARGARITA MILAM, MARIE MILLER,
AARON MIR, ARLYN MIR, JASON MOEDING,
VERONICA MONTERRUBIO, ERIK MUMFORD,
ANTONIO MUNOZ, CARMEN MUNOZ, CINDY
MURRILLO, JUAN CARLOS MURRILLO, JOE NAVARRO,
CRISTINA NAVARRO, MICAH NEELY, RICHARD
NEELY, JONIQUE GARCIA, ERNESTO NEPOMUCENO,
CATHERINE NUTT, SENEN OCHOA, TALIA OLIVERA,
CHRISTINA ORNELAS, KAROL OUSLEY, FRANK
PACHECO, ARMANDO PADILLA, ANGELA PARADA,
RUBEN PARRA, EUGENE PATERRA, ALTINA PATRICK,
ROLAND PERKINS, RAUL PERNETT, MICHAEL
PHILLIPS, LESLIE POLLACK, THOMAS POUPARD,
CARTER POWELL, MERY QUINTANA, MERLE RAGAN,
DANIEL RAMIREZ, FRANCISCO RAMIREZ, ANGELICA
RAMIREZ, KAIVALYA RAWAL, JOE REID, SILVIA
RENDON, JOSE REYES, MICHAEL RICCIARDI,
MARJORIE RICHARDSON, DAVE RICHMAN, CONNIE
RICOTTA, EDDIE RIVERA, GARY ROBERTS,
HERMELINDO ROCHA - VARGAS, GUIDO RODRIGUEZ,
MARTHA RODRIGUEZ, NANCY P. RODRIGUEZ, PAUL
RODRIGUEZ, ENRIQUE ROMERO, MICHAEL ROMERO,
SHERRIE SAFKO, LILY SALAS, GUADALUPE SANCHEZ,
HILDA SANCHEZ, JAIME SANCHEZ, ROGER SANCHEZ,
ANTONIO SANCHEZ, HECTOR SANCHEZ, MARIA
SANCHEZ, SUSAN SANDERS, RUBEN SANTIAGO, JOSE
SAUCEDO, VICKIE SCHETRITT, ROBERT
SCHMALFELDT, JOSE ALFREDO SEGOVIA, SHERYL
SEIM-MONTOYA, ARVIN SERRANO, MARGARITA
SHEA, KENNETH SIMONSEN, CHARLES SMITH,
CRAYTON SMITH, ROBERT SMITH, ZENAIDA SMITH,
JAMES SNYDER, VALORIE SNYDER, ILIANA
SORENSEN, ROSARIO MARIA SOTO, DAVID STARKEY,
DEL STAUDINGER, ANDREW STOLZ, PAUL
STROHECKER, RICHARD STRUNK, LIDIA TAPIA,
DELANE TARRA, MANUEL TAVARES, MARIA
TAVARES, ROBERT TAYLOR, JOHN TEDESCO, EVA

THIELK, JOSA TIRADO, MAILIN TOMLINSON, TONY
TRUJILLO, JODI TUFT, JEFF TURNER, MALCOLM
TURNER, RITA UCHEKA, HUGO URRIBARRI, MITCH
VAN MECHELEN, HERMELINDO VARGAS, THEREISI
VILLARUZ, DONALD VITAK II, MARGUERITE VITA-
MATUZOLA, GARY WAGGY, CARROLL WALTERS,
ARTHUR WEAVER JR., TRACY WEBER, KENNETH
WEINER, GUNTER WEISSMANN, CLINT WEST, NIKKI
WHITE, ACHINI WHITE, MICHAEL WIEDERHOLD,
GEORGE WILCOX, PAUL WILDER, DEBRA WILSON,
JON WITHROW, PETER WRIGHT, PHILIP WRIGHT,
JAMES YOCUM, ALEX ZAETS, LUIS ZAVALA, GEORGE
K. ZINK, REBECCA ABAD, THOMAS ADLER, BIBIAN
AFABLE, MICHAEL AKIN, SUREN ALAVERDYAN,
DORA ALDRETE, KARL AMRINE, ELMER ANDERSON,
ERIC ANDERSON, PAMELA ANDERSON, SABRINA
ANDERSON, DONALD ANDREWS, DAVID APPEL,
OLGA ARANIVA, ANTONIO ARCINAS, ROBERT
ARRINGTON, EWY AXELSSON, JOHN BAHURA,
GLORIA BAILEY, IRMA BAKER-PARRA, BRUCE
BARMAKIAN, RODRICK BARNETT, KEVIN BATMAN,
LORI BATMAN, DAVID BEAUBIEN, MARILYN
BEAUBIEN, AMANDA BENNETT, GEORGE BENNETT,
ANNETTE BERRY, ROBERT BERRY, ALVIN BLAKE,
TAWANA BLAKE, CAROLE BOOTH, JOHN BOOTH,
ARACELI BOWMAN, BILLY BOWMAN, PATRICK
PAYGAR BOYD, BARRY BOZARTH, ARNOLD
BRIGMAN, DEBORAH BRIGMAN, VALERY BUBELA,
BONNIE BUCKLEY, TOBY BUTTERWORTH, NELIDA
CAMPOS, JERRY CANADAY, MARIAN CANADY
MEIXNER, GEORGE CASTRO, FRANCIS CELO, CARLOS
CERVANTES, ROSE CHANG, JOHN CHARLSON,
KATHERINE CHARLSON, DANIEL CHAVEZ, JOSEPH
CHAVOEN, JOSEPH CINA, GRANT CLARK, SONIA
CLARK, HUGH COLLINS, SEAN COMBS, ARTURO
CONCHA, CHERIE COOK, DENISE COOK, RANDALL
COOK, BENJAMIN CORONA, DIONICO CORTEZ,
BERTHA CREVOLIN, RONNIE CREVOLIN, MATTHEW
CROSBIE, CARY CRUZ, ROSEMARY CRUZ, HOUSTON
CURTIS, ERIC CUTLER, CHARLES DANIELS,
CHRISTINA DANIELS, RICARDO DAVALOS, CURTIS
DAVIDSON, TROY DAVIS, SARGIS DAVODDANIEL,
DON DECKER, TAMMY DECKER, PAZ DIAZ, OLIC
DUNNING III, DAVID EBADAT, HOTOSA
EBRAHIMZADEH, KENNETH EDGECOMBE, NICOLE
EDGECOMBE, MEHRDAD EMSHA, MARTIN
ESCOBEDO, YOLANDA ESCOBEDO, ENRIQUETA
ESPINOSA, FELIPA ESPINOSA, FRANCISCO ESPINOSA,
JOSE ESPINOSA, DAVID ESTRADA, TY ETTERLEIN,
FATEMEH FADAKAR, DAVID FAULHABER, MICHELLE
FAVAZZO, ROGER FENSTERMACHER, LIZETTE
MILAN-FIEDLER, FUMIKO FISHER, RICHARD FOMIN,
LOURDES FONTZ, WAYNE FONTZ, ROGER FOSDICK,
SUSAN FRANCO, JAMES FRASER, JO ELLEN FRASER,
D'ANN FRIEND, MATTHEW FRIEND, PHILLIP GALERA,
BENJAMIN GAMEZ, JOSEFINA PEREZ GARCIA,

ANTHONY GOLDEN, JOSEPH GOMEZ, ANA GONZALEZ, ESTER GONZALEZ, OSCAR GONZALEZ, ROBERT GRAHAM, RONNIE GREEN, SUSANNA GREEN, GRETA GREGORIO, STEVEN GUMIENNY, BRIAN GURNEE, AHMAD HAKIMJAVADI, RICHARD HALE, JACK HALLEY, TRACEY HAMPTON, CHERISE HANSSON, STEVEN HARDIE, CINDY HARRISON, JOAN HENDERSON-BROWN, LESLIE HENDRICKS, RUSSEL HENDRICKS, CENOBIO HERNANDEZ, LEONARD HERNANDEZ, MODJULITA HERNANDEZ, ALFREDO HERRERA, LORENA HERRERA, MARIO HERRERA, BRETT HESKETT, RIZZA HESKETT, RAYMOND HILL, ARMANDO HINOJOSA, HEATH HODEL, SALVADOR HUIZAR, PATRICK HUNT, JOSEPH IGNACIO, REBECCA IGNACIO, CYNTHIA IRELAND, CLARENCE IRVING, EVELYN IRVING, MUHAMMAD ISLAM, GLEN JACKSON, HILLARY JACKSON, PAUL JACKSON, JESSE JOHNSON, NICHOLAS JONES, JEAN JOSEPH, MARIE JOSEPH, GUS KATSIKIDES, CASEY KAUER, JENNIFER KAUER, JOHN KEALY, KEVIN KEEHL, CARLEEN KELLER, DENNIS KEMP, GLORY KENNISON, LANCE KENNISON, BARBARA KIKUGAWA, CHRIS KIM, JAY KIM, LYNN KIMBERLY, LOUIS KLEIN, HARKRISHNAN KOCHAR, JASPAL KOCHAR, BRENT KOMOUROUS, DEAN KRAEMER, JOSHUA KREITZER, KATHRYN T. KREITZER, PETE KREUZER, MAZLINA LAI, STEPHANIE LANDEN, JENNIFER LANGLO, ASHLEY LARSEN, CHRISTIAN LARSEN, BRUCE LAWSON, TRAVIS LEAGE, LISA LEFEBVRE, RAYMOND LEFEBVRE, JACK LEFLER, JOELLA LEFLER, JACQUELYNN LEONARDO, CARMEN LINARES, LUIS LINARES, ED LIZARDO, LINDA LIZARDO, CHERYL LOCEY, LAUREN LOCEY, DANILO LUQUIAS, YOLINA LUQUIAS, JOHN MACIAS, LOUIS MAGES, PATRICIA MAGES, STEFAN MAHALEY, HEATHER MAHONEY, DENISE MANRIQUEZ, LAURIE MARINO, EDUARDO MARQUEZ, ELNORA MARSHALL, BRUNO MARTINEZ, FRANK MARTINEZ, MELANDO MARTINEZ, MIKE MARTINEZ, ELIZABETH MATSIK, CALVIN MATTHEWS, ELIZABETH MCCULLOUGH, SEAN MCDONALD, MARY MEDINA, DAVID MEDLIN, BRUCE MILLIGAN, RENE MINNAAR, RABIA MIR, MARIA MIRANDA, TOBY MOORE, LEONIDES MORALES, ERICA MORGERA, PETE MORGERA, BASHEER MURAD, CAAMIE MURAD, VALLIUR NADU, HIROSHI NAKAYAMA, YOLANDA NATIVIDAD, MARIA NAVARRO, OSCAR NAVARRO, ALAN NESS, SANDRA NESS, DIANA NEWSON, RALPH NEWSON, ANNA NGUYEN, MICHELLE NUNIES, JOHN OCAMPO, NOEL OLIVARES, ROMAN OLIVOS, MELISSA OWEN, MICHAEL OWEN, JOHN OXIDINE, JUAN PADILLA, MECIA PADILLA, JOSE PANTOJA, MARIA PANTOJA, ALAN PARSONS, CINDY PATELSKI, KAZIMIR PATELSKI, MARIA PELCASTRE, MARIO A. PERALTA, RICARDO PEREZ, JAMES PETERSON, VIRGINIA PETERSON, JOHN PHILLINGANE, CAROL POWERS,

DOUGLAS POWERS, ANNA MARIA PREZIO, REBECCA
QUICK, STEVEN QUICK, WILLIAM RABELLO,
NOOROLLAH RAHDAR, ELISEO RAMOS, ISRAEL
RAPURI, DINYAH REIN, NORMAN JAY REST, EDITHA
RESTAURO, DONALD REY, NANCY RILEY, BARBARA
ROBINSON, STEPHEN ROBINSON, ARTHUR
RODRIGUEZ, JOSE LUIS RODRIGUEZ, MARCIANO
RODRIGUEZ, ETHAN ROSS, VIRGINIA ROTRAMEL,
FLORENCE SABAGQUIT, JESSE SABAGQUIT,
GUILLERMO SANCHEZ, DERRICK SANDERS, CARL
SANKO, JOSEPH SANTOS, SIMON SARKISIAN, DAN
SCHWARTZ, BRANNON SCIANNA, MARCIA SCIANNA,
DEBBIE SCIORTINO, JOHN SCIORTINO, COURTNEY
SCOTT, CRANFORD SCOTT, SHEILA SCOTT, BRIAN
SEXSON, PETER SHELDON, SCOTT SHUBB, PAUL
SIBORO, JULIET SICSIC, BAYAANI SIMPLICIANO,
BALDEV SINGH, BALJIT SINGH, JOANNA SINGH,
ALICE SMITH, CHARLEY SMITH, MARK SMITH, NIDA
SMITH, WILLIE SMITH, MILTON SMITH II, JOANNE
SNYDER-DAVIDSON, DIEP SOMMERS, RICHARD
SORENSEN, HEMALATHA SOURI-PARSONS, ROBBIN
STITES, ALINA STROUP, GEORGE STROUP, SUZANNE
SUGGS, SHYAM SUNDER, SALLY SYMONS, GILDA
TAHMURESZADEH, ASHMELLEY THERVIL, KEVIN
THOMPSON, BOB TIDD, BETTY TIMBERS, SONIKA
TINKER-REIN, ANDREY TODOROV, ADNAN TORIAK,
ALMA TOWNSEND, GREG TOWNSEND, MARY JANE
TUMA, TIMOTHY TUMA, TONY TURTURICI, CINDY
VICKERY, WILLIAM VICKERY, ELIAS VIEYRA,
ENRIQUE VILLANUEVA, REBECCA VILLANUEVA,
NADIA VILLARREAL, CHRISTOPHER VILLARUZ,
LINDA H. VO, PATRICK VUONG, LAURA WALDHEIM,
MICHAEL WALDHEIM, JILL WALKER, KEVIN
WALKER, ZANE WALKER, GURMEET WARAICH,
HARJINDER WARAICH, MELISSA WARNER, STEPHEN
WAYNE, WALTER WEISS, EDNA WENNING, JAMIE
WETZEL, JIM WETZEL, TODD WIDENER, VERONICA
WIDENER, MELISSA WIDLUND, TIMOTHY WIDLUND,
CRAIG WILLIAMS, ANN WILSON, RICHARD WILSON,
EDWIN ALDANA, AUDRENE ANN ALENCASTRE-
ROBERTS, LEPHAS BAILEY, GURDAYAL BATNA,
KAMLESH BATNA, DARLENE BEEKS, JAMES BEEKS,
ANDRES BENAVIDEZ, EDWARD BOSTOCK, SUZAN
BRITTAN - BERGMAN, CARLA CALER, NORMAN
CALER, STEVEN CAMPANELLI, JOSE CAMPOS, MARIA
ANTONIA CANALES, GERARD CANNELLA, MELANIE
CANNELLA, LARRY CAPOTS, ANDRES CARDENAS -
BENAVIDEZ, BRIAN CARLSON, JON CARLSON,
KIMBERLY CARLSON, LUCY CARLSON, DAWN
CARMICHAEL, KIRK CARMICHAEL, JACQUELINE
CARROLL, JOSEPHINA CASELLON, SHAWN CASSIDY,
ANTONIO CHAVEZ, JOSE CHAVEZ, MARY CLOWNEY,
WILLIAM CLOWNEY, HUGH COLLINS, BRENDA
COPPER, DEAN COPPER, MARIA CRUZ, CHRISTINE
DAO, AVELINA DIZON, HONORIO DIZON, SANDRA
DUARTE, JOSE DUARTE LEMUS, ANA DUENAS,

STEVEN EHLERS, MICHELLE FAVAZZO, WILFREDO
FELICIANO, SALLY FIGUEIREDO, FELICIA FLORES,
CARLOS FLORES-CARRILLO, DIANE FORSMAN,
CORRINE FRAYSINETTE, ANTONIO FUENTES, MARIA
ELENA FUENTES, VICKI FURR, WAYNE FURR, OSCAR
GARCIA, ROBERT GREGG, MAGDALENA GUIZAR,
DARLENE N. HOLLOWAY, RALPH HOLLOWAY,
HARLEY HUNTER, JEAN HUNTER, GERDA HYPPOLITE,
JOSEPH IGNACIO, REBECCA IGNACIO, ROGER JAMES,
ARMANDO JIMENEZ, JAVIER JIMENEZ, SANDY
JIMENEZ, DIANE KEPLEY, RICHARD KEPLEY,
GLADYS KRANTZ, RICHARD KRANTZ, DEBORAH
LAMB, MANUEL LANDAVAZO, SHERRIE LANDOVASO,
THEIN LAM LE, KEN LEON, CONSUELO LOMBERA,
HILARIO LUCERO, ADELFO MACASA, LEONARDA
MACASA, JANET MARSHALL, JULIO MARTINS,
ROBERTO MEDINA, BRUCE MILLIGAN, BAHMAN
MIRSHAFIEE, FARAHNAZ MIRSHAFIEE, KIMBERLY
MITCHELL, WILLIAM MITCHELL, MARIA MOULES,
JOSE NARIO, STEVEN NEWTON, KAREN NIERHAKE,
CINDY OCHOA, DEANA OSEGUERA, JOSE OSEGUERA,
MANUEL CASTRO PALMA, ROMINA PAREDES, KEN
PARKER, DON PEDEN, SOCORRO PEREDA, IRVING
PHAN, LUZ RAMIREZ, SEYED RAZAVI, GERALD
ROBERTS, LISA RODRIGUEZ, JOSEPH R. RODRIGUEZ
JR., OFELIA ROMERO, JOE SALAZAR, REGINALD
SANTIAGO, MICHAEL SANTOS, YVONNE SANTOS,
GEORGE SEELEY, TERRY SHAFFER, CHERYL SHAW,
CHRISTINE SHIPMAN, JAMES SHIPMAN, ANABEL
SILVA, MARTIN SILVA, MIKE SMITH, JONNY MARIE
TORRES, JORGE TORRES, CHARLOTTE O. TUCKER,
WILLIAM TUCKER, THEREISI VILLARUZE, HUY VO,
DAVID WALLACE, VICTORIA WALLACE, KLAUDIA
WILCZKOWIAK, JAMES WRAY, LEROY ANDERSON,
ALEXANDER ARRORACI, RENEE BAYLIS, DENNIS
BULMER, RICHARD CARROLL, DORIS COBURN,
GEORGE COBURN, KC CRANDALL, KEITH DENSON,
SALLY FIGUEIREDO, CHERYL FORD, EDGART
GONZALEZ, STEVE KONG, JEFF LAVENDER, MARA
LAVENDER, ROBERT LEWIN, JAMES LOCKER,
AVELINO MARTINEZ, AIDA MEZA, JOSE MEZA,
VIRGEN MONDRAGON, WILLIAM OAKS, DOMINADOR
RAMOS, PETRONILLA RAMOS, ESME ROSS, ROBERT
ROSS, CHRISTINE SHIPMAN, JAMES SHIPMAN,
CHARLES TAM, RUBY TAM, RAYMOND TRAN,
ROBERTO VARGAS, RUTH VARGAS, RONALD
WILLIAMS and NASIR FAIZI,

Plaintiffs,

-against-

BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION, dba

BAC HOME LOANS SERVICING,
COUNTRYWIDE HOME LOANS, INC.,
JP MORGAN CHASE BANK, N.A., in its own capacity
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank; CHASE HOME FINANCE,
LLC, WELLS FARGO & COMPANY, WELLS FARGO
BANK, N.A., WACHOVIA BANK, CITIGROUP, INC.,
CITIBANK, N.A., U.S. BANCORP, U.S. BANK, N.A., U.S.
BANK TRUST COMPANY, NATIONAL ASSOCIATION,
U.S. BANK TRUST NATIONAL ASSOCIATION, ALLY
BANK, N.A., in its own capacity and as an acquirer of certain
assets and liabilities OF GMAC, GENERAL MOTORS
ACCEPTANCE CORPORATION, ONEWEST BANK, F.S.B.,
HSBC HOLDINGS, INC., AURORA BANK, F.S.B., OCWEN
FINANCIAL CORPORATION, DEUTSCHE BANK AG,
DEUTSCHE BANK NATIONAL TRUST COMPANY, EMC
CORPORATION, EMC MORTGAGE CORPORATION, PNC
BANK, N.A., ING GROUP, COUNTRYWIDE
ALTERNATIVE ASSET MANAGEMENT,
COUNTRYWIDE ALTERNATIVE INVESTMENTS,
COUNTRYWIDE CAPITAL I, COUNTRYWIDE
CAPITAL II, COUNTRYWIDE CAPITAL III,
COUNTRYWIDE CAPITAL IV,
COUNTRYWIDE CAPITAL V,
COUNTRYWIDE CAPITAL VI,
COUNTRYWIDE CAPITAL VII,
COUNTRYWIDE CAPITAL VIII,
COUNTRYWIDE CAPITAL IX,
COUNTRYWIDE CAPITAL MARKETS ASIA (HK)
LIMITED, COUNTRYWIDE CAPITAL MARKETS,
COUNTRYWIDE COMMERCIAL JPI LLC,
COUNTRYWIDE COMMERCIAL MORTGAGE
CAPITAL, COUNTRYWIDE COMMERCIAL REAL
ESTATE FINANCE, COUNTRYWIDE HILLCREST I,
COUNTRYWIDE INTERNATIONAL GP HOLDINGS,
COUNTRYWIDE MANAGEMENT CORPORATION,
COUNTRYWIDE MORTGAGE VENTURES, LLC,
COUNTRYWIDE INTERNATIONAL TECHNOLOGY
HOLDINGS LIMITED, COUNTRYWIDE WAREHOUSE
LENDING, CWABS II, INC., CWALT, INC., CYRUS
ACCESS, LTD.,
DIVERSIFIED ALPHA FUND (MASTER), LTD.,
HALCYON ACCESS, LTD., INDOPARK HOLDINGS,
LTD.,
INVESTMENTS 2234 PHILIPPINES FUND I (SPV-
AMC), INC., ML BANDERIA CAYMAN BRL INC.,
ML WHITBY LUXEMBOURG S.A.R.L.,
ZEUS RECOVERY FUND, S.A., J.P. MORGAN
MANSART INVESTMENTS, SAPOTORO COOPERATIEF
U.A., ONE EQUITY PARTNERS II, L.P., ONE EQUITY
PARTNERS III, L.P., ONE EQUITY PARTNERS IV, L.P.,
ONE EQUITY PARTNERS LLC, BEAR STEARNS
INTERNATIONAL FUNDING I S.A R.L., J.P. MORGAN
DUBLIN FINANCIAL HOLDINGS LIMITED, J.P.MORGAN
FINANCE JAPAN YK, J.P. MORGAN SERVICES INDIA
PRIVATE LIMITED, HENRY BATH BV, GAVEA

INVESTIMENTOS LTDA., J. P. MORGAN RESEARCH
TOTAL RETURN MASTER FUND LTD, JPMORGAN
DISTRESSED DEBT MASTER FUND LTD. , JPMORGAN
GREATER CHINA PROPERTY FUND CAYMAN SLP LP,
JPMORGAN ASSET MANAGEMENT HOLDINGS
(LUXEMBOURG) S.A R.L.,  JPMORGAN ASSET
MANAGEMENT LUXEMBOURG S.A., J.P. MORGAN
CHASE CUSTODY SERVICES, INC., ATACAMA
MULTIMERCADO - FUNDO DE INVESTIMENTO, J.P.
MORGAN S.A. DISTRIBUIDORA DE TITULOS E
VALORES MOBILIARIOS,  J.P. MORGAN BANK
LUXEMBOURG S.A., BANCO J.P. MORGAN S.A.,
INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN
GRUPO FINANCIERO, J.P. MORGAN INTERNATIONAL
HOLDINGS LIMITED, JPMORGAN CHASE BANK (CHINA)
COMPANY LIMITED CHINA, JPMORGAN PCA
HOLDINGS (MAURITIUS) I LIMITED,  DANUBE
HOLDINGS I C.V., DANUBE HOLDINGS III C.V.,
EUROPEAN CREDIT FUND SICAV II, EVERGREEN ECM
HOLDINGS B.V., GOLDEN FUNDING
COMPANY,  ISLAND FINANCE HOLDING COMPANY,
LLC, JORDAN INVESTMENTS LP UK, NORWEST
VENTURE PARTNERS FII SINGAPORE PRIVATE
LIMITED, NORWEST VENTURE PARTNERS FVCI
SINGAPORE PRIVATE LIMITED, NORWEST VENTURE
PARTNERS SINGAPORE PRIVATE LIMITED, NORWEST
VENTURE PARTNERS VI, LP, NORWEST VENTURE
PARTNERS VI-A, LP, NORWEST VENTURE PARTNERS
VII, LP, NORWEST VENTURE PARTNERS VII-A FII
MAURITIUS, NORWEST VENTURE PARTNERS VII-A
FVCI MAURITIUS, NORWEST VENTURE PARTNERS VII-
A MAURITIUS, OVERLAND RELATIVE VALUE FUND
LTD., OVERLAND RELATIVE VALUE MASTER FUND LP,
PARTNERSHIP INVESTMENTS S.A.R.L.,  CITIBANK
(CHINA) CO., LTD., CITIBANK DEL PERU S.A., CITIBANK
MAGHREB, BANCO CITIBANK DE GUATEMALA, S.A.,
BANCO CITIBANK S.A., CHELSEA PARTICIPACOES
SOCIETARIAS E INVESTIMENTOS LTDA., CITIBANK -
DISTRIBUIDORA DE TITULOS E VALORES
MOBILIARIOS S.A., CITIFINANCIAL PROMOTORA DE
NEGOCIOS & COBRANCA LTDA., CITIBANK
CORRETORA DE SEGUROS LTDA., BANCO CITICARD
S.A., BANK HANDLOWY W WARSZAWIE S.A., CITI
OVERSEAS INVESTMENTS BAHAMAS INC., CITIBANK
CARTOES PARTICIPACOES LTDA., CITIGROUP GLOBAL
MARKETS, CORPORATION & CO. BESCHRANKT
HAFTENDE KG, CITIGROUP GLOBAL MARKETS
DEUTSCHLAND AG, CITIBANK MEDIADOR, OPERADOR
DE BANCA - SEGUROS VINCULADO, SOCIEDAD
ANONIMA, CITIBANK HOLDINGS IRELAND LIMITED,
CITICORP CAPITAL PHILIPPINES, INC., CITICORP
FINANCE (INDIA) LIMITED, CITIGROUP ASIA PACIFIC
HOLDING CORPORATION, CITIGROUP HOLDING

(SINGAPORE) PRIVATE LIMITED, CITIBANK (HONG
KONG) LIMITED, CITIBANK BERHAD, CITIBANK
MALAYSIA (L) LIMITED, CITIGROUP NETHERLANDS
HOLDINGS B.V., LATIN AMERICAN INVESTMENT BANK
BAHAMAS LIMITED, ZAO CITIBANK, CITIGROUP
GLOBAL MARKETS LUXEMBOURG, CITIGROUP
GLOBAL MARKETS, HOLDINGS LIMITED, CITIGROUP
GLOBAL MARKETS, HOLDINGS PTE. LTD., CITIGROUP
GLOBAL MARKETS, SINGAPORE PTE. LTD., CITIGROUP
GLOBAL MARKETS INDIA PRIVATE LIMITED,
CITIGROUP GLOBAL MARKETS COMMERCIAL CORP.,
COHM OVERSEAS MEXICO HOLDING, S. DE R.L. DE
C.V., ELAVON DO BRASIL SOLUCOES DE PAGAMENTO
S.A., ELAVON EUROPEAN HOLDINGS B.V., ELAVON
EUROPEAN HOLDINGS C.V., ELAVON FINANCIAL
SERVICES LIMITED, USB NETHERLANDS B.V., USB
REALTY CORP., USB TRADE SERVICES LIMITED,
ELAVON MERCHANT SERVICES MEXICO, S. DE R.L. DE
C.V., ELAVON MEXICO HOLDING COMPANY, S.A. DE
C.V., ELAVON OPERATIONS COMPANY, S. DE R.I. DE
C.V., ELAVON PUERTO RICO, INC., ELAVON SERVICES
COMPANY, S. DE R.I. DE C.V.,  GMAC HOLDINGS GMBH,
GMAC GERMANY GMBH & CO. KG, GMAC BANK
GMBH, GMAC HOLDINGS U.K. LIMITED, GMAC UK PLC,
GMAC INTERNATIONAL HOLDINGS B.V., ALLY CREDIT
CANADA LIMITED, GMAC INTERNATIONAL FINANCE
B.V., ABA SEGUROS, S.A. DE C.V., ALLY
INTERNATIONAL INSURANCE COMPANY, LTD., GMAC
CYPRESS HOLDINGS LIMITED,  BANCO GMAC S.A.,
RESMOR CAPITAL CORPORATION, RESMOR TRUST
COMPANY,  and  DOES 2 through 1000, inclusive, said
names being fictitious, it being the intention of the Plaintiffs to
designate any and all entities involved in the acts of malfeasance
alleged herein, the true names of the fictitious Defendants are
otherwise unknown at the present time and will be supplemented
by amendment when ascertained,

                    Defendants.

------------------------------------------------------------------------------X

To the above-named defendants:

You are hereby summoned and required to serve upon Plaintiffs' attorney an answer to the
complaint in this action within twenty (20) days after the service of this summons, exclusive of
the day of service, or within thirty (30) days after service is complete if this summons is not
personally delivered to you within the State of New York. In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Kings County since one of the Plaintiffs resided at all times
relevant hereto, and still resides, in Kings County.

Dated:          April 18, 2012
                Staten Island, New York


                                    Respectfully submitted,


                                    Nicholas M. Moccia
                                    Law Office of Nicholas M. Moccia, P.C.
                                    *Of Counsel to James N. Fiedler &*
                                    *Associates, Attorneys' for Plaintiffs*
                                    45 Page Avenue
                                    Staten Island New York 10309
                                    (718) 701-5772

                                    14942 Gault Street
                                    Van Nuys, California 91405
                                    (818) 782-2189

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

--------------------------------------------------------------------X

| | |
|---|---|
| DEBORAH ABEEL, RICK ADAMS, ROBERT AKASHI, JIMMY ALAURIA, DEBBIE EDITH ALEGRIA, IZAIDA ALTAMIRANO, ROBERTA ALVAREZ, PATRICIA ALVERT, FATIMA APONTE, MANUEL ARECHIGA JR, SCOTT ARMSTRONG, LAURA AUPPERLE, JOSE P. AYALA, ALEX BACARON, WILLIAM BARBER, PHILIP BARR, FRANCISCO BARRIOS, TOM BEINAR, ANDREW BELCHER, MIRTHA BERNES, NASSAR BEY, MARK BLANCO, JOHN BOBEK, ELINOR BOZZONE, LAWRENCE BRACCO, NATHAN BREHM, KIM BRIDGES, MIKE BRIGGS, ERENSTINE BRINKLEY, VICKIE BROCK, DEXTER BROWN, DIANE BROWN, LINDA BURGER, BONNIE BUTTERWORTH, JESSICA CABASAL, CARLA CALER, PAUL CAMPAGNA, HARRY CAMPBELL, IRENE CARDENAS, MARIA CARINO, JON CARLSON, DINORAH CARMENATE, JUAN CARRILLO, JAQUELINE CARROLL, JOSE Z. CASTRO, PAUL CATER, ELOY CERTEZA, GEOFFREY CHARLTON, MARK CHASTEEN, VIPIN CHATURVEDI, RAQUEL CHAVEZ, RITO CHAVEZ, ANTONIO CHAVEZ, KEVIN CHEEK, WILLIAM CHIN, MEHRDAD CHITSAZ, HECTOR CIBRIAN, RENATA CIRCEO, ELIZABETH CLAMPET, STEPHEN CLARKE, CHRISTOPHER COCKRELL, DANIELLE COCKRELL, GEOFFREY COCKRELL, LUISE COHEN, OLGA L. COLLAZO, ROLANDO COLLAZO, ARTEMIO CONCEPCION, KAT CONWAY, RUTH CORONA, LUIS COSIO, PATRICIA CRESPO, MARGO CRUZ, MARIA CRUZ, OCTAVIO CRUZ, WILLIAM CUBIAS, JOSE CUESTA, DONNA DALTON, MARIA DE LA PAZ JIMENEZ, LOURDES RUIZ DE LA TORRE, CELON D. DENNIS, DOUGLAS DENT, CHRISTIAN DIAZ, MARTHA DIAZ, NICHOLAS DIETEL, JEFFREY DIXON, IRA DORFMAN, PATRICIA DOWLING, DANIEL DWYER, JAMES EBLEN, GLEN ENG, PATRICIA ESPINOSA, ALICIA FAJARDO, CLOVIS FEARON, ALBERTINA FIGUEROA, ROBERTO FIGUEROA, JOSEPH FITZGERALD, CAROL FLEMMING, COREY FLINN, LEONARDO FLORES, ALAN FOGELSTROM, NORMA FOGELSTROM, DONNA FOOTE, JULIE FRALEY, DENNIS FROST, CHRISTOPHE FRUCTUS, SUSAN GALLAGHER, LIDIA GARCIA, SIMONA GARCIA, JOE GARCIA, TRACI GEHM, PHILLIP GENOVESE, BARBARA GIBBS, JAMES GILBERT, BRADLEY GIPOLAN, DENNIS GLEASON, TOMMY GLOVER, CARLOS GONZALES, MARIA GONZALES, NELSON A. GONZALEZ, NELSON J. GONZALEZ, CHRISTOPHER GROSSMAN, DIANE GRUBIC, WALTER GRUBIC, NESTOR GUILLEN, WILLIAM GUTIERREZ, ENRIQUE GUZMAN, MAGA GUZMAN, MARIA GUZMAN, ALLISON HANSON, JOHN HANSON, THOMAS HERBST, JORGE L. HERNANDEZ, MARCELLA HERNANDEZ, | Index No.<br><br>**COMPLAINT** |

MIGUEL HERNANDEZ, DAVID HERRON, SESSING
HEWITT, LISA HIGGENS, NANCY HOLCOMBE,
VIRGINIA HOSKING, VINCE HUBBARD, KELVIN
HURDLE, MICHELLE HURTADO, ART ITURBE,
ATHENA JACKSON, MARIA DE LA PAZ JIMENEZ,
HARLENE JOHNSON, PORTIA JOSEPH, JEROME
KAMINS, JENNIFER KAUER, DAN KLEIN, NANCY
KRANTZ, MORGAN LAWLEY, BOBBIE LEONARD,
MARK C. LILLY, MIROSLAVA LITTERDRAGT,
DOUGLAS LIZARDI, DINORAH LLANES, ROSALINDA
LOCKHART, THOMAS LOCKHART, ALAN LOCKLEAR,
MARIA DOLORES LOMBERA, MOISES LOPEZ, ANGEL
LOPEZ, MOISES LOPEZ, DELORES LUCAS, BURT
LUND, MAE LUND, ALEJANDRO LUZARDO, RONNIE
LYLES, BRYAN LYNCH, JOSEPH K LYONS, BRUCE
MACBRIDE, ANITA MACHADO, TANYA MACHADO,
STELLA MARKLEY, TERESA MARQUEZ, LUIS
MARTINEZ, PATRICK MARTINEZ, CHARLOTTE
MCARDLE, SAOVANNI MEAS, DANIEL MELENDEZ,
GLORIA MELO, MARGARITA MILAM, MARIE MILLER,
AARON MIR, ARLYN MIR, JASON MOEDING,
VERONICA MONTERRUBIO, ERIK MUMFORD,
ANTONIO MUNOZ, CARMEN MUNOZ, CINDY
MURRILLO, JUAN CARLOS MURRILLO, JOE NAVARRO,
CRISTINA NAVARRO, MICAH NEELY, RICHARD
NEELY, JONIQUE GARCIA, ERNESTO NEPOMUCENO,
CATHERINE NUTT, SENEN OCHOA, TALIA OLIVERA,
CHRISTINA ORNELAS, KAROL OUSLEY, FRANK
PACHECO, ARMANDO PADILLA, ANGELA PARADA,
RUBEN PARRA, EUGENE PATERRA, ALTINA PATRICK,
ROLAND PERKINS, RAUL PERNETT, MICHAEL
PHILLIPS, LESLIE POLLACK, THOMAS POUPARD,
CARTER POWELL, MERY QUINTANA, MERLE RAGAN,
DANIEL RAMIREZ, FRANCISCO RAMIREZ, ANGELICA
RAMIREZ, KAIVALYA RAWAL, JOE REID, SILVIA
RENDON, JOSE REYES, MICHAEL RICCIARDI,
MARJORIE RICHARDSON, DAVE RICHMAN, CONNIE
RICOTTA, EDDIE RIVERA, GARY ROBERTS,
HERMELINDO ROCHA - VARGAS, GUIDO RODRIGUEZ,
MARTHA RODRIGUEZ, NANCY P. RODRIGUEZ, PAUL
RODRIGUEZ, ENRIQUE ROMERO, MICHAEL ROMERO,
SHERRIE SAFKO, LILY SALAS, GUADALUPE SANCHEZ,
HILDA SANCHEZ, JAIME SANCHEZ, ROGER SANCHEZ,
ANTONIO SANCHEZ, HECTOR SANCHEZ, MARIA
SANCHEZ, SUSAN SANDERS, RUBEN SANTIAGO, JOSE
SAUCEDO, VICKIE SCHETRITT, ROBERT
SCHMALFELDT, JOSE ALFREDO SEGOVIA, SHERYL
SEIM-MONTOYA, ARVIN SERRANO, MARGARITA
SHEA, KENNETH SIMONSEN, CHARLES SMITH,
CRAYTON SMITH, ROBERT SMITH, ZENAIDA SMITH,
JAMES SNYDER, VALORIE SNYDER, ILIANA
SORENSEN, ROSARIO MARIA SOTO, DAVID STARKEY,
DEL STAUDINGER, ANDREW STOLZ, PAUL
STROHECKER, RICHARD STRUNK, LIDIA TAPIA,
DELANE TARRA, MANUEL TAVARES, MARIA
TAVARES, ROBERT TAYLOR, JOHN TEDESCO, EVA

THIELK, JOSA TIRADO, MAILIN TOMLINSON, TONY
TRUJILLO, JODI TUFT, JEFF TURNER, MALCOLM
TURNER, RITA UCHEKA, HUGO URRIBARRI, MITCH
VAN MECHELEN, HERMELINDO VARGAS, THEREISI
VILLARUZ, DONALD VITAK II, MARGUERITE VITA-
MATUZOLA, GARY WAGGY, CARROLL WALTERS,
ARTHUR WEAVER JR., TRACY WEBER, KENNETH
WEINER, GUNTER WEISSMANN, CLINT WEST, NIKKI
WHITE, ACHINI WHITE, MICHAEL WIEDERHOLD,
GEORGE WILCOX, PAUL WILDER, DEBRA WILSON,
JON WITHROW, PETER WRIGHT, PHILIP WRIGHT,
JAMES YOCUM, ALEX ZAETS, LUIS ZAVALA, GEORGE
K. ZINK, REBECCA ABAD, THOMAS ADLER, BIBIAN
AFABLE, MICHAEL AKIN, SUREN ALAVERDYAN,
DORA ALDRETE, KARL AMRINE, ELMER ANDERSON,
ERIC ANDERSON, PAMELA ANDERSON, SABRINA
ANDERSON, DONALD ANDREWS, DAVID APPEL,
OLGA ARANIVA, ANTONIO ARCINAS, ROBERT
ARRINGTON, EWY AXELSSON, JOHN BAHURA,
GLORIA BAILEY, IRMA BAKER-PARRA, BRUCE
BARMAKIAN, RODRICK BARNETT, KEVIN BATMAN,
LORI BATMAN, DAVID BEAUBIEN, MARILYN
BEAUBIEN, AMANDA BENNETT, GEORGE BENNETT,
ANNETTE BERRY, ROBERT BERRY, ALVIN BLAKE,
TAWANA BLAKE, CAROLE BOOTH, JOHN BOOTH,
ARACELI BOWMAN, BILLY BOWMAN, PATRICK
PAYGAR BOYD, BARRY BOZARTH, ARNOLD
BRIGMAN, DEBORAH BRIGMAN, VALERY BUBELA,
BONNIE BUCKLEY, TOBY BUTTERWORTH, NELIDA
CAMPOS, JERRY CANADAY, MARIAN CANADY
MEIXNER, GEORGE CASTRO, FRANCIS CELO, CARLOS
CERVANTES, ROSE CHANG, JOHN CHARLSON,
KATHERINE CHARLSON, DANIEL CHAVEZ, JOSEPH
CHAVOEN, JOSEPH CINA, GRANT CLARK, SONIA
CLARK, HUGH COLLINS, SEAN COMBS, ARTURO
CONCHA, CHERIE COOK, DENISE COOK, RANDALL
COOK, BENJAMIN CORONA, DIONICO CORTEZ,
BERTHA CREVOLIN, RONNIE CREVOLIN, MATTHEW
CROSBIE, CARY CRUZ, ROSEMARY CRUZ, HOUSTON
CURTIS, ERIC CUTLER, CHARLES DANIELS,
CHRISTINA DANIELS, RICARDO DAVALOS, CURTIS
DAVIDSON, TROY DAVIS, SARGIS DAVODDANIEL,
DON DECKER, TAMMY DECKER, PAZ DIAZ, OLIC
DUNNING III, DAVID EBADAT, HOTOSA
EBRAHIMZADEH, KENNETH EDGECOMBE, NICOLE
EDGECOMBE, MEHRDAD EMSHA, MARTIN
ESCOBEDO, YOLANDA ESCOBEDO, ENRIQUETA
ESPINOSA, FELIPA ESPINOSA, FRANCISCO ESPINOSA,
JOSE ESPINOSA, DAVID ESTRADA, TY ETTERLEIN,
FATEMEH FADAKAR, DAVID FAULHABER, MICHELLE
FAVAZZO, ROGER FENSTERMACHER, LIZETTE
MILAN-FIEDLER, FUMIKO FISHER, RICHARD FOMIN,
LOURDES FONTZ, WAYNE FONTZ, ROGER FOSDICK,
SUSAN FRANCO, JAMES FRASER, JO ELLEN FRASER,
D'ANN FRIEND, MATTHEW FRIEND, PHILLIP GALERA,
BENJAMIN GAMEZ, JOSEFINA PEREZ GARCIA,

ANTHONY GOLDEN, JOSEPH GOMEZ, ANA GONZALEZ, ESTER GONZALEZ, OSCAR GONZALEZ, ROBERT GRAHAM, RONNIE GREEN, SUSANNA GREEN, GRETA GREGORIO, STEVEN GUMIENNY, BRIAN GURNEE, AHMAD HAKIMJAVADI, RICHARD HALE, JACK HALLEY, TRACEY HAMPTON, CHERISE HANSSON, STEVEN HARDIE, CINDY HARRISON, JOAN HENDERSON-BROWN, LESLIE HENDRICKS, RUSSEL HENDRICKS, CENOBIO HERNANDEZ, LEONARD HERNANDEZ, MODJULITA HERNANDEZ, ALFREDO HERRERA, LORENA HERRERA, MARIO HERRERA, BRETT HESKETT, RIZZA HESKETT, RAYMOND HILL, ARMANDO HINOJOSA, HEATH HODEL, SALVADOR HUIZAR, PATRICK HUNT, JOSEPH IGNACIO, REBECCA IGNACIO, CYNTHIA IRELAND, CLARENCE IRVING, EVELYN IRVING, MUHAMMAD ISLAM, GLEN JACKSON, HILLARY JACKSON, PAUL JACKSON, JESSE JOHNSON, NICHOLAS JONES, JEAN JOSEPH, MARIE JOSEPH, GUS KATSIKIDES, CASEY KAUER, JENNIFER KAUER, JOHN KEALY, KEVIN KEEHL, CARLEEN KELLER, DENNIS KEMP, GLORY KENNISON, LANCE KENNISON, BARBARA KIKUGAWA, CHRIS KIM, JAY KIM, LYNN KIMBERLY, LOUIS KLEIN, HARKRISHNAN KOCHAR, JASPAL KOCHAR, BRENT KOMOUROUS, DEAN KRAEMER, JOSHUA KREITZER, KATHRYN T. KREITZER, PETE KREUZER, MAZLINA LAI, STEPHANIE LANDEN, JENNIFER LANGLO, ASHLEY LARSEN, CHRISTIAN LARSEN, BRUCE LAWSON, TRAVIS LEAGE, LISA LEFEBVRE, RAYMOND LEFEBVRE, JACK LEFLER, JOELLA LEFLER, JACQUELYNN LEONARDO, CARMEN LINARES, LUIS LINARES, ED LIZARDO, LINDA LIZARDO, CHERYL LOCEY, LAUREN LOCEY, DANILO LUQUIAS, YOLINA LUQUIAS, JOHN MACIAS, LOUIS MAGES, PATRICIA MAGES, STEFAN MAHALEY, HEATHER MAHONEY, DENISE MANRIQUEZ, LAURIE MARINO, EDUARDO MARQUEZ, ELNORA MARSHALL, BRUNO MARTINEZ, FRANK MARTINEZ, MELANDO MARTINEZ, MIKE MARTINEZ, ELIZABETH MATSIK, CALVIN MATTHEWS, ELIZABETH MCCULLOUGH, SEAN MCDONALD, MARY MEDINA, DAVID MEDLIN, BRUCE MILLIGAN, RENE MINNAAR, RABIA MIR, MARIA MIRANDA, TOBY MOORE, LEONIDES MORALES, ERICA MORGERA, PETE MORGERA, BASHEER MURAD, CAAMIE MURAD, VALLIUR NADU, HIROSHI NAKAYAMA, YOLANDA NATIVIDAD, MARIA NAVARRO, OSCAR NAVARRO, ALAN NESS, SANDRA NESS, DIANA NEWSON, RALPH NEWSON, ANNA NGUYEN, MICHELLE NUNIES, JOHN OCAMPO, NOEL OLIVARES, ROMAN OLIVOS, MELISSA OWEN, MICHAEL OWEN, JOHN OXIDINE, JUAN PADILLA, MECIA PADILLA, JOSE PANTOJA, MARIA PANTOJA, ALAN PARSONS, CINDY PATELSKI, KAZIMIR PATELSKI, MARIA PELCASTRE, MARIO A. PERALTA, RICARDO PEREZ, JAMES PETERSON, VIRGINIA PETERSON, JOHN PHILLINGANE, CAROL POWERS,

DOUGLAS POWERS, ANNA MARIA PREZIO, REBECCA
QUICK, STEVEN QUICK, WILLIAM RABELLO,
NOOROLLAH RAHDAR, ELISEO RAMOS, ISRAEL
RAPURI, DINYAH REIN, NORMAN JAY REST, EDITHA
RESTAURO, DONALD REY, NANCY RILEY, BARBARA
ROBINSON, STEPHEN ROBINSON, ARTHUR
RODRIGUEZ, JOSE LUIS RODRIGUEZ, MARCIANO
RODRIGUEZ, ETHAN ROSS, VIRGINIA ROTRAMEL,
FLORENCE SABAGQUIT, JESSE SABAGQUIT,
GUILLERMO SANCHEZ, DERRICK SANDERS, CARL
SANKO, JOSEPH SANTOS, SIMON SARKISIAN, DAN
SCHWARTZ, BRANNON SCIANNA, MARCIA SCIANNA,
DEBBIE SCIORTINO, JOHN SCIORTINO, COURTNEY
SCOTT, CRANFORD SCOTT, SHEILA SCOTT, BRIAN
SEXSON, PETER SHELDON, SCOTT SHUBB, PAUL
SIBORO, JULIET SICSIC, BAYAANI SIMPLICIANO,
BALDEV SINGH, BALJIT SINGH, JOANNA SINGH,
ALICE SMITH, CHARLEY SMITH, MARK SMITH, NIDA
SMITH, WILLIE SMITH, MILTON SMITH II, JOANNE
SNYDER-DAVIDSON, DIEP SOMMERS, RICHARD
SORENSEN, HEMALATHA SOURI-PARSONS, ROBBIN
STITES, ALINA STROUP, GEORGE STROUP, SUZANNE
SUGGS, SHYAM SUNDER, SALLY SYMONS, GILDA
TAHMURESZADEH, ASHMELLEY THERVIL, KEVIN
THOMPSON, BOB TIDD, BETTY TIMBERS, SONIKA
TINKER-REIN, ANDREY TODOROV, ADNAN TORIAK,
ALMA TOWNSEND, GREG TOWNSEND, MARY JANE
TUMA, TIMOTHY TUMA, TONY TURTURICI, CINDY
VICKERY, WILLIAM VICKERY, ELIAS VIEYRA,
ENRIQUE VILLANUEVA, REBECCA VILLANUEVA,
NADIA VILLARREAL, CHRISTOPHER VILLARUZ,
LINDA H. VO, PATRICK VUONG, LAURA WALDHEIM,
MICHAEL WALDHEIM, JILL WALKER, KEVIN
WALKER, ZANE WALKER, GURMEET WARAICH,
HARJINDER WARAICH, MELISSA WARNER, STEPHEN
WAYNE, WALTER WEISS, EDNA WENNING, JAMIE
WETZEL, JIM WETZEL, TODD WIDENER, VERONICA
WIDENER, MELISSA WIDLUND, TIMOTHY WIDLUND,
CRAIG WILLIAMS, ANN WILSON, RICHARD WILSON,
EDWIN ALDANA, AUDRENE ANN ALENCASTRE-
ROBERTS, LEPHAS BAILEY, GURDAYAL BATNA,
KAMLESH BATNA, DARLENE BEEKS, JAMES BEEKS,
ANDRES BENAVIDEZ, EDWARD BOSTOCK, SUZAN
BRITTAN - BERGMAN, CARLA CALER, NORMAN
CALER, STEVEN CAMPANELLI, JOSE CAMPOS, MARIA
ANTONIA CANALES, GERARD CANNELLA, MELANIE
CANNELLA, LARRY CAPOTS, ANDRES CARDENAS -
BENAVIDEZ, BRIAN CARLSON, JON CARLSON,
KIMBERLY CARLSON, LUCY CARLSON, DAWN
CARMICHAEL, KIRK CARMICHAEL, JACQUELINE
CARROLL, JOSEPHINA CASELLON, SHAWN CASSIDY,
ANTONIO CHAVEZ, JOSE CHAVEZ, MARY CLOWNEY,
WILLIAM CLOWNEY, HUGH COLLINS, BRENDA
COPPER, DEAN COPPER, MARIA CRUZ, CHRISTINE
DAO, AVELINA DIZON, HONORIO DIZON, SANDRA
DUARTE, JOSE DUARTE LEMUS, ANA DUENAS,

STEVEN EHLERS, MICHELLE FAVAZZO, WILFREDO
FELICIANO, SALLY FIGUEIREDO, FELICIA FLORES,
CARLOS FLORES-CARRILLO, DIANE FORSMAN,
CORRINE FRAYSINETTE, ANTONIO FUENTES, MARIA
ELENA FUENTES, VICKI FURR, WAYNE FURR, OSCAR
GARCIA, ROBERT GREGG, MAGDALENA GUIZAR,
DARLENE N. HOLLOWAY, RALPH HOLLOWAY,
HARLEY HUNTER, JEAN HUNTER, GERDA HYPPOLITE,
JOSEPH IGNACIO, REBECCA IGNACIO, ROGER JAMES,
ARMANDO JIMENEZ, JAVIER JIMENEZ, SANDY
JIMENEZ, DIANE KEPLEY, RICHARD KEPLEY,
GLADYS KRANTZ, RICHARD KRANTZ, DEBORAH
LAMB, MANUEL LANDAVAZO, SHERRIE LANDOVASO,
THEIN LAM LE, KEN LEON, CONSUELO LOMBERA,
HILARIO LUCERO, ADELFO MACASA, LEONARDA
MACASA, JANET MARSHALL, JULIO MARTINS,
ROBERTO MEDINA, BRUCE MILLIGAN, BAHMAN
MIRSHAFIEE, FARAHNAZ MIRSHAFIEE, KIMBERLY
MITCHELL, WILLIAM MITCHELL, MARIA MOULES,
JOSE NARIO, STEVEN NEWTON, KAREN NIERHAKE,
CINDY OCHOA, DEANA OSEGUERA, JOSE OSEGUERA,
MANUEL CASTRO PALMA, ROMINA PAREDES, KEN
PARKER, DON PEDEN, SOCORRO PEREDA, IRVING
PHAN, LUZ RAMIREZ, SEYED RAZAVI, GERALD
ROBERTS, LISA RODRIGUEZ, JOSEPH R. RODRIGUEZ
JR., OFELIA ROMERO, JOE SALAZAR, REGINALD
SANTIAGO, MICHAEL SANTOS, YVONNE SANTOS,
GEORGE SEELEY, TERRY SHAFFER, CHERYL SHAW,
CHRISTINE SHIPMAN, JAMES SHIPMAN, ANABEL
SILVA, MARTIN SILVA, MIKE SMITH, JONNY MARIE
TORRES, JORGE TORRES, CHARLOTTE O. TUCKER,
WILLIAM TUCKER, THEREISI VILLARUZE, HUY VO,
DAVID WALLACE, VICTORIA WALLACE, KLAUDIA
WILCZKOWIAK, JAMES WRAY, LEROY ANDERSON,
ALEXANDER ARRORACI, RENEE BAYLIS, DENNIS
BULMER, RICHARD CARROLL, DORIS COBURN,
GEORGE COBURN, KC CRANDALL, KEITH DENSON,
SALLY FIGUEIREDO, CHERYL FORD, EDGART
GONZALEZ, STEVE KONG, JEFF LAVENDER, MARA
LAVENDER, ROBERT LEWIN, JAMES LOCKER,
AVELINO MARTINEZ, AIDA MEZA, JOSE MEZA,
VIRGEN MONDRAGON, WILLIAM OAKS, DOMINADOR
RAMOS, PETRONILLA RAMOS, ESME ROSS, ROBERT
ROSS, CHRISTINE SHIPMAN, JAMES SHIPMAN,
CHARLES TAM, RUBY TAM, RAYMOND TRAN,
ROBERTO VARGAS, RUTH VARGAS, RONALD
WILLIAMS, and NASIR FAIZI,

Plaintiffs,

-against-

BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION, dba

BAC HOME LOANS SERVICING,
COUNTRYWIDE HOME LOANS, INC.,
JP MORGAN CHASE BANK, N.A., in its own capacity
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank; CHASE HOME FINANCE,
LLC, WELLS FARGO & COMPANY,  WELLS FARGO
BANK, N.A., WACHOVIA BANK, CITIGROUP, INC.,
CITIBANK, N.A., U.S. BANCORP, U.S. BANK, N.A., U.S.
BANK TRUST COMPANY, NATIONAL ASSOCIATION,
U.S. BANK TRUST NATIONAL ASSOCIATION, ALLY
BANK, N.A., in its own capacity and as an acquirer of certain
assets and liabilities OF GMAC, GENERAL MOTORS
ACCEPTANCE CORPORATION, ONEWEST BANK, F.S.B.,
HSBC HOLDINGS, INC., AURORA BANK, F.S.B., OCWEN
FINANCIAL CORPORATION, DEUTSCHE BANK AG,
DEUTSCHE BANK NATIONAL TRUST COMPANY, EMC
CORPORATION, EMC MORTGAGE CORPORATION, PNC
BANK, N.A., ING GROUP, COUNTRYWIDE
ALTERNATIVE ASSET MANAGEMENT,
COUNTRYWIDE ALTERNATIVE INVESTMENTS,
COUNTRYWIDE CAPITAL I, COUNTRYWIDE
CAPITAL II, COUNTRYWIDE CAPITAL III,
COUNTRYWIDE CAPITAL IV,
COUNTRYWIDE CAPITAL V,
COUNTRYWIDE CAPITAL VI,
COUNTRYWIDE CAPITAL VII,
COUNTRYWIDE CAPITAL VIII,
COUNTRYWIDE CAPITAL IX,
COUNTRYWIDE CAPITAL MARKETS ASIA (HK)
LIMITED, COUNTRYWIDE CAPITAL MARKETS,
COUNTRYWIDE COMMERCIAL JPI LLC,
COUNTRYWIDE COMMERCIAL MORTGAGE
CAPITAL, COUNTRYWIDE COMMERCIAL REAL
ESTATE FINANCE, COUNTRYWIDE HILLCREST I,
COUNTRYWIDE INTERNATIONAL GP HOLDINGS,
COUNTRYWIDE MANAGEMENT CORPORATION,
COUNTRYWIDE MORTGAGE VENTURES, LLC,
COUNTRYWIDE INTERNATIONAL TECHNOLOGY
HOLDINGS LIMITED, COUNTRYWIDE WAREHOUSE
LENDING, CWABS II, INC., CWALT, INC., CYRUS
ACCESS, LTD.,
DIVERSIFIED ALPHA FUND (MASTER), LTD.,
HALCYON ACCESS, LTD., INDOPARK HOLDINGS,
LTD.,
INVESTMENTS 2234 PHILIPPINES FUND I (SPV-
AMC), INC., ML BANDERIA CAYMAN BRL INC.,
ML WHITBY LUXEMBOURG S.A.R.L.,
ZEUS RECOVERY FUND, S.A., J.P. MORGAN
MANSART INVESTMENTS, SAPOTORO COOPERATIEF
U.A., ONE EQUITY PARTNERS II, L.P., ONE EQUITY
PARTNERS III, L.P., ONE EQUITY PARTNERS IV, L.P.,
ONE EQUITY PARTNERS LLC, BEAR STEARNS
INTERNATIONAL FUNDING I S.A R.L., J.P. MORGAN
DUBLIN FINANCIAL HOLDINGS LIMITED, J.P.MORGAN
FINANCE JAPAN YK, J.P. MORGAN SERVICES INDIA

PRIVATE LIMITED, HENRY BATH BV, GAVEA
INVESTIMENTOS LTDA., J. P. MORGAN RESEARCH
TOTAL RETURN MASTER FUND LTD, JPMORGAN
DISTRESSED DEBT MASTER FUND LTD. , JPMORGAN
GREATER CHINA PROPERTY FUND CAYMAN SLP LP,
JPMORGAN ASSET MANAGEMENT HOLDINGS
(LUXEMBOURG) S.A R.L.,  JPMORGAN ASSET
MANAGEMENT LUXEMBOURG S.A., J.P. MORGAN
CHASE CUSTODY SERVICES, INC., ATACAMA
MULTIMERCADO - FUNDO DE INVESTIMENTO, J.P.
MORGAN S.A. DISTRIBUIDORA DE TITULOS E
VALORES MOBILIARIOS,  J.P. MORGAN BANK
LUXEMBOURG S.A., BANCO J.P. MORGAN S.A.,
INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN
GRUPO FINANCIERO, J.P. MORGAN INTERNATIONAL
HOLDINGS LIMITED, JPMORGAN CHASE BANK (CHINA)
COMPANY LIMITED CHINA, JPMORGAN PCA
HOLDINGS (MAURITIUS) I LIMITED,  DANUBE
HOLDINGS I C.V., DANUBE HOLDINGS III C.V.,
EUROPEAN CREDIT FUND SICAV II, EVERGREEN ECM
HOLDINGS B.V., GOLDEN FUNDING
COMPANY,  ISLAND FINANCE HOLDING COMPANY,
LLC, JORDAN INVESTMENTS LP UK, NORWEST
VENTURE PARTNERS FII SINGAPORE PRIVATE
LIMITED, NORWEST VENTURE PARTNERS FVCI
SINGAPORE PRIVATE LIMITED, NORWEST VENTURE
PARTNERS SINGAPORE PRIVATE LIMITED, NORWEST
VENTURE PARTNERS VI, LP, NORWEST VENTURE
PARTNERS VI-A, LP, NORWEST VENTURE PARTNERS
VII, LP, NORWEST VENTURE PARTNERS VII-A FII
MAURITIUS, NORWEST VENTURE PARTNERS VII-A
FVCI MAURITIUS, NORWEST VENTURE PARTNERS VII-
A MAURITIUS, OVERLAND RELATIVE VALUE FUND
LTD., OVERLAND RELATIVE VALUE MASTER FUND LP,
PARTNERSHIP INVESTMENTS S.A.R.L.,  CITIBANK
(CHINA) CO., LTD., CITIBANK DEL PERU S.A., CITIBANK
MAGHREB, BANCO CITIBANK DE GUATEMALA, S.A.,
BANCO CITIBANK S.A., CHELSEA PARTICIPACOES
SOCIETARIAS E INVESTIMENTOS LTDA., CITIBANK -
DISTRIBUIDORA DE TITULOS E VALORES
MOBILIARIOS S.A., CITIFINANCIAL PROMOTORA DE
NEGOCIOS & COBRANCA LTDA., CITIBANK
CORRETORA DE SEGUROS LTDA., BANCO CITICARD
S.A., BANK HANDLOWY W WARSZAWIE S.A., CITI
OVERSEAS INVESTMENTS BAHAMAS INC., CITIBANK
CARTOES PARTICIPACOES LTDA., CITIGROUP GLOBAL

MARKETS, CORPORATION & CO. BESCHRANKT
HAFTENDE KG, CITIGROUP GLOBAL MARKETS
DEUTSCHLAND AG, CITIBANK MEDIADOR, OPERADOR
DE BANCA - SEGUROS VINCULADO, SOCIEDAD
ANONIMA, CITIBANK HOLDINGS IRELAND LIMITED,
CITICORP CAPITAL PHILIPPINES, INC., CITICORP
FINANCE (INDIA) LIMITED, CITIGROUP ASIA PACIFIC
HOLDING CORPORATION, CITIGROUP HOLDING
(SINGAPORE) PRIVATE LIMITED, CITIBANK (HONG
KONG) LIMITED, CITIBANK BERHAD, CITIBANK
MALAYSIA (L) LIMITED, CITIGROUP NETHERLANDS
HOLDINGS B.V., LATIN AMERICAN INVESTMENT BANK
BAHAMAS LIMITED, ZAO CITIBANK, CITIGROUP
GLOBAL MARKETS LUXEMBOURG, CITIGROUP
GLOBAL MARKETS, HOLDINGS LIMITED, CITIGROUP
GLOBAL MARKETS, HOLDINGS PTE. LTD., CITIGROUP
GLOBAL MARKETS, SINGAPORE PTE. LTD., CITIGROUP
GLOBAL MARKETS INDIA PRIVATE LIMITED,
CITIGROUP GLOBAL MARKETS COMMERCIAL CORP.,
COHM OVERSEAS MEXICO HOLDING, S. DE R.L. DE
C.V., ELAVON DO BRASIL SOLUCOES DE PAGAMENTO
S.A., ELAVON EUROPEAN HOLDINGS B.V., ELAVON
EUROPEAN HOLDINGS C.V., ELAVON FINANCIAL
SERVICES LIMITED, USB NETHERLANDS B.V., USB
REALTY CORP., USB TRADE SERVICES LIMITED,
ELAVON MERCHANT SERVICES MEXICO, S. DE R.L. DE
C.V., ELAVON MEXICO HOLDING COMPANY, S.A. DE
C.V., ELAVON OPERATIONS COMPANY, S. DE R.I. DE
C.V., ELAVON PUERTO RICO, INC., ELAVON SERVICES
COMPANY, S. DE R.I. DE C.V.,  GMAC HOLDINGS GMBH,
GMAC GERMANY GMBH & CO. KG, GMAC BANK
GMBH, GMAC HOLDINGS U.K. LIMITED, GMAC UK PLC,
GMAC INTERNATIONAL HOLDINGS B.V., ALLY CREDIT
CANADA LIMITED, GMAC INTERNATIONAL FINANCE
B.V., ABA SEGUROS, S.A. DE C.V., ALLY
INTERNATIONAL INSURANCE COMPANY, LTD., GMAC
CYPRESS HOLDINGS LIMITED,  BANCO GMAC S.A.,
RESMOR CAPITAL CORPORATION, RESMOR TRUST
COMPANY,  and  DOES 2 through 1000, inclusive, said names
being fictitious, it being the intention of the Plaintiffs to
designate any and all entities involved in the acts of malfeasance
alleged herein, the true names of the fictitious Defendants are
otherwise unknown at the present time and will be supplemented
by amendment when ascertained,

Defendants.

-------------------------------------------------------------------------------X

The above-named Plaintiffs, by their attorneys, complain of the above-named Defendants, and allege as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises from, among other things: (1) the deception in inducing Plaintiffs to enter into loans and mortgages[1] from approximately 2003 through 2007 and which were acquired or are serviced by Defendants; (ii) the fraudulent and illegal use of MERS in connection with those loans and mortgages; (iii) Defendants' breach of Plaintiffs' statutorily protected rights; (iv) Defendants' breach and willful violation of numerous consumer and homeowner protection statutes, and willful violations of unfair business practices statutes, by, among other things, processing money from unknown sources, in contravention of the Patriot Act; (v) accepting money, transferring alleged assets and foreclosing upon alleged assets in instances where the alleged assets do not exist, and in which these Defendants have no right, title, or interest upon which they can act; and (vi) Defendants' continuing conversion and other tortious conduct intended to deprive Plaintiffs of their money, property and legal rights and remedies for the foregoing acts, as described more fully below.

## JURISDICTION AND VENUE:

2.      This Court has jurisdiction over each of the non-domiciliary Defendants because each of them transacts business within the State of New York within the meaning of CPLR § 302(a)(1) and each of them committed a tortious act inside the State of New York or outside the

---

[1]      The words "mortgage" and "deed of trust" are used interchangeably throughout this Complaint.

State of New York causing injury within the State of New York within the meaning of CPLR §§ 302(a)(2) and 302(a)(3).

3.     Venue is proper in this Court pursuant to Section 503 of the CPLR, as all Defendants are either domiciled in this county, or they regularly conduct business there and avail themselves of the benefits and protections of New York law there.

**THE PARTIES:**

4.     Plaintiff DEBORAH ABEEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 1.)

5.     Plaintiff RICK ADAMS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 2.)

6.     Plaintiff ROBERT AKASHI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 3.)

7.     Plaintiff JIMMY ALAURIA is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 4.)

8.     Plaintiff DEBBIE EDITH ALEGRIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 5.)

9.     Plaintiff IZAIDA ALTAMIRANO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 6.)

10.     Plaintiff ROBERTA ALVAREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 7.)

11.     Plaintiff PATRICIA ALVERT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 8.)

12.     Plaintiff FATIMA APONTE is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 9.)

13.     Plaintiff MANUEL ARECHIGA JR is a resident of the State of Texas and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 10.)

14.     Plaintiff SCOTT ARMSTRONG is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 11.)

15.     Plaintiff LAURA AUPPERLE is a resident of the State of Michigan and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 12.)

16.     Plaintiff JOSE P. AYALA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 13.)

17.     Plaintiff ALEX BACARON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 14.)

18.     Plaintiff WILLIAM BARBER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 15.)

19.     Plaintiff PHILIP BARR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 16.)

20.     Plaintiff FRANCISCO BARRIOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 17.)

21.     Plaintiff TOM BEINAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 18.)

22.    Plaintiff ANDREW BELCHER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 19.)

23.    Plaintiff MIRTHA BERNES is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 20.)

24.    Plaintiff NASSAR BEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 21.)

25.    Plaintiff MARK BLANCO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 22.)

26.    Plaintiff JOHN BOBEK is a resident of the State of Hawaii and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 23.)

27.    Plaintiff ELINOR BOZZONE is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 24.)

28.    Plaintiff LAWRENCE BRACCO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 25.)

29.     Plaintiff NATHAN BREHM is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 26.)

30.     Plaintiff KIM BRIDGES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 27.)

31.     Plaintiff MIKE BRIGGS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 28.)

32.     Plaintiff ERENSTINE BRINKLEY is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 29.)

33.     Plaintiff VICKIE BROCK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 30.)

34.     Plaintiff DEXTER BROWN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 31.)

35.     Plaintiff DIANE BROWN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 32.)

36.     Plaintiff LINDA BURGER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 33.)

37.     Plaintiff BONNIE BUTTERWORTH is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 34.)

38.     Plaintiff JESSICA CABASAL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 35.)

39.     Plaintiff CARLA CALER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 36.)

40.     Plaintiff PAUL CAMPAGNA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 37.)

41.     Plaintiff HARRY CAMPBELL is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 38.)

42.     Plaintiff IRENE CARDENAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 39.)

43.    Plaintiff MARIA CARINO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 40.)

44.    Plaintiff JON CARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 41.)

45.    Plaintiff DINORAH CARMENATE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 42.)

46.    Plaintiff JUAN CARRILLO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 43.)

47.    Plaintiff JAQUELINE CARROLL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 44.)

48.    Plaintiff JOSE Z. CASTRO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 45.)

49.    Plaintiff PAUL CATER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 46.)

50.     Plaintiff ELOY CERTEZA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 47.)

51.     Plaintiff GEOFFREY CHARLTON is a resident of the State of Georgia and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 48.)

52.     Plaintiff MARK CHASTEEN is a resident of the State of Texas and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 49.)

53.     Plaintiff VIPIN CHATURVEDI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 50.)

54.     Plaintiff RAQUEL CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 51.)

55.     Plaintiff RITO CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 52.)

56.     Plaintiff ANTONIO CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 53.)

57.    Plaintiff KEVIN CHEEK is a resident of the State of Minnesota and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 54.)

58.    Plaintiff WILLIAM CHIN is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 55.)

59.    Plaintiff MEHRDAD CHITSAZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 56.)

60.    Plaintiff HECTOR CIBRIAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 57.)

61.    Plaintiff RENATA CIRCEO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 58.)

62.    Plaintiff ELIZABETH CLAMPET is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 59.)

63.    Plaintiff STEPHEN CLARKE is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 60.)

64.     Plaintiff CHRISTOPHER COCKRELL is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 61.)

65.     Plaintiff DANIELLE COCKRELL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 62.)

66.     Plaintiff GEOFFREY COCKRELL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 63.)

67.     Plaintiff LUISE COHEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 64.)

68.     Plaintiff OLGA L. COLLAZO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 65.)

69.     Plaintiff ROLANDO COLLAZO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 66.)

70.     Plaintiff ARTEMIO CONCEPCION is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 67.)

71.     Plaintiff KAT CONWAY is a resident of the State of Hawaii and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 68.)

72.     Plaintiff RUTH CORONA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 69.)

73.     Plaintiff LUIS COSIO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 70.)

74.     Plaintiff PATRICIA CRESPO is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 71.)

75.     Plaintiff MARGO CRUZ is a resident of the State of New Mexico and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 72.)

76.     Plaintiff MARIA CRUZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 73.)

77.     Plaintiff OCTAVIO CRUZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 74.)

78.     Plaintiff WILLIAM CUBIAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 75.)

79.     Plaintiff JOSE CUESTA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 76.)

80.     Plaintiff DONNA DALTON is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 77.)

81.     Plaintiff MARIA DE LA PAZ JIMENEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 78.)

82.     Plaintiff LOURDES RUIZ DE LA TORRE is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 79.)

83.     Plaintiff CELON D. DENNIS is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 80.)

84.     Plaintiff DOUGLAS DENT is a resident of the State of Alabama and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 81.)

85.     Plaintiff CHRISTIAN DIAZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 82.)

86.     Plaintiff MARTHA DIAZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 83.)

87.     Plaintiff NICHOLAS DIETEL is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 84.)

88.     Plaintiff JEFFREY DIXON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 85.)

89.     Plaintiff IRA DORFMAN is a resident of the State of Maryland and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 86.)

90.     Plaintiff PATRICIA DOWLING is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 87.)

91.     Plaintiff DANIEL DWYER is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 88.)

92.   Plaintiff JAMES EBLEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 89.)

93.   Plaintiff GLEN ENG is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 90.)

94.   Plaintiff PATRICIA ESPINOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 91.)

95.   Plaintiff ALICIA FAJARDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 92.)

96.   Plaintiff CLOVIS FEARON is a resident of the State of Pennsylvania and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 93.)

97.   Plaintiff ALBERTINA FIGUEROA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 94.)

98.   Plaintiff ROBERTO FIGUEROA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 95.)

99.     Plaintiff JOSEPH FITZGERALD is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 96.)

100.    Plaintiff CAROL FLEMMING is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 97.)

101.    Plaintiff COREY FLINN is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 98.)

102.    Plaintiff LEONARDO FLORES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 99.)

103.    Plaintiff ALAN FOGELSTROM is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 100.)

104.    Plaintiff NORMA FOGELSTROM is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 101.)

105.    Plaintiff DONNA FOOTE is a resident of the State of Connecticut and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 102.)

106.    Plaintiff JULIE FRALEY is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 103.)

107.    Plaintiff DENNIS FROST is a resident of the State of Wyoming and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 104.)

108.    Plaintiff CHRISTOPHE FRUCTUS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 105.)

109.    Plaintiff SUSAN GALLAGHER is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 106.)

110.    Plaintiff LIDIA GARCIA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 107.)

111.    Plaintiff SIMONA GARCIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 108.)

112.    Plaintiff JOE GARCIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 109.)

113. Plaintiff TRACI GEHM is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 110.)

114. Plaintiff PHILLIP GENOVESE is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 111.)

115. Plaintiff BARBARA GIBBS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 112.)

116. Plaintiff JAMES GILBERT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 113.)

117. Plaintiff BRADLEY GIPOLAN is a resident of the State of Hawaii and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 114.)

118. Plaintiff DENNIS GLEASON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 115.)

119. Plaintiff TOMMY GLOVER is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 116.)

120.    Plaintiff CARLOS GONZALES is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 117.)

121.    Plaintiff MARIA GONZALES is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 118.)

122.    Plaintiff NELSON A. GONZALEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 119.)

123.    Plaintiff NELSON J. GONZALEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 120.)

124.    Plaintiff CHRISTOPHER GROSSMAN is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 121.)

125.    Plaintiff DIANE GRUBIC is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 122.)

126.    Plaintiff WALTER GRUBIC is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 123.)

127.   Plaintiff NESTOR GUILLEN is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 124.)

128.   Plaintiff WILLIAM GUTIERREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 125.)

129.   Plaintiff ENRIQUE GUZMAN is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 126.)

130.   Plaintiff MAGA GUZMAN is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 127.)

131.   Plaintiff MARIA GUZMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 128.)

132.   Plaintiff ALLISON HANSON is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 129.)

133.   Plaintiff JOHN HANSON is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 130.)

134.    Plaintiff THOMAS HERBST is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 131.)

135.    Plaintiff JORGE L. HERNANDEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 132.)

136.    Plaintiff MARCELLA HERNANDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 133.)

137.    Plaintiff MIGUEL HERNANDEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 134.)

138.    Plaintiff DAVID HERRON is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 135.)

139.    Plaintiff SESSING HEWITT is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 136.)

140.    Plaintiff LISA HIGGENS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 137.)

141.    Plaintiff NANCY HOLCOMBE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 138.)

142.    Plaintiff VIRGINIA HOSKING is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 139.)

143.    Plaintiff VINCE HUBBARD is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 140.)

144.    Plaintiff KELVIN HURDLE is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 141.)

145.    Plaintiff MICHELLE HURTADO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 142.)

146.    Plaintiff ART ITURBE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 143.)

147.    Plaintiff ATHENA JACKSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 144.)

148.   Plaintiff MARIA DE LA PAZ JIMENEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 145.)

149.   Plaintiff HARLENE JOHNSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 146.)

150.   Plaintiff PORTIA JOSEPH is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 147.)

151.   Plaintiff JEROME KAMINS is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 148.)

152.   Plaintiff JENNIFER KAUER is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 149.)

153.   Plaintiff DAN KLEIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 150.)

154.   Plaintiff NANCY KRANTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 151.)

155. Plaintiff MORGAN LAWLEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 152.)

156. Plaintiff BOBBIE LEONARD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 153.)

157. Plaintiff MARK C. LILLY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 154.)

158. Plaintiff MIROSLAVA LITTERDRAGT is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 155.)

159. Plaintiff DOUGLAS LIZARDI is a resident of the State of Pennsylvania and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 156.)

160. Plaintiff DINORAH LLANES is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 157.)

161. Plaintiff ROSALINDA LOCKHART is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 158.)

162.   Plaintiff THOMAS LOCKHART is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 159.)

163.   Plaintiff ALAN LOCKLEAR is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 160.)

164.   Plaintiff MARIA DOLORES LOMBERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 161.)

165.   Plaintiff MOISES LOPEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 162.)

166.   Plaintiff ANGEL LOPEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 163.)

167.   Plaintiff MOISES LOPEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 164.)

168.   Plaintiff DELORES LUCAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 165.)

169.    Plaintiff BURT LUND is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 166.)

170.    Plaintiff MAE LUND is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 167.)

171.    Plaintiff ALEJANDRO LUZARDO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 168.)

172.    Plaintiff RONNIE LYLES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 169.)

173.    Plaintiff BRYAN LYNCH is a resident of the State of Texas and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 170.)

174.    Plaintiff JOSEPH K LYONS is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 171.)

175.    Plaintiff BRUCE MACBRIDE is a resident of the State of Idaho and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 172.)

176.   Plaintiff ANITA MACHADO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 173.)

177.   Plaintiff TANYA MACHADO is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 174.)

178.   Plaintiff STELLA MARKLEY is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 175.)

179.   Plaintiff TERESA MARQUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 176.)

180.   Plaintiff LUIS MARTINEZ is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 177.)

181.   Plaintiff PATRICK MARTINEZ is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 178.)

182.   Plaintiff CHARLOTTE MCARDLE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 179.)

183.    Plaintiff SAOVANNI MEAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 180.)

184.    Plaintiff DANIEL MELENDEZ is a resident of the State of Oregon and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 181.)

185.    Plaintiff GLORIA MELO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 182.)

186.    Plaintiff MARGARITA MILAM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 183.)

187.    Plaintiff MARIE MILLER is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 184.)

188.    Plaintiff AARON MIR is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 185.)

189.    Plaintiff ARLYN MIR is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 186.)

190.   Plaintiff JASON MOEDING is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 187.)

191.   Plaintiff VERONICA MONTERRUBIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 188.)

192.   Plaintiff ERIK MUMFORD is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 189.)

193.   Plaintiff ANTONIO MUNOZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 190.)

194.   Plaintiff CARMEN MUNOZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 191.)

195.   Plaintiff CINDY MURRILLO is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 192.)

196.   Plaintiff JUAN CARLOS MURRILLO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 193.)

197.   Plaintiff JOE NAVARRO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 194.)

198.   Plaintiff CRISTINA NAVARRO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 195.)

199.   Plaintiff MICAH NEELY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 196.)

200.   Plaintiff RICHARD NEELY is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 197.)

201.   Plaintiff JONIQUE GARCIA is a resident of the State of Connecticut and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 198.)

202.   Plaintiff ERNESTO NEPOMUCENO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 199.)

203.   Plaintiff CATHERINE NUTT is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 200.)

204.   Plaintiff SENEN OCHOA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 201.)

205.   Plaintiff TALIA OLIVERA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 202.)

206.   Plaintiff CHRISTINA ORNELAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 203.)

207.   Plaintiff KAROL OUSLEY is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 204.)

208.   Plaintiff FRANK PACHECO is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 205.)

209.   Plaintiff ARMANDO PADILLA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 206.)

210.   Plaintiff ANGELA PARADA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 207.)

211.    Plaintiff RUBEN PARRA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 208.)

212.    Plaintiff EUGENE PATERRA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 209.)

213.    Plaintiff ALTINA PATRICK is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 210.)

214.    Plaintiff ROLAND PERKINS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 211.)

215.    Plaintiff RAUL PERNETT is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 212.)

216.    Plaintiff MICHAEL PHILLIPS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 213.)

217.    Plaintiff LESLIE POLLACK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 214.)

218. Plaintiff THOMAS POUPARD is a resident of the State of Michigan and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 215.)

219. Plaintiff CARTER POWELL is a resident of the State of Oregon and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 216.)

220. Plaintiff MERY QUINTANA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 217.)

221. Plaintiff MERLE RAGAN is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 218.)

222. Plaintiff DANIEL RAMIREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 219.)

223. Plaintiff FRANCISCO RAMIREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 220.)

224. Plaintiff ANGELICA RAMIREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 221.)

225.   Plaintiff KAIVALYA RAWAL is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 222.)

226.   Plaintiff JOE REID is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 223.)

227.   Plaintiff SILVIA RENDON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 224.)

228.   Plaintiff JOSE REYES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 225.)

229.   Plaintiff MICHAEL RICCIARDI is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 226.)

230.   Plaintiff MARJORIE RICHARDSON is a resident of the State of New Jersey and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 227.)

231.   Plaintiff DAVE RICHMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 228.)

232. Plaintiff CONNIE RICOTTA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 229.)

233. Plaintiff EDDIE RIVERA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 230.)

234. Plaintiff GARY ROBERTS is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 231.)

235. Plaintiff HERMELINDO ROCHA - VARGAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 232.)

236. Plaintiff GUIDO RODRIGUEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 233.)

237. Plaintiff MARTHA RODRIGUEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 234.)

238. Plaintiff NANCY P. RODRIGUEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 235.)

239.    Plaintiff PAUL RODRIGUEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 236.)

240.    Plaintiff ENRIQUE ROMERO is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 237.)

241.    Plaintiff MICHAEL ROMERO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 238.)

242.    Plaintiff SHERRIE SAFKO is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 239.)

243.    Plaintiff LILY SALAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 240.)

244.    Plaintiff GUADALUPE SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 241.)

245.    Plaintiff HILDA SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 242.)

246.    Plaintiff JAIME SANCHEZ is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 243.)

247.    Plaintiff ROGER SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 244.)

248.    Plaintiff ANTONIO SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 245.)

249.    Plaintiff HECTOR SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 246.)

250.    Plaintiff MARIA SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 247.)

251.    Plaintiff SUSAN SANDERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 248.)

252.    Plaintiff RUBEN SANTIAGO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 249.)

253.   Plaintiff JOSE SAUCEDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 250.)

254.   Plaintiff VICKIE SCHETRITT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 251.)

255.   Plaintiff ROBERT SCHMALFELDT is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 252.)

256.   Plaintiff JOSE ALFREDO SEGOVIA is a resident of the State of Texas and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 253.)

257.   Plaintiff SHERYL SEIM-MONTOYA is a resident of the State of Oregon and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 254.)

258.   Plaintiff ARVIN SERRANO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 255.)

259.   Plaintiff MARGARITA SHEA is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 256.)

260.    Plaintiff KENNETH SIMONSEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 257.)

261.    Plaintiff CHARLES SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 258.)

262.    Plaintiff CRAYTON SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 259.)

263.    Plaintiff ROBERT SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 260.)

264.    Plaintiff ZENAIDA SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 261.)

265.    Plaintiff JAMES SNYDER is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 262.)

266.    Plaintiff VALORIE SNYDER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 263.)

267.    Plaintiff ILIANA SORENSEN is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 264.)

268.    Plaintiff ROSARIO MARIA SOTO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 265.)

269.    Plaintiff DAVID STARKEY is a resident of the State of Tennessee and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 266.)

270.    Plaintiff DEL STAUDINGER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 267.)

271.    Plaintiff ANDREW STOLZ is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 268.)

272.    Plaintiff PAUL STROHECKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 269.)

273.    Plaintiff RICHARD STRUNK is a resident of the State of Ohio and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 270.)

274.    Plaintiff LIDIA TAPIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 271.)

275.    Plaintiff DELANE TARRA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 272.)

276.    Plaintiff MANUEL TAVARES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 273.)

277.    Plaintiff MARIA TAVARES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 274.)

278.    Plaintiff ROBERT TAYLOR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 275.)

279.    Plaintiff JOHN TEDESCO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 276.)

280.    Plaintiff EVA THIELK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 277.)

281.   Plaintiff JOSA TIRADO is a resident of the State of New Jersey and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 278.)

282.   Plaintiff MAILIN TOMLINSON is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 279.)

283.   Plaintiff TONY TRUJILLO is a resident of the State of New Mexico and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 280.)

284.   Plaintiff JODI TUFT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 281.)

285.   Plaintiff JEFF TURNER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 282.)

286.   Plaintiff MALCOLM TURNER is a resident of the State of Hawaii and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 283.)

287.   Plaintiff RITA UCHEKA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 284.)

288.   Plaintiff HUGO URRIBARRI is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 285.)

289.   Plaintiff MITCH VAN MECHELEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 286.)

290.   Plaintiff HERMELINDO VARGAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 287.)

291.   Plaintiff THEREISI VILLARUZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 288.)

292.   Plaintiff DONALD VITAK II is a resident of the State of Texas and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 289.)

293.   Plaintiff MARGUERITE VITA-MATUZOLA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 290.)

294.   Plaintiff GARY WAGGY is a resident of the State of Maryland and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 291.)

295. Plaintiff CARROLL WALTERS is a resident of the State of Virginia and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 292.)

296. Plaintiff ARTHUR WEAVER JR. is a resident of the State of Pennsylvania and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 293.)

297. Plaintiff TRACY WEBER is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 294.)

298. Plaintiff KENNETH WEINER is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 295.)

299. Plaintiff GUNTER WEISSMANN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 296.)

300. Plaintiff CLINT WEST is a resident of the State of Washington and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 297.)

301. Plaintiff NIKKI WHITE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 298.)

302.    Plaintiff ACHINI WHITE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 299.)

303.    Plaintiff MICHAEL WIEDERHOLD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 300.)

304.    Plaintiff GEORGE WILCOX is a resident of the State of Pennsylvania and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 301.)

305.    Plaintiff PAUL WILDER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 302.)

306.    Plaintiff DEBRA WILSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 303.)

307.    Plaintiff JON WITHROW is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 304.)

308.    Plaintiff PETER WRIGHT is a resident of the State of Pennsylvania and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 305.)

309.    Plaintiff PHILIP WRIGHT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 306.)

310.    Plaintiff JAMES YOCUM is a resident of the State of Alabama and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 307.)

311.    Plaintiff ALEX ZAETS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 308.)

312.    Plaintiff LUIS ZAVALA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 309.)

313.    Plaintiff GEORGE K. ZINK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 310.)

314.    Plaintiff REBECCA ABAD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 311.)

315.    Plaintiff THOMAS ADLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 312.)

316. Plaintiff BIBIAN AFABLE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 313.)

317. Plaintiff MICHAEL AKIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 314.)

318. Plaintiff SUREN ALAVERDYAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 315.)

319. Plaintiff DORA ALDRETE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 316.)

320. Plaintiff KARL AMRINE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 317.)

321. Plaintiff ELMER ANDERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 318.)

322. Plaintiff ERIC ANDERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 319.)

323.   Plaintiff PAMELA ANDERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 320.)

324.   Plaintiff SABRINA ANDERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 321.)

325.   Plaintiff DONALD ANDREWS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 322.)

326.   Plaintiff DAVID APPEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 323.)

327.   Plaintiff OLGA ARANIVA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 324.)

328.   Plaintiff ANTONIO ARCINAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 325.)

329.   Plaintiff ROBERT ARRINGTON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 326.)

330.    Plaintiff EWY AXELSSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 327.)

331.    Plaintiff JOHN BAHURA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 328.)

332.    Plaintiff GLORIA BAILEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 329.)

333.    Plaintiff IRMA BAKER-PARRA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 330.)

334.    Plaintiff BRUCE BARMAKIAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 331.)

335.    Plaintiff RODRICK BARNETT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 332.)

336.    Plaintiff KEVIN BATMAN is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 333.)

337.    Plaintiff LORI BATMAN is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 334.)

338.    Plaintiff DAVID BEAUBIEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 335.)

339.    Plaintiff MARILYN BEAUBIEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 336.)

340.    Plaintiff AMANDA BENNETT is a resident of the State of Washington and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 337.)

341.    Plaintiff GEORGE BENNETT is a resident of the State of Washington and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 338.)

342.    Plaintiff ANNETTE BERRY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 339.)

343.    Plaintiff ROBERT BERRY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 340.)

344.    Plaintiff ALVIN BLAKE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 341.)

345.    Plaintiff TAWANA BLAKE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 342.)

346.    Plaintiff CAROLE BOOTH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 343.)

347.    Plaintiff JOHN BOOTH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 344.)

348.    Plaintiff ARACELI BOWMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 345.)

349.    Plaintiff BILLY BOWMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 346.)

350.    Plaintiff PATRICK PAYGAR BOYD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 347.)

351.    Plaintiff BARRY BOZARTH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 348.)

352.    Plaintiff ARNOLD BRIGMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 349.)

353.    Plaintiff DEBORAH BRIGMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 350.)

354.    Plaintiff VALERY BUBELA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 351.)

355.    Plaintiff BONNIE BUCKLEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 352.)

356.    Plaintiff TOBY BUTTERWORTH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 353.)

357.    Plaintiff NELIDA CAMPOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 354.)

358.   Plaintiff JERRY CANADAY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 355.)

359.   Plaintiff MARIAN CANADY MEIXNER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 356.)

360.   Plaintiff GEORGE CASTRO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 357.)

361.   Plaintiff FRANCIS CELO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 358.)

362.   Plaintiff CARLOS CERVANTES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 359.)

363.   Plaintiff ROSE CHANG is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 360.)

364.   Plaintiff JOHN CHARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 361.)

365.   Plaintiff KATHERINE CHARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 362.)

366.   Plaintiff DANIEL CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 363.)

367.   Plaintiff JOSEPH CHAVOEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 364.)

368.   Plaintiff JOSEPH CINA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 365.)

369.   Plaintiff GRANT CLARK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 366.)

370.   Plaintiff SONIA CLARK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 367.)

371.   Plaintiff HUGH COLLINS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 368.)

372.    Plaintiff SEAN COMBS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 369.)

373.    Plaintiff ARTURO CONCHA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 370.)

374.    Plaintiff CHERIE COOK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 371.)

375.    Plaintiff DENISE COOK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 372.)

376.    Plaintiff RANDALL COOK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 373.)

377.    Plaintiff BENJAMIN CORONA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 374.)

378.    Plaintiff DIONICO CORTEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 375.)

379.   Plaintiff BERTHA CREVOLIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 376.)

380.   Plaintiff RONNIE CREVOLIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 377.)

381.   Plaintiff MATTHEW CROSBIE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 378.)

382.   Plaintiff CARY CRUZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 379.)

383.   Plaintiff ROSEMARY CRUZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 380.)

384.   Plaintiff HOUSTON CURTIS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 381.)

385.   Plaintiff ERIC CUTLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 382.)

386.    Plaintiff CHARLES DANIELS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 383.)

387.    Plaintiff CHRISTINA DANIELS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 384.)

388.    Plaintiff RICARDO DAVALOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 385.)

389.    Plaintiff CURTIS DAVIDSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 386.)

390.    Plaintiff TROY DAVIS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 387.)

391.    Plaintiff SARGIS DAVODDANIEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 388.)

392.    Plaintiff DON DECKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 389.)

393.     Plaintiff TAMMY DECKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 390.)

394.     Plaintiff PAZ DIAZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 391.)

395.     Plaintiff OLIC DUNNING III is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 392.)

396.     Plaintiff DAVID EBADAT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 393.)

397.     Plaintiff HOTOSA EBRAHIMZADEH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 394.)

398.     Plaintiff KENNETH EDGECOMBE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 395.)

399.     Plaintiff NICOLE EDGECOMBE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 396.)

400.    Plaintiff MEHRDAD EMSHA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 397.)

401.    Plaintiff MARTIN ESCOBEDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 398.)

402.    Plaintiff YOLANDA ESCOBEDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 399.)

403.    Plaintiff ENRIQUETA ESPINOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 400.)

404.    Plaintiff FELIPA ESPINOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 401.)

405.    Plaintiff FRANCISCO ESPINOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 402.)

406.    Plaintiff JOSE ESPINOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 403.)

407. Plaintiff DAVID ESTRADA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 404.)

408. Plaintiff TY ETTERLEIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 405.)

409. Plaintiff FATEMEH FADAKAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 406.)

410. Plaintiff DAVID FAULHABER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 407.)

411. Plaintiff MICHELLE FAVAZZO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 408.)

412. Plaintiff ROGER FENSTERMACHER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 409.)

413. Plaintiff LIZETTE MILAN-FIEDLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 410.)

414.   Plaintiff FUMIKO FISHER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 411.)

415.   Plaintiff RICHARD FOMIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 412.)

416.   Plaintiff LOURDES FONTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 413.)

417.   Plaintiff WAYNE FONTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 414.)

418.   Plaintiff ROGER FOSDICK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 415.)

419.   Plaintiff SUSAN FRANCO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 416.)

420.   Plaintiff JAMES FRASER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 417.)

421.   Plaintiff JO ELLEN FRASER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 418.)

422.   Plaintiff D'ANN FRIEND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 419.)

423.   Plaintiff MATTHEW FRIEND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 420.)

424.   Plaintiff PHILLIP GALERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 421.)

425.   Plaintiff BENJAMIN GAMEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 422.)

426.   Plaintiff JOSEFINA PEREZ GARCIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 423.)

427.   Plaintiff ANTHONY GOLDEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 424.)

428.    Plaintiff JOSEPH GOMEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 425.)

429.    Plaintiff ANA GONZALEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 426.)

430.    Plaintiff ESTER GONZALEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 427.)

431.    Plaintiff OSCAR GONZALEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 428.)

432.    Plaintiff ROBERT GRAHAM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 429.)

433.    Plaintiff RONNIE GREEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 430.)

434.    Plaintiff SUSANNA GREEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 431.)

435.   Plaintiff GRETA GREGORIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 432.)

436.   Plaintiff STEVEN GUMIENNY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 433.)

437.   Plaintiff BRIAN GURNEE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 434.)

438.   Plaintiff AHMAD HAKIMJAVADI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 435.)

439.   Plaintiff RICHARD HALE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 436.)

440.   Plaintiff JACK HALLEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 437.)

441.   Plaintiff TRACEY HAMPTON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 438.)

442.   Plaintiff CHERISE HANSSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 439.)

443.   Plaintiff STEVEN HARDIE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 440.)

444.   Plaintiff CINDY HARRISON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 441.)

445.   Plaintiff JOAN HENDERSON-BROWN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 442.)

446.   Plaintiff LESLIE HENDRICKS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 443.)

447.   Plaintiff RUSSEL HENDRICKS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 444.)

448.   Plaintiff CENOBIO HERNANDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 445.)

449. Plaintiff LEONARD HERNANDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 446.)

450. Plaintiff MODJULITA HERNANDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 447.)

451. Plaintiff ALFREDO HERRERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 448.)

452. Plaintiff LORENA HERRERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 449.)

453. Plaintiff MARIO HERRERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 450.)

454. Plaintiff BRETT HESKETT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 451.)

455. Plaintiff RIZZA HESKETT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 452.)

456.   Plaintiff RAYMOND HILL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 453.)

457.   Plaintiff ARMANDO HINOJOSA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 454.)

458.   Plaintiff HEATH HODEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 455.)

459.   Plaintiff SALVADOR HUIZAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 456.)

460.   Plaintiff PATRICK HUNT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 457.)

461.   Plaintiff JOSEPH IGNACIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 458.)

462.   Plaintiff REBECCA IGNACIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 459.)

463.   Plaintiff CYNTHIA IRELAND is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 460.)

464.   Plaintiff CLARENCE IRVING is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 461.)

465.   Plaintiff EVELYN IRVING is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 462.)

466.   Plaintiff MUHAMMAD ISLAM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 463.)

467.   Plaintiff GLEN JACKSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 464.)

468.   Plaintiff HILLARY JACKSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 465.)

469.   Plaintiff PAUL JACKSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 466.)

470.   Plaintiff JESSE JOHNSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 467.)

471.   Plaintiff NICHOLAS JONES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 468.)

472.   Plaintiff JEAN JOSEPH is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 469.)

473.   Plaintiff MARIE JOSEPH is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 470.)

474.   Plaintiff GUS KATSIKIDES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 471.)

475.   Plaintiff CASEY KAUER is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 472.)

476.   Plaintiff JENNIFER KAUER is a resident of the State of Utah and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 473.)

477.     Plaintiff JOHN KEALY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 474.)

478.     Plaintiff KEVIN KEEHL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 475.)

479.     Plaintiff CARLEEN KELLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 476.)

480.     Plaintiff DENNIS KEMP is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 477.)

481.     Plaintiff GLORY KENNISON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 478.)

482.     Plaintiff LANCE KENNISON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 479.)

483.     Plaintiff BARBARA KIKUGAWA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 480.)

484.   Plaintiff CHRIS KIM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 481.)

485.   Plaintiff JAY KIM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 482.)

486.   Plaintiff LYNN KIMBERLY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 483.)

487.   Plaintiff LOUIS KLEIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 484.)

488.   Plaintiff HARKRISHNAN KOCHAR is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 485.)

489.   Plaintiff JASPAL KOCHAR is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 486.)

490.   Plaintiff BRENT KOMOUROUS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 487.)

491.    Plaintiff DEAN KRAEMER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 488.)

492.    Plaintiff JOSHUA KREITZER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 489.)

493.    Plaintiff KATHRYN T. KREITZER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 490.)

494.    Plaintiff PETE KREUZER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 491.)

495.    Plaintiff MAZLINA LAI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 492.)

496.    Plaintiff STEPHANIE LANDEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 493.)

497.    Plaintiff JENNIFER LANGLO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 494.)

498.    Plaintiff ASHLEY LARSEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 495.)

499.    Plaintiff CHRISTIAN LARSEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 496.)

500.    Plaintiff BRUCE LAWSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 497.)

501.    Plaintiff TRAVIS LEAGE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 498.)

502.    Plaintiff LISA LEFEBVRE is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 499.)

503.    Plaintiff RAYMOND LEFEBVRE is a resident of the State of Arizona and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 500.)

504.    Plaintiff JACK LEFLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 501.)

505.   Plaintiff JOELLA LEFLER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 502.)

506.   Plaintiff JACQUELYNN LEONARDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 503.)

507.   Plaintiff CARMEN LINARES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 504.)

508.   Plaintiff LUIS LINARES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 505.)

509.   Plaintiff ED LIZARDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 506.)

510.   Plaintiff LINDA LIZARDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 507.)

511.   Plaintiff CHERYL LOCEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 508.)

512. Plaintiff LAUREN LOCEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 509.)

513. Plaintiff DANILO LUQUIAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 510.)

514. Plaintiff YOLINA LUQUIAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 511.)

515. Plaintiff JOHN MACIAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 512.)

516. Plaintiff LOUIS MAGES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 513.)

517. Plaintiff PATRICIA MAGES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 514.)

518. Plaintiff STEFAN MAHALEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 515.)

519.    Plaintiff HEATHER MAHONEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 516.)

520.    Plaintiff DENISE MANRIQUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 517.)

521.    Plaintiff LAURIE MARINO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 518.)

522.    Plaintiff EDUARDO MARQUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 519.)

523.    Plaintiff ELNORA MARSHALL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 520.)

524.    Plaintiff BRUNO MARTINEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 521.)

525.    Plaintiff FRANK MARTINEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 522.)

526.     Plaintiff MELANDO MARTINEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 523.)

527.     Plaintiff MIKE MARTINEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 524.)

528.     Plaintiff ELIZABETH MATSIK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 525.)

529.     Plaintiff CALVIN MATTHEWS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 526.)

530.     Plaintiff ELIZABETH MCCULLOUGH is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 527.)

531.     Plaintiff SEAN MCDONALD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 528.)

532.     Plaintiff MARY MEDINA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 529.)

533. Plaintiff DAVID MEDLIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 530.)

534. Plaintiff BRUCE MILLIGAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 531.)

535. Plaintiff RENE MINNAAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 532.)

536. Plaintiff RABIA MIR is a resident of the State of Connecticut and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 533.)

537. Plaintiff MARIA MIRANDA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 534.)

538. Plaintiff TOBY MOORE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 535.)

539. Plaintiff LEONIDES MORALES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 536.)

540.   Plaintiff ERICA MORGERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 537.)

541.   Plaintiff PETE MORGERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 538.)

542.   Plaintiff BASHEER MURAD is a resident of the State of Idaho and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 539.)

543.   Plaintiff CAAMIE MURAD is a resident of the State of Idaho and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 540.)

544.   Plaintiff VALLIUR NADU is a resident of the State of Michigan and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 541.)

545.   Plaintiff HIROSHI NAKAYAMA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 542.)

546.   Plaintiff YOLANDA NATIVIDAD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 543.)

547.    Plaintiff MARIA NAVARRO is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 544.)

548.    Plaintiff OSCAR NAVARRO is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 545.)

549.    Plaintiff ALAN NESS is a resident of the State of California and had a mortgage
loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be
designated as Plaintiff No. 546.)

550.    Plaintiff SANDRA NESS is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 547.)

551.    Plaintiff DIANA NEWSON is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 548.)

552.    Plaintiff RALPH NEWSON is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 549.)

553.    Plaintiff ANNA NGUYEN is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 550.)

554.    Plaintiff MICHELLE NUNIES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 551.)

555.    Plaintiff JOHN OCAMPO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 552.)

556.    Plaintiff NOEL OLIVARES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 553.)

557.    Plaintiff ROMAN OLIVOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 554.)

558.    Plaintiff MELISSA OWEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 555.)

559.    Plaintiff MICHAEL OWEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 556.)

560.    Plaintiff JOHN OXIDINE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 557.)

561. Plaintiff JUAN PADILLA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 558.)

562. Plaintiff MECIA PADILLA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 559.)

563. Plaintiff JOSE PANTOJA is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 560.)

564. Plaintiff MARIA PANTOJA is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 561.)

565. Plaintiff ALAN PARSONS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 562.)

566. Plaintiff CINDY PATELSKI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 563.)

567. Plaintiff KAZIMIR PATELSKI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 564.)

568.    Plaintiff MARIA PELCASTRE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 565.)

569.    Plaintiff MARIO A. PERALTA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 566.)

570.    Plaintiff RICARDO PEREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 567.)

571.    Plaintiff JAMES PETERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 568.)

572.    Plaintiff VIRGINIA PETERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 569.)

573.    Plaintiff JOHN PHILLINGANE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 570.)

574.    Plaintiff CAROL POWERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 571.)

575.    Plaintiff DOUGLAS POWERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 572.)

576.    Plaintiff ANNA MARIA PREZIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 573.)

577.    Plaintiff REBECCA QUICK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 574.)

578.    Plaintiff STEVEN QUICK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 575.)

579.    Plaintiff WILLIAM RABELLO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 576.)

580.    Plaintiff NOOROLLAH RAHDAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 577.)

581.    Plaintiff ELISEO RAMOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 578.)

582. Plaintiff ISRAEL RAPURI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 579.)

583. Plaintiff DINYAH REIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 580.)

584. Plaintiff NORMAN JAY REST is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 581.)

585. Plaintiff EDITHA RESTAURO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 582.)

586. Plaintiff DONALD REY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 583.)

587. Plaintiff NANCY RILEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 584.)

588. Plaintiff BARBARA ROBINSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 585.)

589.    Plaintiff STEPHEN ROBINSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 586.)

590.    Plaintiff ARTHUR RODRIGUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 587.)

591.    Plaintiff JOSE LUIS RODRIGUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 588.)

592.    Plaintiff MARCIANO RODRIGUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 589.)

593.    Plaintiff ETHAN ROSS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 590.)

594.    Plaintiff VIRGINIA ROTRAMEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 591.)

595.    Plaintiff FLORENCE SABAGQUIT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 592.)

596.     Plaintiff JESSE SABAGQUIT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 593.)

597.     Plaintiff GUILLERMO SANCHEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 594.)

598.     Plaintiff DERRICK SANDERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 595.)

599.     Plaintiff CARL SANKO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 596.)

600.     Plaintiff JOSEPH SANTOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 597.)

601.     Plaintiff SIMON SARKISIAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 598.)

602.     Plaintiff DAN SCHWARTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 599.)

603.    Plaintiff BRANNON SCIANNA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 600.)

604.    Plaintiff MARCIA SCIANNA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 601.)

605.    Plaintiff DEBBIE SCIORTINO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 602.)

606.    Plaintiff JOHN SCIORTINO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 603.)

607.    Plaintiff COURTNEY SCOTT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 604.)

608.    Plaintiff CRANFORD SCOTT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 605.)

609.    Plaintiff SHEILA SCOTT is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 606.)

610.    Plaintiff BRIAN SEXSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 607.)

611.    Plaintiff PETER SHELDON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 608.)

612.    Plaintiff SCOTT SHUBB is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 609.)

613.    Plaintiff PAUL SIBORO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 610.)

614.    Plaintiff JULIET SICSIC is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 611.)

615.    Plaintiff BAYAANI SIMPLICIANO is a resident of the State of Nevada and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 612.)

616.    Plaintiff BALDEV SINGH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 613.)

617.   Plaintiff BALJIT SINGH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 614.)

618.   Plaintiff JOANNA SINGH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 615.)

619.   Plaintiff ALICE SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 616.)

620.   Plaintiff CHARLEY SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 617.)

621.   Plaintiff MARK SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 618.)

622.   Plaintiff NIDA SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 619.)

623.   Plaintiff WILLIE SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 620.)

624.    Plaintiff MILTON SMITH II is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 621.)

625.    Plaintiff JOANNE SNYDER-DAVIDSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 622.)

626.    Plaintiff DIEP SOMMERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 623.)

627.    Plaintiff RICHARD SORENSEN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 624.)

628.    Plaintiff HEMALATHA SOURI-PARSONS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 625.)

629.    Plaintiff ROBBIN STITES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 626.)

630.    Plaintiff ALINA STROUP is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 627.)

631.    Plaintiff GEORGE STROUP is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 628.)

632.    Plaintiff SUZANNE SUGGS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 629.)

633.    Plaintiff SHYAM SUNDER is a resident of the State of Michigan and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 630.)

634.    Plaintiff SALLY SYMONS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 631.)

635.    Plaintiff GILDA TAHMURESZADEH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 632.)

636.    Plaintiff ASHMELLEY THERVIL is a resident of the State of Florida and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 633.)

637.    Plaintiff KEVIN THOMPSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 634.)

638.    Plaintiff BOB TIDD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 635.)

639.    Plaintiff BETTY TIMBERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 636.)

640.    Plaintiff SONIKA TINKER-REIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 637.)

641.    Plaintiff ANDREY TODOROV is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 638.)

642.    Plaintiff ADNAN TORIAK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 639.)

643.    Plaintiff ALMA TOWNSEND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 640.)

644.    Plaintiff GREG TOWNSEND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 641.)

645.   Plaintiff MARY JANE TUMA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 642.)

646.   Plaintiff TIMOTHY TUMA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 643.)

647.   Plaintiff TONY TURTURICI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 644.)

648.   Plaintiff CINDY VICKERY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 645.)

649.   Plaintiff WILLIAM VICKERY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 646.)

650.   Plaintiff ELIAS VIEYRA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 647.)

651.   Plaintiff ENRIQUE VILLANUEVA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 648.)

652.    Plaintiff REBECCA VILLANUEVA is a resident of the State of California and
had a mortgage loan that was originated or serviced by one of the Defendants herein. (This
Plaintiff shall be designated as Plaintiff No. 649.)

653.    Plaintiff NADIA VILLARREAL is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 650.)

654.    Plaintiff CHRISTOPHER VILLARUZ is a resident of the State of California and
had a mortgage loan that was originated or serviced by one of the Defendants herein. (This
Plaintiff shall be designated as Plaintiff No. 651.)

655.    Plaintiff LINDA H. VO is a resident of the State of California and had a mortgage
loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be
designated as Plaintiff No. 652.)

656.    Plaintiff PATRICK VUONG is a resident of the State of California and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 653.)

657.    Plaintiff LAURA WALDHEIM is a resident of the State of Alabama and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 654.)

658.    Plaintiff MICHAEL WALDHEIM is a resident of the State of Alabama and had a
mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff
shall be designated as Plaintiff No. 655.)

659.   Plaintiff JILL WALKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 656.)

660.   Plaintiff KEVIN WALKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 657.)

661.   Plaintiff ZANE WALKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 658.)

662.   Plaintiff GURMEET WARAICH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 659.)

663.   Plaintiff HARJINDER WARAICH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 660.)

664.   Plaintiff MELISSA WARNER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 661.)

665.   Plaintiff STEPHEN WAYNE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 662.)

666. Plaintiff WALTER WEISS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 663.)

667. Plaintiff EDNA WENNING is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 664.)

668. Plaintiff JAMIE WETZEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 665.)

669. Plaintiff JIM WETZEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 666.)

670. Plaintiff TODD WIDENER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 667.)

671. Plaintiff VERONICA WIDENER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 668.)

672. Plaintiff MELISSA WIDLUND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 669.)

673.   Plaintiff TIMOTHY WIDLUND is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 670.)

674.   Plaintiff CRAIG WILLIAMS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 671.)

675.   Plaintiff ANN WILSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 672.)

676.   Plaintiff RICHARD WILSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 673.)

677.   Plaintiff EDWIN ALDANA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 674.)

678.   Plaintiff AUDRENE ANN ALENCASTRE-ROBERTS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 675.)

679.   Plaintiff LEPHAS BAILEY is a resident of the State of Virgina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 676.)

680.   Plaintiff GURDAYAL BATNA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 677.)

681.   Plaintiff KAMLESH BATNA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 678.)

682.   Plaintiff DARLENE BEEKS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 679.)

683.   Plaintiff JAMES BEEKS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 680.)

684.   Plaintiff ANDRES BENAVIDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 681.)

685.   Plaintiff EDWARD BOSTOCK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 682.)

686.   Plaintiff SUZAN BRITTAN - BERGMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 683.)

687. Plaintiff CARLA CALER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 684.)

688. Plaintiff NORMAN CALER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 685.)

689. Plaintiff STEVEN CAMPANELLI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 686.)

690. Plaintiff JOSE CAMPOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 687.)

691. Plaintiff MARIA ANTONIA CANALES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 688.)

692. Plaintiff GERARD CANNELLA is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 689.)

693. Plaintiff MELANIE CANNELLA is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 690.)

694.   Plaintiff LARRY CAPOTS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 691.)

695.   Plaintiff ANDRES CARDENAS - BENAVIDEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 692.)

696.   Plaintiff BRIAN CARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 693.)

697.   Plaintiff JON CARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 694.)

698.   Plaintiff KIMBERLY CARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 695.)

699.   Plaintiff LUCY CARLSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 696.)

700.   Plaintiff DAWN CARMICHAEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 697.)

701.    Plaintiff KIRK CARMICHAEL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 698.)

702.    Plaintiff JACQUELINE CARROLL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 699.)

703.    Plaintiff JOSEPHINA CASELLON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 700.)

704.    Plaintiff SHAWN CASSIDY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 701.)

705.    Plaintiff ANTONIO CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 702.)

706.    Plaintiff JOSE CHAVEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 703.)

707.    Plaintiff MARY CLOWNEY is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 704.)

708.    Plaintiff WILLIAM CLOWNEY is a resident of the State of South Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 705.)

709.    Plaintiff HUGH COLLINS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 706.)

710.    Plaintiff BRENDA COPPER is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 707.)

711.    Plaintiff DEAN COPPER is a resident of the State of New York and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 708.)

712.    Plaintiff MARIA CRUZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 709.)

713.    Plaintiff CHRISTINE DAO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 710.)

714.    Plaintiff AVELINA DIZON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 711.)

715.    Plaintiff HONORIO DIZON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 712.)

716.    Plaintiff SANDRA DUARTE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 713.)

717.    Plaintiff JOSE DUARTE LEMUS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 714.)

718.    Plaintiff ANA DUENAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 715.)

719.    Plaintiff STEVEN EHLERS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 716.)

720.    Plaintiff MICHELLE FAVAZZO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 717.)

721.    Plaintiff WILFREDO FELICIANO is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 718.)

722.    Plaintiff SALLY FIGUEIREDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 719.)

723.    Plaintiff FELICIA FLORES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 720.)

724.    Plaintiff CARLOS FLORES-CARRILLO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 721.)

725.    Plaintiff DIANE FORSMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 722.)

726.    Plaintiff CORRINE FRAYSINETTE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 723.)

727.    Plaintiff ANTONIO FUENTES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 724.)

728.    Plaintiff MARIA ELENA FUENTES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 725.)

729. Plaintiff VICKI FURR is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 726.)

730. Plaintiff WAYNE FURR is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 727.)

731. Plaintiff OSCAR GARCIA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 728.)

732. Plaintiff ROBERT GREGG is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 729.)

733. Plaintiff MAGDALENA GUIZAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 730.)

734. Plaintiff DARLENE N. HOLLOWAY is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 731.)

735. Plaintiff RALPH HOLLOWAY is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 732.)

736.   Plaintiff HARLEY HUNTER is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 733.)

737.   Plaintiff JEAN HUNTER is a resident of the State of Colorado and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 734.)

738.   Plaintiff GERDA HYPPOLITE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 735.)

739.   Plaintiff JOSEPH IGNACIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 736.)

740.   Plaintiff REBECCA IGNACIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 737.)

741.   Plaintiff ROGER JAMES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 738.)

742.   Plaintiff ARMANDO JIMENEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 739.)

743. Plaintiff JAVIER JIMENEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 740.)

744. Plaintiff SANDY JIMENEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 741.)

745. Plaintiff DIANE KEPLEY is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 742.)

746. Plaintiff RICHARD KEPLEY is a resident of the State of North Carolina and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 743.)

747. Plaintiff GLADYS KRANTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 744.)

748. Plaintiff RICHARD KRANTZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 745.)

749. Plaintiff DEBORAH LAMB is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 746.)

750.    Plaintiff MANUEL LANDAVAZO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 747.)

751.    Plaintiff SHERRIE LANDOVASO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 748.)

752.    Plaintiff THEIN LAM LE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 749.)

753.    Plaintiff KEN LEON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 750.)

754.    Plaintiff CONSUELO LOMBERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 751.)

755.    Plaintiff HILARIO LUCERO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 752.)

756.    Plaintiff ADELFO MACASA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 753.)

757.    Plaintiff LEONARDA MACASA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 754.)

758.    Plaintiff JANET MARSHALL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 755.)

759.    Plaintiff JULIO MARTINS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 756.)

760.    Plaintiff ROBERTO MEDINA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 757.)

761.    Plaintiff BRUCE MILLIGAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 758.)

762.    Plaintiff BAHMAN MIRSHAFIEE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 759.)

763.    Plaintiff FARAHNAZ MIRSHAFIEE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 760.)

764. Plaintiff KIMBERLY MITCHELL is a resident of the State of Washington and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 761.)

765. Plaintiff WILLIAM MITCHELL is a resident of the State of Washington and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 762.)

766. Plaintiff MARIA MOULES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 763.)

767. Plaintiff JOSE NARIO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 764.)

768. Plaintiff STEVEN NEWTON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 765.)

769. Plaintiff KAREN NIERHAKE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 766.)

770. Plaintiff CINDY OCHOA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 767.)

771. Plaintiff DEANA OSEGUERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 768.)

772. Plaintiff JOSE OSEGUERA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 769.)

773. Plaintiff MANUEL CASTRO PALMA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 770.)

774. Plaintiff ROMINA PAREDES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 771.)

775. Plaintiff KEN PARKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 772.)

776. Plaintiff DON PEDEN is a resident of the State of Ohio and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 773.)

777. Plaintiff SOCORRO PEREDA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 774.)

778.    Plaintiff IRVING PHAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 775.)

779.    Plaintiff LUZ RAMIREZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 776.)

780.    Plaintiff SEYED RAZAVI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 777.)

781.    Plaintiff GERALD ROBERTS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 778.)

782.    Plaintiff LISA RODRIGUEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 779.)

783.    Plaintiff JOSEPH R. RODRIGUEZ JR. is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 780.)

784.    Plaintiff OFELIA ROMERO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 781.)

785. Plaintiff JOE SALAZAR is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 782.)

786. Plaintiff REGINALD SANTIAGO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 783.)

787. Plaintiff MICHAEL SANTOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 784.)

788. Plaintiff YVONNE SANTOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 785.)

789. Plaintiff GEORGE SEELEY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 786.)

790. Plaintiff TERRY SHAFFER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 787.)

791. Plaintiff CHERYL SHAW is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 788.)

792. Plaintiff CHRISTINE SHIPMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 789.)

793. Plaintiff JAMES SHIPMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 790.)

794. Plaintiff ANABEL SILVA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 791.)

795. Plaintiff MARTIN SILVA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 792.)

796. Plaintiff MIKE SMITH is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 793.)

797. Plaintiff JONNY MARIE TORRES is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 794.)

798. Plaintiff JORGE TORRES is a resident of the State of Illinois and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 795.)

799. Plaintiff CHARLOTTE O. TUCKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 796.)

800. Plaintiff WILLIAM TUCKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 797.)

801. Plaintiff THEREISI VILLARUZE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 798.)

802. Plaintiff HUY VO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 799.)

803. Plaintiff DAVID WALLACE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 800.)

804. Plaintiff VICTORIA WALLACE is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 801.)

805. Plaintiff KLAUDIA WILCZKOWIAK is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 802.)

806.    Plaintiff JAMES WRAY is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 803.)

807.    Plaintiff LEROY ANDERSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 804.)

808.    Plaintiff ALEXANDER ARRORACI is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 805.)

809.    Plaintiff RENEE BAYLIS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 806.)

810.    Plaintiff DENNIS BULMER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 807.)

811.    Plaintiff RICHARD CARROLL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 808.)

812.    Plaintiff DORIS COBURN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 809.)

813.    Plaintiff GEORGE COBURN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 810.)

814.    Plaintiff KC CRANDALL is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 811.)

815.    Plaintiff KEITH DENSON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 812.)

816.    Plaintiff SALLY FIGUEIREDO is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 813.)

817.    Plaintiff CHERYL FORD is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 814.)

818.    Plaintiff EDGART GONZALEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 815.)

819.    Plaintiff STEVE KONG is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 816.)

820.    Plaintiff JEFF LAVENDER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 817.)

821.    Plaintiff MARA LAVENDER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 818.)

822.    Plaintiff ROBERT LEWIN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 819.)

823.    Plaintiff JAMES LOCKER is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 820.)

824.    Plaintiff AVELINO MARTINEZ is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 821.)

825.    Plaintiff AIDA MEZA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 822.)

826.    Plaintiff JOSE MEZA is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 823.)

827. Plaintiff VIRGEN MONDRAGON is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 824.)

828. Plaintiff WILLIAM OAKS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 825.)

829. Plaintiff DOMINADOR RAMOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 826.)

830. Plaintiff PETRONILLA RAMOS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 827.)

831. Plaintiff ESME ROSS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 828.)

832. Plaintiff ROBERT ROSS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 829.)

833. Plaintiff CHRISTINE SHIPMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 830.)

834. Plaintiff JAMES SHIPMAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 831.)

835. Plaintiff CHARLES TAM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 832.)

836. Plaintiff RUBY TAM is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 833.)

837. Plaintiff RAYMOND TRAN is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 834.)

838. Plaintiff ROBERTO VARGAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 835.)

839. Plaintiff RUTH VARGAS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 836.)

840. Plaintiff RONALD WILLIAMS is a resident of the State of California and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 837.)

841.    Plaintiff NASIR FAIZI is a resident of the State of New York, County of Kings, and had a mortgage loan that was originated or serviced by one of the Defendants herein. (This Plaintiff shall be designated as Plaintiff No. 838.)

842.    Each Plaintiff herein had ownership and possession of funds -- material to the allegations herein -- in a sum of between $25,000.00 and $65,000.00 and in no event no more than $75,000.00, as of January 22, 2003.

843.    Each Plaintiff worked hard for these funds and earned them, paid state and federal taxes on them, and had the exclusive dominion and control over them.

844.    Through the wrongful conduct set forth in this complaint, the Defendants – and each of them – converted all of said funds and have continued the hiding and secreting of these funds from the period beginning on or about January 22, 2003 and continuing at all times thereafter.

845.    At all times, the Defendants – and each of them, as they entered the conspiracy alleged herein – continued to hide and secrete the converted funds despite demands that they cease and desist from doing so by the Plaintiffs.

846.    Plaintiffs neither consented to nor ratified the Defendants' conversion of their money as set forth in this complaint.

847.    Defendant BANK OF AMERICA, N.A. is a national banking association with its principal place of business located in Delaware ("BofA"). (This Defendant shall be designated as Defendant No. 1.)

848.    Defendant BANK OF AMERICA CORPORATION is a Delaware corporation ("BofAC"). (This Defendant shall be designated as Defendant No. 2.)

849.    Defendant COUNTRYWIDE FINANCIAL CORPORATION is a Delaware

corporation doing business as BAC HOME LOANS SERVICING ("CWFC"). (This Defendant shall be designated as Defendant No. 3.

850.   Defendant COUNTRYWIDE HOME LOANS, INC. is a New York corporation ("CWHL"). (This Defendant shall be designated as Defendant No. 4.)

851.   Defendant JPMorgan Chase Bank, N.A. is a national bank with its principal place of business located in New York, New York ("Chase Bank"). Chase Bank purchased the assets and assumed the liabilities of Washington Mutual Bank, F.S.B. after it failed in 2008 ("WAMU"). (This Defendant shall be designated as Defendant No. 5.)

852.   Chase Home Finance, LLC is a Delaware limited liability company and is a subsidiary of Chase Bank ("Chase Finance"). (This Defendant shall be designated as Defendant No. 6.)

853.   Defendant WELLS FARGO & COMPANY, a Delaware corporation with its principal place of business in California, is, among other things, a mortgage lender doing business in the State of California, County of Los Angeles, as well as across the country ("Wells Fargo Co"). (This Defendant shall be designated as Defendant No. 7.)

854.   Defendant WELLS FARGO BANK, N. A., is a bank subsidiary of Wells Fargo Company and is a business entity operating in the State of California ("Wells Fargo"). (This Defendant shall be designated as Defendant No. 8.)

855.   Defendant WACHOVIA BANK is a division of Wells Fargo Bank, N. A., a bank subsidiary of Wells Fargo & Company, and is a business entity operating in the State of California ("Wachovia"). (This Defendant shall be designated as Defendant No. 9.)

856.   CITIGROUP, INC. is a banking corporation with its principal place of business located in New York, County of Kings ("Citigroup"). (This Defendant shall be designated as Defendant No. 10.)

857.   CITIBANK N.A. is a national banking association with its principal place of business located in New York ("Citibank"). (This Defendant shall be designated as Defendant No. 11.)

858.   U.S. BANCORP is a banking corporation with its principal place of business located in Delaware ("US Bancorp"). (This Defendant shall be designated as Defendant No. 12.)

859.   U.S. BANK, N.A. is a national banking association with its principal place of business located in Minnesota ("US BANK"). (This Defendant shall be designated as Defendant No. 13.)

860.   U.S. BANK TRUST COMPANY N.A. is a national banking association with its principal place of business located in Oregon ("USBTC"). (This Defendant shall be designated as Defendant No. 14.)

861.   U.S. BANK TRUST N.A. is a national banking association with its principal place of business located in Delaware ("USBT"). (This Defendant shall be designated as Defendant No. 15.)

862.   ALLY FINANCIAL, INC. is a banking corporation with its principal place of business located in Michigan ("Ally"). (This Defendant shall be designated as Defendant No. 16.)

863.   GENERAL MOTORS ACCEPTANCE CORPORATION is a banking corporation with its principal place of business located in Michigan ("GMAC"). (This Defendant shall be designated as Defendant No. 17.)

864.    ONEWEST BANK, F.S.B. is a federal savings bank with its principal place of business located in California ("Onewest"). (This Defendant shall be designated as Defendant No. 18.)

865.    HSBC HOLDINGS, PLC is an unknown business entity with its principal place of business located in the United Kingdom ("HSBC"). (This Defendant shall be designated as Defendant No. 19.)

866.    AURORA BANK, F.S.B. is a federal savings bank with its principal place of business located in Delaware ("Aurora"). (This Defendant shall be designated as Defendant No. 20.)

867.    OCWEN FINANCIAL CORPORATION is a banking corporation with its principal place of business located in Georgia ("Ocwen"). (This Defendant shall be designated as Defendant No. 21.)

868.    DEUTSCHE BANK AG is an unknown business entity with its principal place of business located in Germany ("Deutsche AG"). (This Defendant shall be designated as Defendant No. 22.)

869.    DEUTSCHE BANK NATIONAL TRUST COMPANY is an unknown business entity with its principal place of business located in California ("Deutsche Bank"). (This Defendant shall be designated as Defendant No. 23.)

870.    EMC CORPORATION is a banking corporation with its principal place of business located in Massachusetts ("EMC"). (This Defendant shall be designated as Defendant No. 24.)

871.   EMC MORTGAGE CORPORATION is a Delaware corporation with its principal place of business located in Texas ("EMC Mortgage"). EMC is an affiliate of Chase Bank. (This Defendant shall be designated as Defendant No. 25.)

872.   PNC BANK, N.A. is a national banking association with its principal place of business located in Pennsylvania ("PNC"). (This Defendant shall be designated as Defendant No. 26.)

873.   ING GROUP is an unknown business entity with its principal place of business located in the Netherlands ("ING"). (This Defendant shall be designated as Defendant No. 27.)

874.   BofA, BofAC, CWFC, CWHL, Chase Bank, WAMU, Chase Finance, Wells Fargo Co, Wells Fargo, Wachovia, Citigroup, Citibank, US Bancorp, US Bank, USBTC, USBT, Ally, GMAC, Onewest, HSBC, Aurora, Ocwen, Deutsche AG, Deutsche Bank, EMC, EMC Mortgage, PNC, ING, along with their affiliated entities during or before the time that they were affiliated, are referred to collectively herein as "Defendant Servicers."

875.   Defendant Services, either directly or through their agents, employees, and subsidiaries, have serviced tens of thousands of residential real estate loans in the State of New York. Defendant Services have also filed thousands of foreclosure-related proceedings in the State of New York, including foreclosure actions filed in New York state courts and proofs of claims and applications to lift stays in the federal bankruptcy courts in the State of New York (collectively, "Foreclosure Proceedings").

876.   Defendant MERSCORP, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia ("MERSCORP"). MERSCORP has been registered to conduct business in the State of New York as a foreign corporation since 1997. MERSCORP is owned by many of the Defendant herein, as well as government-sponsored entities such as the Federal

National Mortgage Funding Association, known as "Fannie Mae" and the Federal Home Loan Mortgage Corporation, known as "Freddie Mac," mortgage insurance and title insurance companies (First American Title Insurance Corporation and PMI Insurance Company), and the Mortgage Bankers Association. MERSCORP owns and operates an electronic registry system that purports to track the ownership and servicing right of its members in residential mortgage loans (the "MERS System"). There are over 3,000 members of MERSCORP. (This Defendant shall be designated as Defendant No. 28.)

877.    Defendant Mortgage Electronic Registration Systems, Inc. is a wholly-owned subsidiary of MERSCORP ("MERS"). MERS is a Delaware corporation with its principal place of business located in Reston, Virginia. MERS has been registered to do business in New York as a foreign corporation since May 4, 1999. MERS serves as the nominal mortgagee in the public land records for loans that are registered on the MERS System. Since 2001, MERS has served as the mortgagee of record for over 1.5 million mortgages secured by properties located in the State of New York. (This Defendant shall be designated as Defendant No. 29.)

878.    MERSCORP and MERS are collectively referred to as "MERS."

878.    COUNTRYWIDE ALTERNATIVE INVESTMENTS is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 30.)

879.    COUNTRYWIDE CAPITAL I is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 31.)

880. COUNTRYWIDE CAPITAL II is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 32.)

881. COUNTRYWIDE CAPITAL III is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 33.)

882. COUNTYWIDE CAPITAL IV is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 34.)

883. COUNTRYWIDE CAPITAL V is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 35.)

884. COUNTRYWIDE CAPITAL VI is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 36.)

885. COUNTRYWIDE CAPITAL VII is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 37.)

886. COUNTRYWIDE CAPITAL VIII is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 38.)

887.   COUNTRYWIDE CAPITAL IX is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 39.)

888.   COUNTRYWIDE CAPITAL MARKETS ASIA (HK) LIMITED is an Unknown Business Entity located in China. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 40.)

889.   COUNTYWIDE CAPITAL MARKETS, LLC is a Limited Liability Company located in California. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 41.)

890.   COUNTRYWIDE COMMERCIAL JPI LLC is a Limited Liability Company located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 42.)

891.   COUNTRYWIDE COMMERCIAL MORTGAGE CAPITAL, INC. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 43.)

892.   COUNTRYWIDE COMMERCIAL REAL ESTATE FINANCE is a Corporation located in California. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 44.)

893.   COUNTRYWIDE HILLCREST I is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 45.)

894.    COUNTRYWIDE INTERNATIONAL GP HOLDINGS is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 46.)

895.    COUNTRYWIDE MANAGEMENT CORPORATION is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 47.)

896.    COUNTRYWIDE MORTGAGE VENTURES, LLC is a Limited Liability Company located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 48.)

897.    COUNTRYWIDE INTERNATIONAL TECHNOLOGY HOLDINGS LIMITED is an Unknown Business Entity located in Island of Guernsey. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 49.)

898.    COUNTRYWIDE WAREHOUSE LENDING is an Unknown Business Entity located in California. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 50.)

899.    CWABS II, INC. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 51.)

900.    CWALT, INC. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 52.)

901. CYRUS ACCESS, LTD. is an Unknown Business Entity located in New York. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 53.)

902. DIVERSIFIED ALPHA FUND (MASTER), LTD. is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 54.)

903. HALCYON ACCESS, LTD. is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 55.)

904. INDOPARK HOLDINGS, LTD. is an Unknown Business Entity located in Mauritius. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 56.)

905. INVESTMENTS 2234 PHILIPPINES FUND I (SPV-AMC), INC. is a Corporation located in Philippines. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 57.)

906. ML BANDERIA CAYMAN BRL INC. is a Corporation located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 58.)

907. ML WHITBY LUXEMBOURG S.A.R.L. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 59.)

908. ZEUS RECOVERY FUND, S.A. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 60.)

909. J.P. MORGAN MANSART INVESTMENTS is an Unknown Business Entity located in France. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 61.)

910. SAPOTORO COOPERATIEF U.A. is an Unknown Business Entity located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 62.)

911. ONE EQUITY PARTNERS II, L.P. is a Limited Partnership located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 63.)

912. ONE EQUITY PARTNERS III, L.P. is a Limited Partnership located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 64.)

913. ONE EQUITY PARTNERS IV, L.P. is a Limited Partnership located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 65.)

914. ONE EQUITY PARTNERS LLC is a Limited Liability Company located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 66.)

915.    BEAR STEARNS INTERNATIONAL FUNDING I S.A.R.L. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 67.)

916.    J.P. MORGAN DUBLIN FINANCIAL HOLDINGS LIMITED is an Unknown Business Entity located in Ireland. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 68.)

917.    J.P. MORGAN FINANCE JAPAN YK is an Unknown Business Entity located in Japan. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 69.)

918.    J.P. MORGAN SERVICES INDIA PRIVATE LIMITED is an Unknown Business Entity located in India. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 70.)

919.    HENRY BATH BV is a Private Limited Liability Company located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 71.)

920.    GAVEA INVESTIMENTOS LTDA. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 72.)

921.    J.P. MORGAN RESEARCH TOTAL RETURN MASTER FUND LTD. is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 73.)

922.   J.P. MORGAN DISTRESSED DEBT MASTER FUND LTD. is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 74.)

923.   J.P. MORGAN GREATER CHINA PORPERTY FUND CAYMAN SLP L.P. is a Limited Partnership located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 75.)

924.   J.P. MORGAN ASSET MANAGEMENT HOLDINGS (LUXEMBOURG) S.A.R.L. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 76.)

925.   J.P. MORGAN ASSET MANAGEMENT HOLDINGS LUXEMBOURG S.A. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 77.)

926.   J.P. MORGAN CHASE CUSTODY SERVICES, INC. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 78.)

927.   ATACAMA MULTIMERCADO - FUNDO DE INVESTIMENTO is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 79.)

928.   J.P. MORGAN S.A. DISTRIBUIDORA DE TITULOS E VALORES MOBILIARIOS is an Unknown Business Entity located in Brazil. This Defendant is fully

subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 80.)

929.   J.P. MORGAN BANK LUXEMBOURG S.A. is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 81.)

930.   BANCO J.P. MORGAN S.A., INSTITUCION DE BANCA MULTIPLE, J.P. MORGAN GRUPO FINANCIERO is an Unknown Business Entity located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 82.)

931.   J.P. MORGAN INTERNATIONAL HOLDINGS LIMITED is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 83.)

932.   J.P. MORGAN CHASE BANK (CHINA) COMPANY LIMITED is an Unknown Business Entity located in People's Republic of China. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 84.)

933.   J.P. MORGAN PCA HOLDINGS (MAURITIUS) I LIMITED is an Unknown Business Entity located in Mauritius. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 85.)

934.   DANUBE HOLDINGS I C.V. is a Limited Partnership located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 86.)

935.  DANUBE HOLDINGS III C.V. is a Limited Partnership located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 87.)

936.  EUROPEAN CREDIT FUND SICAV II is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 88.)

937.  EVERGREEN ECM HOLDINGS B.V. is a Limited Liability Company located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 89.)

938.  GOLDEN FUNDING COMPANY is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 90.)

939.  ISLAND FINANCE HOLDING COMPANY, LLC is a Limited Liability Company located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 91.)

940.  JORDAN INVESTMENTS LP UK is a Limited Partnership located in UK - Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 92.)

941.  NORWEST VENTURE PARTNERS FVCI SINGAPORE PRIVATE LIMITED is an Unknown Business Entity located in Singapore. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 93.)

942.   NORWEST VENTURE PARTNERS VI, LP is a Limited Partnership located in Minnesota. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 94.)

943.   NORWEST VENTURE PARTNERS VI-A, LP is a Limited Partnership located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 95.)

944.   NORWEST VENTURE PARTNERS VII, LP is a Limited Partnership located in Minnesota. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 96.)

945.   NORWEST VENTURE PARTNERS VII-A FII MAURITIUS is an Unknown Business Entity located in Mauritius. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 97.)

946.   NORWEST VENTURE PARTNERS VII-A FVCI MAURITIUS is an Unknown Business Entity located in Mauritius. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 98.)

947.   NORWEST VENTURE PARTNERS VII-A MAURITIUS is an Unknown Business Entity located in Mauritius. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 99.)

948.   OVERLAND RELATIVE VALUE FUND LTD. is an Unknown Business Entity located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 100.)

949.    OVERLAND RELATIVE VALUE MASTER FUND LP is a Limited Partnership located in Cayman Islands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 101.)

950.    PARTNERSHIP INVESTMENTS S.A.R.L. is a Private Limited Company located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 102.)

951.    CITIBANK (CHINA) CO., LTD. is an Unknown Business Entity located in China. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 103.)

952.    CITIBANK DEL PERU S.A. is a Corporation located in Peru. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 104.)

953.    CITIBANK MAGHREB is an Unknown Business Entity located in Morocco. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 105.)

954.    BANCO CITIBANK DE GUETEMALA, S.A. is a Corporation located in Guetemala. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 106.)

955.    BANCO CITIBANK S.A. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 107.)

956.    CHELSEA PARTICIPACOES SOCIETARIAS E INVESTIMENTOS LTDA. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in

this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 108.)

957.    CITIBANK - DISTRIBUIDORA DE TITULOS E VALORES MOBILIARIOS S.A. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 109.)

958.    CITIFINANCIAL PROMOTORA DE NEGOCIOS & COBRANCA LTDA. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 110.)

959.    CITIBANK CORRETORA DE SEGUROS LTDA. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 111.)

960.    BANCO CITICARD S.A. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 112.)

961.    BANK HANDLOWY W WARSZAWIE S.A. is an Unknown Business Entity located in Poland. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 113.)

962.    CITI OVERSEAS INVESTMENTS BAHAMAS, INC. is a Corporation located in Bahamas. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 114.)

963.   CITIBANK CARTOES PARTICIPACOES LTDA. is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 115.)

964.   CITIGROUP GLOBAL MARKETS CORPORATION & CO. BESCHRANKT HAFTENDE KG is a Corporation located in Germany. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 116.)

965.   CITIGROUP GLOBAL MARKETS DEUTSCHLAND AG is a Corporation located in Germany. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 117.)

966.   CITIBANK   MEDIADOR,   OPERADOR   DE   BANCA   -   SEGUROS VINCULADO, SOCIEDAD ANONIMA is an Unknown Business Entity located in Spain. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 118.)

967.   CITIBANK HOLDINGS IRELAND LIMITED is an Unknown Business Entity located in Ireland. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 119.)

968.   CITICORP CAPITAL PHILIPPINES, INC. is a Corporation located in Philippines. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 120.)

969.   CITICORP FINANCE (INDIA) LIMITED is an Unknown Business Entity located in India. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 121.)

970. CITIGROUP ASIA PACIFIC HOLDING CORPORATION is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 122.)

971. CITIGROUP HOLDING (SINGAPORE) PRIVATE LIMITED is an Unknown Business Entity located in Singapore. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 123.)

972. CITIBANK (HONG KONG) LIMITED is an Unknown Business Entity located in Hong Kong. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 124.)

973. CITIBANK BERHAD is an Unknown Business Entity located in Malaysia. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 125.)

974. CITIBANK MALAYSIA (L) LIMITED is an Unknown Business Entity located in Malaysia. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 126.)

975. CITIGROUP NETHERLANDS HOLDINGS B.V. is a Limited Liability Company located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 127.)

976. LATIN AMERICAN INVESTMENT BANK BAHAMAS LIMITED is an Unknown Business Entity located in Bahamas. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 128.)

977.   ZAO CITIBANK is an Unknown Business Entity located in Russian Federation. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 129.)

978.   CITIGROUP GLOBAL MARKETS LUXEMBOURG is an Unknown Business Entity located in Luxembourg. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 130.)

979.   CITIGROUP GLOBAL MARKETS HONG KONG HOLDINGS LIMITED is an Unknown Business Entity located in Hong Kong. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 131.)

980.   CITIGROUP GLOBAL MARKETS SINGAPORE HOLDINGS PTE. LTD. is an Unknown Business Entity located in Singapore. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 132.)

981.   CITIGROUP GLOBAL MARKETS, SINGAPORE PTE. LTD. is an Unknown Business Entity located in Singapore. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 133.)

982.   CITIGROUP GLOBAL MARKETS INDIA PRIVATE LIMITED is an Unknown Business Entity located in India. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 134.)

983.   CITIGROUP GLOBAL MARKETS COMMERCIAL CORP. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 135.)

984.    COHM OVERSEAS MEXICO HOLDING, S. DE R.L. DE C.V. is a Limited Liability Company located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 136.)

985.    ELAVON DO BRASIL SOLUCOES DE PAGAMENTO S.A is an Unknown Business Entity located in Brazil. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 137.)

986.    ELAVON EUROPEAN HOLDINGS, C.V. is a Limited Partnership located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 138.)

987.    ELAVON FINANCIAL SERVICES LIMITED is an Unknown Business Entity located in Ireland. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 139.)

988.    USB NETHERLANDS B.V. is a Private Limited Liability Company located in Netherlands. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 140.)

989.    USB REALTY CORP. is a Corporation located in Delaware. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 141.)

990.    USB TRADE SERVICES LIMITED is an Unknown Business Entity located in Hong Kong. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 142.)

991. ELAVON MERCHANT SERVICES MEXICO, S. DE R.L. DE C.V. is a Limited Liability Company located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 143.)

992. ELAVON MEXICO HOLDING COMPANY, S.A. DE C.V. is a Corporation located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 144.)

993. ELAVON OPERATIONS COMPANY, S. DE R.I. DE C.V. is an Unknown Business Entity located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 145.)

994. ELAVON PUERTO RICO, INC. is a Corporation located in Puerto Rico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 146.)

995. ELAVON SERVICES COMPANY, S. DE R.I. DE C.V. is an Unknown Business Entity located in Mexico. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 147.)

996. GMAC HOLDINGS GMBH is a Limited Liability Company located in Germany. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 148.)

879. GMAC GERMANY GMBH & CO. KG is a Limited Liability Company located in Germany. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 149.)

880.   GMAC BANK GMBH is a Limited Partnership located in Germany. This Defendant is fully subject to jurisdiction in this action pursuant to applicable law. (This Defendant shall be designated as Defendant No. 150.)

881.   Defendant ALTERNATIVE LOAN TRUST 2004-10CB shall be designated as Defendant No. 151.

882.   Defendant ALTERNATIVE LOAN TRUST 2004-12CB shall be designated as Defendant No. 152.

883.   Defendant ALTERNATIVE LOAN TRUST 2004-13CB shall be designated as Defendant No. 153.

884.   Defendant ALTERNATIVE LOAN TRUST 2004-14T2 shall be designated as Defendant No. 154.

885.   Defendant ALTERNATIVE LOAN TRUST 2004-15 shall be designated as Defendant No. 155.

886.   Defendant ALTERNATIVE LOAN TRUST 2004-16CB shall be designated as Defendant No. 156.

887.   Defendant ALTERNATIVE LOAN TRUST 2004-17CB shall be designated as Defendant No. 157.

888.   Defendant ALTERNATIVE LOAN TRUST 2004-18CB shall be designated as Defendant No. 158.

889.   Defendant ALTERNATIVE LOAN TRUST 2004-20T1 shall be designated as Defendant No. 159.

890.   Defendant ALTERNATIVE LOAN TRUST 2004-22CB shall be designated as Defendant No. 160.

891.   Defendant ALTERNATIVE LOAN TRUST 2004-24CB shall be designated as Defendant No. 161.

892.   Defendant ALTERNATIVE LOAN TRUST 2004-25CB shall be designated as Defendant No. 162.

893.   Defendant ALTERNATIVE LOAN TRUST 2004-26T1 shall be designated as Defendant No. 163.

894.   Defendant ALTERNATIVE LOAN TRUST 2004-27CB shall be designated as Defendant No. 164.

895.   Defendant ALTERNATIVE LOAN TRUST 2004-7T1 shall be designated as Defendant No. 165.

896.   Defendant ALTERNATIVE LOAN TRUST 2004-8CB shall be designated as Defendant No. 166.

897.   Defendant ALTERNATIVE LOAN TRUST 2004-9T1 shall be designated as Defendant No. 167.

898.   Defendant ALTERNATIVE LOAN TRUST 2004-J7 shall be designated as Defendant No. 168.

899.   Defendant ALTERNATIVE LOAN TRUST 2004-J8 shall be designated as Defendant No. 169.

900.   Defendant ALTERNATIVE LOAN TRUST 2004-J9 shall be designated as Defendant No. 170.

901.   Defendant ALTERNATIVE LOAN TRUST 2005-10CB shall be designated as Defendant No. 171.

902.   Defendant ALTERNATIVE LOAN TRUST 2005-11CB shall be designated as Defendant No. 172.

903.   Defendant ALTERNATIVE LOAN TRUST 2005-13CB shall be designated as Defendant No. 173.

904.   Defendant ALTERNATIVE LOAN TRUST 2005-14 shall be designated as Defendant No. 174.

905.   Defendant ALTERNATIVE LOAN TRUST 2005-16 shall be designated as Defendant No. 175.

906.   Defendant ALTERNATIVE LOAN TRUST 2005-17 shall be designated as Defendant No. 176.

907.   Defendant ALTERNATIVE LOAN TRUST 2005-18CB shall be designated as Defendant No. 177.

908.   Defendant ALTERNATIVE LOAN TRUST 2005-19CB shall be designated as Defendant No. 178.

909.   Defendant ALTERNATIVE LOAN TRUST 2005-20CB shall be designated as Defendant No. 179.

910.   Defendant ALTERNATIVE LOAN TRUST 2005-21CB shall be designated as Defendant No. 180.

911.   Defendant ALTERNATIVE LOAN TRUST 2005-22T1 shall be designated as Defendant No. 181.

912.   Defendant ALTERNATIVE LOAN TRUST 2005-23CB shall be designated as Defendant No. 182.

913.    Defendant ALTERNATIVE LOAN TRUST 2005-24 shall be designated as Defendant No. 183.

914.    Defendant ALTERNATIVE LOAN TRUST 2005-25T1 shall be designated as Defendant No. 184.

915.    Defendant ALTERNATIVE LOAN TRUST 2005-26CB shall be designated as Defendant No. 185.

916.    Defendant ALTERNATIVE LOAN TRUST 2005-27 shall be designated as Defendant No. 186.

917.    Defendant ALTERNATIVE LOAN TRUST 2005-28CB shall be designated as Defendant No. 187.

918.    Defendant ALTERNATIVE LOAN TRUST 2005-29CB shall be designated as Defendant No. 188.

919.    Defendant ALTERNATIVE LOAN TRUST 2005-30CB shall be designated as Defendant No. 189.

920.    Defendant ALTERNATIVE LOAN TRUST 2005-31 shall be designated as Defendant No. 190.

921.    Defendant ALTERNATIVE LOAN TRUST 2005-32T1 shall be designated as Defendant No. 191.

922.    Defendant ALTERNATIVE LOAN TRUST 2005-33CB shall be designated as Defendant No. 192.

923.    Defendant ALTERNATIVE LOAN TRUST 2005-34CB shall be designated as Defendant No. 193.

924. Defendant ALTERNATIVE LOAN TRUST 2005-35CB shall be designated as Defendant No. 194.

925. Defendant ALTERNATIVE LOAN TRUST 2005-36 shall be designated as Defendant No. 195.

926. Defendant ALTERNATIVE LOAN TRUST 2005-37T1 shall be designated as Defendant No. 196.

927. Defendant ALTERNATIVE LOAN TRUST 2005-38 shall be designated as Defendant No. 197.

928. Defendant ALTERNATIVE LOAN TRUST 2005-4 shall be designated as Defendant No. 198.

929. Defendant ALTERNATIVE LOAN TRUST 2005-40CB shall be designated as Defendant No. 199.

930. Defendant ALTERNATIVE LOAN TRUST 2005-41 shall be designated as Defendant No. 200.

931. Defendant ALTERNATIVE LOAN TRUST 2005-42CB shall be designated as Defendant No. 201.

932. Defendant ALTERNATIVE LOAN TRUST 2005-43 shall be designated as Defendant No. 202.

933. Defendant ALTERNATIVE LOAN TRUST 2005-44 shall be designated as Defendant No. 203.

934. Defendant ALTERNATIVE LOAN TRUST 2005-45 shall be designated as Defendant No. 204.

935.   Defendant ALTERNATIVE LOAN TRUST 2005-45 shall be designated as Defendant No. 205.

936.   Defendant ALTERNATIVE LOAN TRUST 2005-45 shall be designated as Defendant No. 206.

937.   Defendant ALTERNATIVE LOAN TRUST 2005-46CB shall be designated as Defendant No. 207.

938.   Defendant ALTERNATIVE LOAN TRUST 2005-47CB shall be designated as Defendant No. 208.

939.   Defendant ALTERNATIVE LOAN TRUST 2005-48T1 shall be designated as Defendant No. 209.

940.   Defendant ALTERNATIVE LOAN TRUST 2005-49CB shall be designated as Defendant No. 210.

941.   Defendant ALTERNATIVE LOAN TRUST 2005-50CB shall be designated as Defendant No. 211.

942.   Defendant ALTERNATIVE LOAN TRUST 2005-51 shall be designated as Defendant No. 212.

943.   Defendant ALTERNATIVE LOAN TRUST 2005-53T2 shall be designated as Defendant No. 213.

944.   Defendant ALTERNATIVE LOAN TRUST 2005-54CB shall be designated as Defendant No. 214.

945.   Defendant ALTERNATIVE LOAN TRUST 2005-55CB shall be designated as Defendant No. 215.

946.    Defendant ALTERNATIVE LOAN TRUST 2005-56 shall be designated as Defendant No. 216.

947.    Defendant ALTERNATIVE LOAN TRUST 2005-56 shall be designated as Defendant No. 217.

948.    Defendant ALTERNATIVE LOAN TRUST 2005-57CB shall be designated as Defendant No. 218.

949.    Defendant ALTERNATIVE LOAN TRUST 2005-58 shall be designated as Defendant No. 219.

950.    Defendant ALTERNATIVE LOAN TRUST 2005-59 shall be designated as Defendant No. 220.

951.    Defendant ALTERNATIVE LOAN TRUST 2005-60T1 shall be designated as Defendant No. 221.

952.    Defendant ALTERNATIVE LOAN TRUST 2005-61 shall be designated as Defendant No. 222.

953.    Defendant ALTERNATIVE LOAN TRUST 2005-62 shall be designated as Defendant No. 223.

954.    Defendant ALTERNATIVE LOAN TRUST 2005-63 shall be designated as Defendant No. 224.

955.    Defendant ALTERNATIVE LOAN TRUST 2005-64CB shall be designated as Defendant No. 225.

956.    Defendant ALTERNATIVE LOAN TRUST 2005-65CB shall be designated as Defendant No. 226.

957.    Defendant ALTERNATIVE LOAN TRUST 2005-6CB shall be designated as Defendant No. 227.

958.    Defendant ALTERNATIVE LOAN TRUST 2005-70CB shall be designated as Defendant No. 228.

959.    Defendant ALTERNATIVE LOAN TRUST 2005-71 shall be designated as Defendant No. 229.

960.    Defendant ALTERNATIVE LOAN TRUST 2005-74T1 shall be designated as Defendant No. 230.

961.    Defendant ALTERNATIVE LOAN TRUST 2005-75CB shall be designated as Defendant No. 231.

962.    Defendant ALTERNATIVE LOAN TRUST 2005-75CB shall be designated as Defendant No. 232.

963.    Defendant ALTERNATIVE LOAN TRUST 2005-76 shall be designated as Defendant No. 233.

964.    Defendant ALTERNATIVE LOAN TRUST 2005-77T1 shall be designated as Defendant No. 234.

965.    Defendant ALTERNATIVE LOAN TRUST 2005-77T1 shall be designated as Defendant No. 235.

966.    Defendant ALTERNATIVE LOAN TRUST 2005-77T1 shall be designated as Defendant No. 236.

967.    Defendant ALTERNATIVE LOAN TRUST 2005-79CB shall be designated as Defendant No. 237.

968.    Defendant ALTERNATIVE LOAN TRUST 2005-7CB shall be designated as Defendant No. 238.

969.    Defendant ALTERNATIVE LOAN TRUST 2005-80CB shall be designated as Defendant No. 239.

970.    Defendant ALTERNATIVE LOAN TRUST 2005-81 shall be designated as Defendant No. 240.

971.    Defendant ALTERNATIVE LOAN TRUST 2005-82 shall be designated as Defendant No. 241.

972.    Defendant ALTERNATIVE LOAN TRUST 2005-82 shall be designated as Defendant No. 242.

973.    Defendant ALTERNATIVE LOAN TRUST 2005-83CB shall be designated as Defendant No. 243.

974.    Defendant ALTERNATIVE LOAN TRUST 2005-84 shall be designated as Defendant No. 244.

975.    Defendant ALTERNATIVE LOAN TRUST 2005-85CB shall be designated as Defendant No. 245.

976.    Defendant ALTERNATIVE LOAN TRUST 2005-86CB shall be designated as Defendant No. 246.

977.    Defendant ALTERNATIVE LOAN TRUST 2005-9CB shall be designated as Defendant No. 247.

978.    Defendant ALTERNATIVE LOAN TRUST 2005-AR1 shall be designated as Defendant No. 248.

979.    Defendant ALTERNATIVE LOAN TRUST 2005-IM1 shall be designated as Defendant No. 249.

980.    Defendant ALTERNATIVE LOAN TRUST 2005-J10 shall be designated as Defendant No. 250.

981.    Defendant ALTERNATIVE LOAN TRUST 2005-J11 shall be designated as Defendant No. 251.

982.    Defendant ALTERNATIVE LOAN TRUST 2005-J11 shall be designated as Defendant No. 252.

983.    Defendant ALTERNATIVE LOAN TRUST 2005-J4 shall be designated as Defendant No. 253.

984.    Defendant ALTERNATIVE LOAN TRUST 2005-J6 shall be designated as Defendant No. 254.

985.    Defendant ALTERNATIVE LOAN TRUST 2005-J7 shall be designated as Defendant No. 255.

986.    Defendant ALTERNATIVE LOAN TRUST 2006-0C5 shall be designated as Defendant No. 256.

987.    Defendant ALTERNATIVE LOAN TRUST 2006-11CB shall be designated as Defendant No. 257.

988.    Defendant ALTERNATIVE LOAN TRUST 2006-12CB shall be designated as Defendant No. 258.

989.    Defendant ALTERNATIVE LOAN TRUST 2006-13T1 shall be designated as Defendant No. 259.

990.   Defendant ALTERNATIVE LOAN TRUST 2006-14CB shall be designated as Defendant No. 260.

991.   Defendant ALTERNATIVE LOAN TRUST 2006-15CB shall be designated as Defendant No. 261.

992.   Defendant ALTERNATIVE LOAN TRUST 2006-16CB shall be designated as Defendant No. 262.

993.   Defendant ALTERNATIVE LOAN TRUST 2006-17T1 shall be designated as Defendant No. 263.

994.   Defendant ALTERNATIVE LOAN TRUST 2006-18CB shall be designated as Defendant No. 264.

995.   Defendant ALTERNATIVE LOAN TRUST 2006-19CB shall be designated as Defendant No. 265.

996.   Defendant ALTERNATIVE LOAN TRUST 2006-20CB shall be designated as Defendant No. 266.

997.   Defendant ALTERNATIVE LOAN TRUST 2006-21CB shall be designated as Defendant No. 267.

998.   Defendant ALTERNATIVE LOAN TRUST 2006-21CB shall be designated as Defendant No. 268.

999.   Defendant ALTERNATIVE LOAN TRUST 2006-21CB shall be designated as Defendant No. 269.

1000.  Defendant ALTERNATIVE LOAN TRUST 2006-23CB shall be designated as Defendant No. 270.

1001.  Defendant ALTERNATIVE LOAN TRUST 2006-23CB shall be designated as Defendant No. 271.

1002.  Defendant ALTERNATIVE LOAN TRUST 2006-24CB shall be designated as Defendant No. 272.

1003.  Defendant ALTERNATIVE LOAN TRUST 2006-25CB shall be designated as Defendant No. 273.

1004.  Defendant ALTERNATIVE LOAN TRUST 2006-25CB shall be designated as Defendant No. 274.

1005.  Defendant ALTERNATIVE LOAN TRUST 2006-26CB shall be designated as Defendant No. 275.

1006.  Defendant ALTERNATIVE LOAN TRUST 2006-26CB shall be designated as Defendant No. 276.

1007.  Defendant ALTERNATIVE LOAN TRUST 2006-27CB shall be designated as Defendant No. 277.

1008.  Defendant ALTERNATIVE LOAN TRUST 2006-28CB shall be designated as Defendant No. 278.

1009.  Defendant ALTERNATIVE LOAN TRUST 2006-29T1 shall be designated as Defendant No. 279.

1010.  Defendant ALTERNATIVE LOAN TRUST 2006-2CB shall be designated as Defendant No. 280.

1011.  Defendant ALTERNATIVE LOAN TRUST 2006-30T1 shall be designated as Defendant No. 281.

1012.  Defendant ALTERNATIVE LOAN TRUST 2006-31CB shall be designated as
Defendant No. 282.

1013.  Defendant ALTERNATIVE LOAN TRUST 2006-31CB shall be designated as
Defendant No. 283.

1014.  Defendant ALTERNATIVE LOAN TRUST 2006-32CB shall be designated as
Defendant No. 284.

1015.  Defendant ALTERNATIVE LOAN TRUST 2006-33CB shall be designated as
Defendant No. 285.

1016.  Defendant ALTERNATIVE LOAN TRUST 2006-34 shall be designated as
Defendant No. 286.

1017.  Defendant ALTERNATIVE LOAN TRUST 2006-35CB shall be designated as
Defendant No. 287.

1018.  Defendant ALTERNATIVE LOAN TRUST 2006-36T2 shall be designated as
Defendant No. 288.

1019.  Defendant ALTERNATIVE LOAN TRUST 2006-36T2 shall be designated as
Defendant No. 289.

1020.  Defendant ALTERNATIVE LOAN TRUST 2006-36T2 shall be designated as
Defendant No. 290.

1021.  Defendant ALTERNATIVE LOAN TRUST 2006-37R shall be designated as
Defendant No. 291.

1022.  Defendant ALTERNATIVE LOAN TRUST 2006-39CB shall be designated as
Defendant No. 292.

1023. Defendant ALTERNATIVE LOAN TRUST 2006-39CB shall be designated as Defendant No. 293.

1024. Defendant ALTERNATIVE LOAN TRUST 2006-39CB shall be designated as Defendant No. 294.

1025. Defendant ALTERNATIVE LOAN TRUST 2006-40T1 shall be designated as Defendant No. 295.

1026. Defendant ALTERNATIVE LOAN TRUST 2006-40T1 shall be designated as Defendant No. 296.

1027. Defendant ALTERNATIVE LOAN TRUST 2006-41CB shall be designated as Defendant No. 297.

1028. Defendant ALTERNATIVE LOAN TRUST 2006-42 shall be designated as Defendant No. 298.

1029. Defendant ALTERNATIVE LOAN TRUST 2006-43CB shall be designated as Defendant No. 299.

1030. Defendant ALTERNATIVE LOAN TRUST 2006-45T1 shall be designated as Defendant No. 300.

1031. Defendant ALTERNATIVE LOAN TRUST 2006-45T1 shall be designated as Defendant No. 301.

1032. Defendant ALTERNATIVE LOAN TRUST 2006-46 shall be designated as Defendant No. 302.

1033. Defendant ALTERNATIVE LOAN TRUST 2006-4CB shall be designated as Defendant No. 303.

1034. Defendant ALTERNATIVE LOAN TRUST 2006-5T2 shall be designated as Defendant No. 304.

1035. Defendant ALTERNATIVE LOAN TRUST 2006-6CB shall be designated as Defendant No. 305.

1036. Defendant ALTERNATIVE LOAN TRUST 2006-7CB shall be designated as Defendant No. 306.

1037. Defendant ALTERNATIVE LOAN TRUST 2006-7CB shall be designated as Defendant No. 307.

1038. Defendant ALTERNATIVE LOAN TRUST 2006-8T1 shall be designated as Defendant No. 308.

1039. Defendant ALTERNATIVE LOAN TRUST 2006-9T1 shall be designated as Defendant No. 309.

1040. Defendant ALTERNATIVE LOAN TRUST 2006-HY10 shall be designated as Defendant No. 310.

1041. Defendant ALTERNATIVE LOAN TRUST 2006-HY11 shall be designated as Defendant No. 311.

1042. Defendant ALTERNATIVE LOAN TRUST 2006-HY12 shall be designated as Defendant No. 312.

1043. Defendant ALTERNATIVE LOAN TRUST 2006-HY12 shall be designated as Defendant No. 313.

1044. Defendant ALTERNATIVE LOAN TRUST 2006-HY13 shall be designated as Defendant No. 314.

1045. Defendant ALTERNATIVE LOAN TRUST 2006-HY3 shall be designated as Defendant No. 315.

1046. Defendant ALTERNATIVE LOAN TRUST 2006-J1 shall be designated as Defendant No. 316.

1047. Defendant ALTERNATIVE LOAN TRUST 2006-J2 shall be designated as Defendant No. 317.

1048. Defendant ALTERNATIVE LOAN TRUST 2006-J2 shall be designated as Defendant No. 318.

1049. Defendant ALTERNATIVE LOAN TRUST 2006-J3 shall be designated as Defendant No. 319.

1050. Defendant ALTERNATIVE LOAN TRUST 2006-J4 shall be designated as Defendant No. 320.

1051. Defendant ALTERNATIVE LOAN TRUST 2006-J4 shall be designated as Defendant No. 321.

1052. Defendant ALTERNATIVE LOAN TRUST 2006-J4 shall be designated as Defendant No. 322.

1053. Defendant ALTERNATIVE LOAN TRUST 2006-J5 shall be designated as Defendant No. 323.

1054. Defendant ALTERNATIVE LOAN TRUST 2006-J6 shall be designated as Defendant No. 324.

1055. Defendant ALTERNATIVE LOAN TRUST 2006-J7 shall be designated as Defendant No. 325.

1056.  Defendant ALTERNATIVE LOAN TRUST 2006-J8 shall be designated as Defendant No. 326.

1057.  Defendant ALTERNATIVE LOAN TRUST 2006-J8 shall be designated as Defendant No. 327.

1058.  Defendant ALTERNATIVE LOAN TRUST 2006-OA1 shall be designated as Defendant No. 328.

1059.  Defendant ALTERNATIVE LOAN TRUST 2006-OA10 shall be designated as Defendant No. 329.

1060.  Defendant ALTERNATIVE LOAN TRUST 2006-OA10 shall be designated as Defendant No. 330.

1061.  Defendant ALTERNATIVE LOAN TRUST 2006-OA11 shall be designated as Defendant No. 331.

1062.  Defendant ALTERNATIVE LOAN TRUST 2006-OA12 shall be designated as Defendant No. 332.

1063.  Defendant ALTERNATIVE LOAN TRUST 2006-OA14 shall be designated as Defendant No. 333.

1064.  Defendant ALTERNATIVE LOAN TRUST 2006-OA16 shall be designated as Defendant No. 334.

1065.  Defendant ALTERNATIVE LOAN TRUST 2006-OA17 shall be designated as Defendant No. 335.

1066.  Defendant ALTERNATIVE LOAN TRUST 2006-OA18 shall be designated as Defendant No. 336.

1067.  Defendant ALTERNATIVE LOAN TRUST 2006-OA19 shall be designated as Defendant No. 337.

1068.  Defendant ALTERNATIVE LOAN TRUST 2006-OA2 shall be designated as Defendant No. 338.

1069.  Defendant ALTERNATIVE LOAN TRUST 2006-OA21 shall be designated as Defendant No. 339.

1070.  Defendant ALTERNATIVE LOAN TRUST 2006-OA21 shall be designated as Defendant No. 340.

1071.  Defendant ALTERNATIVE LOAN TRUST 2006-OA22 shall be designated as Defendant No. 341.

1072.  Defendant ALTERNATIVE LOAN TRUST 2006-OA3 shall be designated as Defendant No. 342.

1073.  Defendant ALTERNATIVE LOAN TRUST 2006-OA6 shall be designated as Defendant No. 343.

1074.  Defendant ALTERNATIVE LOAN TRUST 2006-OA7 shall be designated as Defendant No. 344.

1075.  Defendant ALTERNATIVE LOAN TRUST 2006-OA7 shall be designated as Defendant No. 345.

1076.  Defendant ALTERNATIVE LOAN TRUST 2006-OA8 shall be designated as Defendant No. 346.

1077.  Defendant ALTERNATIVE LOAN TRUST 2006-OA8 shall be designated as Defendant No. 347.

1078. Defendant ALTERNATIVE LOAN TRUST 2006-OA9 shall be designated as Defendant No. 348.

1079. Defendant ALTERNATIVE LOAN TRUST 2006-OC1 shall be designated as Defendant No. 349.

1080. Defendant ALTERNATIVE LOAN TRUST 2006-OC1 shall be designated as Defendant No. 350.

1081. Defendant ALTERNATIVE LOAN TRUST 2006-OC10 shall be designated as Defendant No. 351.

1082. Defendant ALTERNATIVE LOAN TRUST 2006-OC11 shall be designated as Defendant No. 352.

1083. Defendant ALTERNATIVE LOAN TRUST 2006-OC2 shall be designated as Defendant No. 353.

1084. Defendant ALTERNATIVE LOAN TRUST 2006-OC3 shall be designated as Defendant No. 354.

1085. Defendant ALTERNATIVE LOAN TRUST 2006-OC4 shall be designated as Defendant No. 355.

1086. Defendant ALTERNATIVE LOAN TRUST 2006-OC6 shall be designated as Defendant No. 356.

1087. Defendant ALTERNATIVE LOAN TRUST 2006-OC7 shall be designated as Defendant No. 357.

1088. Defendant ALTERNATIVE LOAN TRUST 2006-OC7 shall be designated as Defendant No. 358.

1089.  Defendant ALTERNATIVE LOAN TRUST 2006-OC8 shall be designated as Defendant No. 359.

1090.  Defendant ALTERNATIVE LOAN TRUST 2006-OC9 shall be designated as Defendant No. 360.

1091.  Defendant ALTERNATIVE LOAN TRUST 2007-10CB shall be designated as Defendant No. 361.

1092.  Defendant ALTERNATIVE LOAN TRUST 2007-10CB shall be designated as Defendant No. 362.

1093.  Defendant ALTERNATIVE LOAN TRUST 2007-10CB shall be designated as Defendant No. 363.

1094.  Defendant ALTERNATIVE LOAN TRUST 2007-11T1 shall be designated as Defendant No. 364.

1095.  Defendant ALTERNATIVE LOAN TRUST 2007-11T1 shall be designated as Defendant No. 365.

1096.  Defendant ALTERNATIVE LOAN TRUST 2007-11T1 shall be designated as Defendant No. 366.

1097.  Defendant ALTERNATIVE LOAN TRUST 2007-12T1 shall be designated as Defendant No. 367.

1098.  Defendant ALTERNATIVE LOAN TRUST 2007-12T1 shall be designated as Defendant No. 368.

1099.  Defendant ALTERNATIVE LOAN TRUST 2007-12T1 shall be designated as Defendant No. 369.

1100.  Defendant ALTERNATIVE LOAN TRUST 2007-13 shall be designated as Defendant No. 370.

1101.  Defendant ALTERNATIVE LOAN TRUST 2007-14T2 shall be designated as Defendant No. 371.

1102.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 372.

1103.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 373.

1104.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 374.

1105.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 375.

1106.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 376.

1107.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 377.

1108.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 378.

1109.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 379.

1110.  Defendant ALTERNATIVE LOAN TRUST 2007-15CB shall be designated as Defendant No. 380.

1111. Defendant ALTERNATIVE LOAN TRUST 2007-16CB shall be designated as Defendant No. 381.

1112. Defendant ALTERNATIVE LOAN TRUST 2007-16CB shall be designated as Defendant No. 382.

1113. Defendant ALTERNATIVE LOAN TRUST 2007-16CB shall be designated as Defendant No. 383.

1114. Defendant ALTERNATIVE LOAN TRUST 2007-17CB shall be designated as Defendant No. 384.

1115. Defendant ALTERNATIVE LOAN TRUST 2007-17CB shall be designated as Defendant No. 385.

1116. Defendant ALTERNATIVE LOAN TRUST 2007-18CB shall be designated as Defendant No. 386.

1117. Defendant ALTERNATIVE LOAN TRUST 2007-19 shall be designated as Defendant No. 387.

1118. Defendant ALTERNATIVE LOAN TRUST 2007-19 shall be designated as Defendant No. 388.

1119. Defendant ALTERNATIVE LOAN TRUST 2007-19 shall be designated as Defendant No. 389.

1120. Defendant ALTERNATIVE LOAN TRUST 2007-1T1 shall be designated as Defendant No. 390.

1121. Defendant ALTERNATIVE LOAN TRUST 2007-20 shall be designated as Defendant No. 391.

1122.  Defendant ALTERNATIVE LOAN TRUST 2007-21CB shall be designated as Defendant No. 392.

1123.  Defendant ALTERNATIVE LOAN TRUST 2007-22 shall be designated as Defendant No. 393.

1124.  Defendant ALTERNATIVE LOAN TRUST 2007-22 shall be designated as Defendant No. 394.

1125.  Defendant ALTERNATIVE LOAN TRUST 2007-22 shall be designated as Defendant No. 395.

1126.  Defendant ALTERNATIVE LOAN TRUST 2007-23CB shall be designated as Defendant No. 396.

1127.  Defendant ALTERNATIVE LOAN TRUST 2007-23CB shall be designated as Defendant No. 397.

1128.  Defendant ALTERNATIVE LOAN TRUST 2007-24 shall be designated as Defendant No. 398.

1129.  Defendant ALTERNATIVE LOAN TRUST 2007-25 shall be designated as Defendant No. 399.

1130.  Defendant ALTERNATIVE LOAN TRUST 2007-25 shall be designated as Defendant No. 400.

1131.  Defendant ALTERNATIVE LOAN TRUST 2007-25 shall be designated as Defendant No. 401.

1132.  Defendant ALTERNATIVE LOAN TRUST 2007-25 shall be designated as Defendant No. 402.

1133. Defendant ALTERNATIVE LOAN TRUST 2007-25 shall be designated as Defendant No. 403.

1134. Defendant ALTERNATIVE LOAN TRUST 2007-2CB shall be designated as Defendant No. 404.

1135. Defendant ALTERNATIVE LOAN TRUST 2007-3T1 shall be designated as Defendant No. 405.

1136. Defendant ALTERNATIVE LOAN TRUST 2007-3T1 shall be designated as Defendant No. 406.

1137. Defendant ALTERNATIVE LOAN TRUST 2007-4CB shall be designated as Defendant No. 407.

1138. Defendant ALTERNATIVE LOAN TRUST 2007-4CB shall be designated as Defendant No. 408.

1139. Defendant ALTERNATIVE LOAN TRUST 2007-4CB shall be designated as Defendant No. 409.

1140. Defendant ALTERNATIVE LOAN TRUST 2007-4CB shall be designated as Defendant No. 410.

1141. Defendant ALTERNATIVE LOAN TRUST 2007-4CB shall be designated as Defendant No. 411.

1142. Defendant ALTERNATIVE LOAN TRUST 2007-5CB shall be designated as Defendant No. 412.

1143. Defendant ALTERNATIVE LOAN TRUST 2007-6 shall be designated as Defendant No. 413.

1144. Defendant ALTERNATIVE LOAN TRUST 2007-7T2 shall be designated as Defendant No. 414.

1145. Defendant ALTERNATIVE LOAN TRUST 2007-7T2 shall be designated as Defendant No. 415.

1146. Defendant ALTERNATIVE LOAN TRUST 2007-8CB shall be designated as Defendant No. 416.

1147. Defendant ALTERNATIVE LOAN TRUST 2007-8CB shall be designated as Defendant No. 417.

1148. Defendant ALTERNATIVE LOAN TRUST 2007-8CB shall be designated as Defendant No. 418.

1149. Defendant ALTERNATIVE LOAN TRUST 2007-8CB shall be designated as Defendant No. 419.

1150. Defendant ALTERNATIVE LOAN TRUST 2007-9T1 shall be designated as Defendant No. 420.

1151. Defendant ALTERNATIVE LOAN TRUST 2007-9T1 shall be designated as Defendant No. 421.

1152. Defendant ALTERNATIVE LOAN TRUST 2007-9T1 shall be designated as Defendant No. 422.

1153. Defendant ALTERNATIVE LOAN TRUST 2007-9T1 shall be designated as Defendant No. 423.

1154. Defendant ALTERNATIVE LOAN TRUST 2007-9T1 shall be designated as Defendant No. 424.

1155. Defendant ALTERNATIVE LOAN TRUST 2007-AL1 shall be designated as Defendant No. 425.

1156. Defendant ALTERNATIVE LOAN TRUST 2007-AL1 shall be designated as Defendant No. 426.

1157. Defendant ALTERNATIVE LOAN TRUST 2007-AL1 shall be designated as Defendant No. 427.

1158. Defendant ALTERNATIVE LOAN TRUST 2007-AL1 shall be designated as Defendant No. 428.

1159. Defendant ALTERNATIVE LOAN TRUST 2007-HY2 shall be designated as Defendant No. 429.

1160. Defendant ALTERNATIVE LOAN TRUST 2007-HY3 shall be designated as Defendant No. 430.

1161. Defendant ALTERNATIVE LOAN TRUST 2007-HY4 shall be designated as Defendant No. 431.

1162. Defendant ALTERNATIVE LOAN TRUST 2007-HY5R shall be designated as Defendant No. 432.

1163. Defendant ALTERNATIVE LOAN TRUST 2007-HY6 shall be designated as Defendant No. 433.

1164. Defendant ALTERNATIVE LOAN TRUST 2007-HY7C shall be designated as Defendant No. 434.

1165. Defendant ALTERNATIVE LOAN TRUST 2007-HY8C shall be designated as Defendant No. 435.

1166.  Defendant ALTERNATIVE LOAN TRUST 2007-HY9 shall be designated as Defendant No. 436.

1167.  Defendant ALTERNATIVE LOAN TRUST 2007-HY9 shall be designated as Defendant No. 437.

1168.  Defendant ALTERNATIVE LOAN TRUST 2007-J1 shall be designated as Defendant No. 438.

1169.  Defendant ALTERNATIVE LOAN TRUST 2007-J1 shall be designated as Defendant No. 439.

1170.  Defendant ALTERNATIVE LOAN TRUST 2007-J1 shall be designated as Defendant No. 440.

1171.  Defendant ALTERNATIVE LOAN TRUST 2007-J2 shall be designated as Defendant No. 441.

1172.  Defendant ALTERNATIVE LOAN TRUST 2007-J2 shall be designated as Defendant No. 442.

1173.  Defendant ALTERNATIVE LOAN TRUST 2007-OA10 shall be designated as Defendant No. 443.

1174.  Defendant ALTERNATIVE LOAN TRUST 2007-OA11 shall be designated as Defendant No. 444.

1175.  Defendant ALTERNATIVE LOAN TRUST 2007-OA2 shall be designated as Defendant No. 445.

1176.  Defendant ALTERNATIVE LOAN TRUST 2007-OA3 shall be designated as Defendant No. 446.

1177. Defendant ALTERNATIVE LOAN TRUST 2007-OA4 shall be designated as Defendant No. 447.

1178. Defendant ALTERNATIVE LOAN TRUST 2007-OA6 shall be designated as Defendant No. 448.

1179. Defendant ALTERNATIVE LOAN TRUST 2007-OA7 shall be designated as Defendant No. 449.

1180. Defendant ALTERNATIVE LOAN TRUST 2007-OA8 shall be designated as Defendant No. 450.

1181. Defendant ALTERNATIVE LOAN TRUST 2007-OA9 shall be designated as Defendant No. 451.

1182. Defendant ALTERNATIVE LOAN TRUST 2007-OA9 shall be designated as Defendant No. 452.

1183. Defendant ALTERNATIVE LOAN TRUST 2007-OA9 shall be designated as Defendant No. 453.

1184. Defendant ALTERNATIVE LOAN TRUST 2007-OH1 shall be designated as Defendant No. 454.

1185. Defendant ALTERNATIVE LOAN TRUST 2007-OH1 shall be designated as Defendant No. 455.

1186. Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 456.

1187. Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 457.

1188.  Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 458.

1189.  Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 459.

1190.  Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 460.

1191.  Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 461.

1192.  Defendant ALTERNATIVE LOAN TRUST 2007-OH2 shall be designated as Defendant No. 462.

1193.  Defendant ALTERNATIVE LOAN TRUST 2007-OH3 shall be designated as Defendant No. 463.

1194.  Defendant ALTERNATIVE LOAN TRUST 2007-OH3 shall be designated as Defendant No. 464.

1195.  Defendant ALTERNATIVE LOAN TRUST 2007-OH3 shall be designated as Defendant No. 465.

1196.  Defendant ALTERNATIVE LOAN TRUST 2007-OH3 shall be designated as Defendant No. 466.

1197.  Defendant ALTERNATIVE LOAN TRUST 2007-OH3 shall be designated as Defendant No. 467.

1198.  Defendant ALTERNATIVE LOAN TRUST MORT PASS THROUGH CERT SERIES 2003-4 shall be designated as Defendant No. 468.

1199. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2005-12R shall be designated as Defendant No. 469.

1200. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2006-22R shall be designated as Defendant No. 470.

1201. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2007-26R shall be designated as Defendant No. 471.

1202. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2008-1R shall be designated as Defendant No. 472.

1203. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2008-2R shall be designated as Defendant No. 473.

1204. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2008-2R shall be designated as Defendant No. 474.

1205. Defendant ALTERNATIVE LOAN TRUST RESECURITIZATION 2008-2R shall be designated as Defendant No. 475.

1206. Defendant ALTERNATIVE LOAN TRUST SERIES 2003-1 shall be designated as Defendant No. 476.

1207. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-3 shall be designated as Defendant No. 477.

1208. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-5 shall be designated as Defendant No. 478.

1209. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2005-12 shall be designated as Defendant No. 479.

1210.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-1 shall be designated as Defendant No. 480.

1211.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-2 shall be designated as Defendant No. 481.

1212.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-3 shall be designated as Defendant No. 482.

1213.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-4 shall be designated as Defendant No. 483.

1214.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-5 shall be designated as Defendant No. 484.

1215.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-6 shall be designated as Defendant No. 485.

1216.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-7 shall be designated as Defendant No. 486.

1217.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-8 shall be designated as Defendant No. 487.

1218.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-9 shall be designated as Defendant No. 488.

1219.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2007-1 shall be designated as Defendant No. 489.

1220.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2007-2 shall be designated as Defendant No. 490.

1221. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-10 shall be designated as Defendant No. 491.

1222. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-11 shall be designated as Defendant No. 492.

1223. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-12 shall be designated as Defendant No. 493.

1224. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4 shall be designated as Defendant No. 494.

1225. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-5 shall be designated as Defendant No. 495.

1226. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-6 shall be designated as Defendant No. 496.

1227. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-7 shall be designated as Defendant No. 497.

1228. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-8 shall be designated as Defendant No. 498.

1229. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-9 shall be designated as Defendant No. 499.

1230. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1 shall be designated as Defendant No. 500.

1231. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-10 shall be designated as Defendant No. 501.

1232. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-11 shall be designated as Defendant No. 502.

1233. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-2 shall be designated as Defendant No. 503.

1234. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-3 shall be designated as Defendant No. 504.

1235. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-4 shall be designated as Defendant No. 505.

1236. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5 shall be designated as Defendant No. 506.

1237. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-6 shall be designated as Defendant No. 507.

1238. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-7 shall be designated as Defendant No. 508.

1239. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-8 shall be designated as Defendant No. 509.

1240. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-9 shall be designated as Defendant No. 510.

1241. Defendant BANC OF AMERICA MORT SEC INC ALTERNATIVE LOAN TRUST 2003 11 shall be designated as Defendant No. 511.

1242. Defendant BANC OF AMERICA MORT SEC INC ALTERNATIVE LOAN TRUST 2004 2 shall be designated as Defendant No. 512.

1243. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 513.

1244. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 514.

1245. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 515.

1246. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 516.

1247. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 517.

1248. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 518.

1249. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 519.

1250. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 520.

1251. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 521.

1252. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 522.

1253. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 523.

1254. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 524.

1255. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 525.

1256. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 526.

1257. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 527.

1258. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 528.

1259. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 529.

1260. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 530.

1261. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 531.

1262. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 532.

1263. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 533.

1264. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 534.

1265. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 535.

1266. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 536.

1267. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 537.

1268. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 538.

1269. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 539.

1270. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 540.

1271. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 541.

1272. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 542.

1273. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 543.

1274. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 544.

1275. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2001-23 shall be designated as Defendant No. 545.

1276. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2001-23 shall be designated as Defendant No. 546.

1277. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2002-HYB1 shall be designated as Defendant No. 547.

1278. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-10 shall be designated as Defendant No. 548.

1279. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-11 shall be designated as Defendant No. 549.

1280. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-12 shall be designated as Defendant No. 550.

1281. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-13 shall be designated as Defendant No. 551.

1282. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-14 shall be designated as Defendant No. 552.

1283. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-16 shall be designated as Defendant No. 553.

1284. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-18 shall be designated as Defendant No. 554.

1285. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-19 shall be designated as Defendant No. 555.

1286. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-20 shall be designated as Defendant No. 556.

1287. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-21 shall be designated as Defendant No. 557.

1288. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-22 shall be designated as Defendant No. 558.

1289. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-23 shall be designated as Defendant No. 559.

1290. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-24 shall be designated as Defendant No. 560.

1291. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-5 shall be designated as Defendant No. 561.

1292. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-5 shall be designated as Defendant No. 562.

1293. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-6 shall be designated as Defendant No. 563.

1294. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-7 shall be designated as Defendant No. 564.

1295. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-8 shall be designated as Defendant No. 565.

1296. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-9 shall be designated as Defendant No. 566.

1297. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB7 shall be designated as Defendant No. 567.

1298.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB8 shall be designated as Defendant No. 568.

1299.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB9 shall be designated as Defendant No. 569.

1300.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-11 shall be designated as Defendant No. 570.

1301.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-12 shall be designated as Defendant No. 571.

1302.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-13 shall be designated as Defendant No. 572.

1303.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-14 shall be designated as Defendant No. 573.

1304.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-15 shall be designated as Defendant No. 574.

1305.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-16 shall be designated as Defendant No. 575.

1306.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-17 shall be designated as Defendant No. 576.

1307.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-18 shall be designated as Defendant No. 577.

1308.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-19 shall be designated as Defendant No. 578.

1309.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-20 shall be designated as Defendant No. 579.

1310.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-21 shall be designated as Defendant No. 580.

1311.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-22 shall be designated as Defendant No. 581.

1312.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-23 shall be designated as Defendant No. 582.

1313.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-24 shall be designated as Defendant No. 583.

1314.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-25 shall be designated as Defendant No. 584.

1315.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-27 shall be designated as Defendant No. 585.

1316.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-27 shall be designated as Defendant No. 586.

1317.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-27 shall be designated as Defendant No. 587.

1318.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-28 shall be designated as Defendant No. 588.

1319.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-28 shall be designated as Defendant No. 589.

1320. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-28 shall be designated as Defendant No. 590.

1321. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-29 shall be designated as Defendant No. 591.

1322. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-29 shall be designated as Defendant No. 592.

1323. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-29 shall be designated as Defendant No. 593.

1324. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-3 shall be designated as Defendant No. 594.

1325. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-30 shall be designated as Defendant No. 595.

1326. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-31 shall be designated as Defendant No. 596.

1327. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-6 shall be designated as Defendant No. 597.

1328. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-9 shall be designated as Defendant No. 598.

1329. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB1 shall be designated as Defendant No. 599.

1330. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB10 shall be designated as Defendant No. 600.

1331.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB2 shall be designated as Defendant No. 601.

1332.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB3 shall be designated as Defendant No. 602.

1333.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB4 shall be designated as Defendant No. 603.

1334.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB5 shall be designated as Defendant No. 604.

1335.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB6 shall be designated as Defendant No. 605.

1336.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB7 shall be designated as Defendant No. 606.

1337.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 shall be designated as Defendant No. 607.

1338.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-J2 shall be designated as Defendant No. 608.

1339.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-J3 shall be designated as Defendant No. 609.

1340.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-J4 shall be designated as Defendant No. 610.

1341.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-1 shall be designated as Defendant No. 611.

1342. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-10 shall be designated as Defendant No. 612.

1343. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-11 shall be designated as Defendant No. 613.

1344. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-12 shall be designated as Defendant No. 614.

1345. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-13 shall be designated as Defendant No. 615.

1346. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-14 shall be designated as Defendant No. 616.

1347. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-14 shall be designated as Defendant No. 617.

1348. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-15 shall be designated as Defendant No. 618.

1349. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-15 shall be designated as Defendant No. 619.

1350. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-16 shall be designated as Defendant No. 620.

1351. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-16 shall be designated as Defendant No. 621.

1352. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-16 shall be designated as Defendant No. 622.

1353. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-17 shall be designated as Defendant No. 623.

1354. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-18 shall be designated as Defendant No. 624.

1355. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-18 shall be designated as Defendant No. 625.

1356. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-18 shall be designated as Defendant No. 626.

1357. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-18 shall be designated as Defendant No. 627.

1358. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-19 shall be designated as Defendant No. 628.

1359. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-19 shall be designated as Defendant No. 629.

1360. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-20 shall be designated as Defendant No. 630.

1361. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-20 shall be designated as Defendant No. 631.

1362. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-21 shall be designated as Defendant No. 632.

1363. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-21 shall be designated as Defendant No. 633.

1364. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-3 shall be designated as Defendant No. 634.

1365. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-6 shall be designated as Defendant No. 635.

1366. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-8 shall be designated as Defendant No. 636.

1367. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-9 shall be designated as Defendant No. 637.

1368. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB1 shall be designated as Defendant No. 638.

1369. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB2 shall be designated as Defendant No. 639.

1370. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB3 shall be designated as Defendant No. 640.

1371. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB4 shall be designated as Defendant No. 641.

1372. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB5 shall be designated as Defendant No. 642.

1373. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-J1 shall be designated as Defendant No. 643.

1374. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-J2 shall be designated as Defendant No. 644.

1375. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-J3 shall be designated as Defendant No. 645.

1376. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-J4 shall be designated as Defendant No. 646.

1377. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2006-OA5 shall be designated as Defendant No. 647.

1378. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-1 shall be designated as Defendant No. 648.

1379. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-10 shall be designated as Defendant No. 649.

1380. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-11 shall be designated as Defendant No. 650.

1381. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-11 shall be designated as Defendant No. 651.

1382. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-12 shall be designated as Defendant No. 652.

1383. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-13 shall be designated as Defendant No. 653.

1384. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-13 shall be designated as Defendant No. 654.

1385. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-14 shall be designated as Defendant No. 655.

1386. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-15 shall be designated as Defendant No. 656.

1387. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-15 shall be designated as Defendant No. 657.

1388. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-16 shall be designated as Defendant No. 658.

1389. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-16 shall be designated as Defendant No. 659.

1390. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-17 shall be designated as Defendant No. 660.

1391. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-17 shall be designated as Defendant No. 661.

1392. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-17 shall be designated as Defendant No. 662.

1393. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-17 shall be designated as Defendant No. 663.

1394. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-18 shall be designated as Defendant No. 664.

1395. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-18 shall be designated as Defendant No. 665.

1396. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-18 shall be designated as Defendant No. 666.

1397. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-19 shall be designated as Defendant No. 667.

1398. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-19 shall be designated as Defendant No. 668.

1399. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-2 shall be designated as Defendant No. 669.

1400. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-2 shall be designated as Defendant No. 670.

1401. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-2 shall be designated as Defendant No. 671.

1402. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-20 shall be designated as Defendant No. 672.

1403. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-20 shall be designated as Defendant No. 673.

1404. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-20 shall be designated as Defendant No. 674.

1405. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-20 shall be designated as Defendant No. 675.

1406. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-21 shall be designated as Defendant No. 676.

1407. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-21 shall be designated as Defendant No. 677.

1408.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-3 shall be designated as Defendant No. 678.

1409.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-3 shall be designated as Defendant No. 679.

1410.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-4 shall be designated as Defendant No. 680.

1411.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-4 shall be designated as Defendant No. 681.

1412.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-4 shall be designated as Defendant No. 682.

1413.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-5 shall be designated as Defendant No. 683.

1414.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-5 shall be designated as Defendant No. 684.

1415.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-5 shall be designated as Defendant No. 685.

1416.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-6 shall be designated as Defendant No. 686.

1417.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-7 shall be designated as Defendant No. 687.

1418.   Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-8 shall be designated as Defendant No. 688.

1419. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-8 shall be designated as Defendant No. 689.

1420. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 690.

1421. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 691.

1422. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 692.

1423. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 693.

1424. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 694.

1425. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-9 shall be designated as Defendant No. 695.

1426. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY1 shall be designated as Defendant No. 696.

1427. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY3 shall be designated as Defendant No. 697.

1428. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY3 shall be designated as Defendant No. 698.

1429. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY4 shall be designated as Defendant No. 699.

1430. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY5 shall be designated as Defendant No. 700.

1431. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY6 shall be designated as Defendant No. 701.

1432. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY7 shall be designated as Defendant No. 702.

1433. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY7 shall be designated as Defendant No. 703.

1434. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HY7 shall be designated as Defendant No. 704.

1435. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HYB1 shall be designated as Defendant No. 705.

1436. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HYB2 shall be designated as Defendant No. 706.

1437. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-HYB2 shall be designated as Defendant No. 707.

1438. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J1 shall be designated as Defendant No. 708.

1439. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J1 shall be designated as Defendant No. 709.

1440. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J2 shall be designated as Defendant No. 710.

1441.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J2 shall be designated as Defendant No. 711.

1442.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J2 shall be designated as Defendant No. 712.

1443.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J2 shall be designated as Defendant No. 713.

1444.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J2 shall be designated as Defendant No. 714.

1445.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 715.

1446.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 716.

1447.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 717.

1448.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 718.

1449.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 719.

1450.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 720.

1451.  Defendant CHL MORTGAGE PASS-THROUGH TRUST 2007-J3 shall be designated as Defendant No. 721.

1452. Defendant CHL MORTGAGE PASS-THROUGH TRUST 2008-1 shall be designated as Defendant No. 722.

1453. Defendant CHL MORTGAGE PASS-THROUGH TRUST RESECURITIZATION 2008-2R shall be designated as Defendant No. 723.

1454. Defendant CWMBS CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB5 shall be designated as Defendant No. 724.

1455. Defendant CWMBS CHL MORTGAGE PASS-THROUGH TRUST 2004-J7 shall be designated as Defendant No. 725.

1456. Defendant CWMBS CHL MORTGAGE PASS-THROUGH TRUST 2004-J8 shall be designated as Defendant No. 726.

1457. Defendant CWMBS CHL MORTGAGE PASS-THROUGH TRUST 2004-J9 shall be designated as Defendant No. 727.

1458. Defendant CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2004-25 shall be designated as Defendant No. 728.

1459. Defendant CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2004-29 shall be designated as Defendant No. 729.

1460. Defendant CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2005-2 shall be designated as Defendant No. 730.

1461. Defendant CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2005-4 shall be designated as Defendant No. 731.

1462. Defendant CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2005-5 shall be designated as Defendant No. 732.

1463.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2002-21 shall be designated as Defendant No. 733.

1464.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2002-21 shall be designated as Defendant No. 734.

1465.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003 4 shall be designated as Defendant No. 735.

1466.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003 4 shall be designated as Defendant No. 736.

1467.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003 4 shall be designated as Defendant No. 737.

1468.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003 4 shall be designated as Defendant No. 738.

1469.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003 4 shall be designated as Defendant No. 739.

1470.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-26 shall be designated as Defendant No. 740.

1471.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-26 shall be designated as Defendant No. 741.

1472.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-3 shall be designated as Defendant No. 742.

1473.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-42 shall be designated as Defendant No. 743.

1474.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-42 shall be designated as Defendant No. 744.

1475.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2003-48 shall be designated as Defendant No. 745.

1476.   Defendant CWMBS INC CHL MORTGAGE PASS-THROUGH TRUST 2004-J3 shall be designated as Defendant No. 746.

1477.   Defendant CWMBS, INC. - CHL MORTGAGE PASS-THROUGH TRUST 2005-1 shall be designated as Defendant No. 747.

1478.   Defendant CWMBS, INC. - CHL MORTGAGE PASS-THROUGH TRUST 2005-7 shall be designated as Defendant No. 748.

1479.   Defendant CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-26 shall be designated as Defendant No. 749.

1480.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-3 shall be designated as Defendant No. 750.

1481.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-5 shall be designated as Defendant No. 751.

1482.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-1 shall be designated as Defendant No. 752.

1483.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-2 shall be designated as Defendant No. 753.

1484.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-3 shall be designated as Defendant No. 754.

1485.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-4 shall be designated as Defendant No. 755.

1486.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-5 shall be designated as Defendant No. 756.

1487.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-8 shall be designated as Defendant No. 757.

1488.   Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST 2006-9 shall be designated as Defendant No. 758.

1489. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-10 shall be designated as Defendant No. 759.

1490. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-11 shall be designated as Defendant No. 760.

1491. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-12 shall be designated as Defendant No. 761.

1492. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4 shall be designated as Defendant No. 762.

1493. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-5 shall be designated as Defendant No. 763.

1494. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-6 shall be designated as Defendant No. 764.

1495. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-7 shall be designated as Defendant No. 765.

1496. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-8 shall be designated as Defendant No. 766.

1497. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-9 shall be designated as Defendant No. 767.

1498. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1 shall be designated as Defendant No. 768.

1499. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-10 shall be designated as Defendant No. 769.

1500. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-11 shall be designated as Defendant No. 770.

1501. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-2 shall be designated as Defendant No. 771.

1502. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-3 shall be designated as Defendant No. 772.

1503. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-4 shall be designated as Defendant No. 773.

1504. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5 shall be designated as Defendant No. 774.

1505. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-6 shall be designated as Defendant No. 775.

1506. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-7 shall be designated as Defendant No. 776.

1507. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-8 shall be designated as Defendant No. 777.

1508. Defendant BANC OF AMERICA ALTERNATIVE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-9 shall be designated as Defendant No. 778.

1509. Defendant BANC OF AMERICA MORT SEC INC ALTERNATIVE LOAN TRUST 2003 11 shall be designated as Defendant No. 779.

1510. Defendant BANC OF AMERICA MORT SEC INC ALTERNATIVE LOAN TRUST 2004 2 shall be designated as Defendant No. 780.

1511. Defendant BANC OF AMERICA MORT SEC INC ALTERNATIVER LOAN TRUST 2003-10 shall be designated as Defendant No. 781.

1512. Defendant BANC OF AMERICA MORTGAGE SECURITIES INC shall be designated as Defendant No. 782.

1513. Defendant LONG BEACH MORTGAGE LOAN TRUST 2004-3, ASSET-BACKED CERTS., SERIES 2004-3 shall be designated as Defendant No. 783.

1514. Defendant LONG BEACH MORTGAGE LOAN TRUST 2004-4, ASSET-BACKED CERTS., SERIES 2004-4 shall be designated as Defendant No. 784.

1515. Defendant LONG BEACH MORTGAGE LOAN TRUST 2004-5, ASSET-BACKED CERTS., SERIES 2004-5 shall be designated as Defendant No. 785.

1516. Defendant LONG BEACH MORTGAGE LOAN TRUST 2004-6, ASSET-BACKED CERTS., SERIES 2004-6 shall be designated as Defendant No. 786.

1517. Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-1, ASSET-BACKED CERTS., SERIES 2005-1 shall be designated as Defendant No. 787.

1518. Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-2 ASSET-BACKED CERTIFICATES, SERIES 2005-2 shall be designated as Defendant No. 788.

1519.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-3 ASSET-BACKED CERTIFICATES, SERIES 2005-3 shall be designated as Defendant No. 789.

1520.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-WL1 ASSET-BACKED CERTIFICATES, SERIES 2005-WL1 shall be designated as Defendant No. 790.

1521.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-WL2 ASSET-BACKED CERTIFICATES shall be designated as Defendant No. 791.

1522.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2005-WL3 shall be designated as Defendant No. 792.

1523.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-1 shall be designated as Defendant No. 793.

1524.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-1 shall be designated as Defendant No. 794.

1525.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-10 shall be designated as Defendant No. 795.

1526.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-10 shall be designated as Defendant No. 796.

1527.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-11 shall be designated as Defendant No. 797.

1528.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-11 shall be designated as Defendant No. 798.

1529.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-11 shall be designated as Defendant No. 799.

1530. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-2 shall be designated as Defendant No. 800.

1531. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-2 shall be designated as Defendant No. 801.

1532. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-2 shall be designated as Defendant No. 802.

1533. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-3 shall be designated as Defendant No. 803.

1534. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-3 shall be designated as Defendant No. 804.

1535. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-3 shall be designated as Defendant No. 805.

1536. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-4 shall be designated as Defendant No. 806.

1537. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-4 shall be designated as Defendant No. 807.

1538. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-4 shall be designated as Defendant No. 808.

1539. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-5 shall be designated as Defendant No. 809.

1540. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-5 shall be designated as Defendant No. 810.

1541. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-6 shall be designated as Defendant No. 811.

1542. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-6 shall be designated as Defendant No. 812.

1543. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-7 shall be designated as Defendant No. 813.

1544. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-7 shall be designated as Defendant No. 814.

1545. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-7 shall be designated as Defendant No. 815.

1546. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-8 shall be designated as Defendant No. 816.

1547. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-8 shall be designated as Defendant No. 817.

1548. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-9 shall be designated as Defendant No. 818.

1549. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-9 shall be designated as Defendant No. 819.

1550. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-A shall be designated as Defendant No. 820.

1551. Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-A shall be designated as Defendant No. 821.

1552.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL1 shall be designated as Defendant No. 822.

1553.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL1 shall be designated as Defendant No. 823.

1554.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL2 shall be designated as Defendant No. 824.

1555.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL2 shall be designated as Defendant No. 825.

1556.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL3 shall be designated as Defendant No. 826.

1557.  Defendant LONG BEACH MORTGAGE LOAN TRUST 2006-WL3 shall be designated as Defendant No. 827.

1558.  Defendant LONG BEACH SECURITIES CORP shall be designated as Defendant No. 828.

1559.  Defendant WAMU ASSET-BACKED CERTIFICATES, WAMU SERIES 2007-HE1 shall be designated as Defendant No. 829.

1560.  Defendant WAMU ASSET-BACKED CERTIFICATES, WAMU SERIES 2007-HE2 shall be designated as Defendant No. 830.

1561.  Defendant WAMU ASSET-BACKED CERTIFICATES, WAMU SERIES 2007-HE3 shall be designated as Defendant No. 831.

1562.  Defendant WAMU ASSET-BACKED CERTIFICATES, WAMU SERIES 2007-HE4 shall be designated as Defendant No. 832.

1563. Defendant WAMU MOR PASS THRU CERT SER 2001-AR1 shall be designated as Defendant No. 833.

1564. Defendant WAMU MORTAGE PASS THRU CERT SER 2003-S8 shall be designated as Defendant No. 834.

1565. Defendant WAMU MORTAGE PASS THRU CERT SERIES 2003-AR3 shall be designated as Defendant No. 835.

1566. Defendant WAMU MORTGAGE PASS THR CERTS SER 2003-AR12 shall be designated as Defendant No. 836.

1567. Defendant WAMU MORTGAGE PASS THROUGH CER SER 2003-AR8 shall be designated as Defendant No. 837.

1568. Defendant WAMU MORTGAGE PASS THROUGH CERT 2002-AR10 shall be designated as Defendant No. 838.

1569. Defendant WAMU MORTGAGE PASS THROUGH CERT 2002-AR10 shall be designated as Defendant No. 839.

1570. Defendant WAMU MORTGAGE PASS THROUGH CERT SER 2002-AR19 shall be designated as Defendant No. 840.

1571. Defendant WAMU MORTGAGE PASS THROUGH CERT SER 2002-AR19 shall be designated as Defendant No. 841.

1572. Defendant WAMU MORTGAGE PASS THROUGH CERT SER 2003-S1 shall be designated as Defendant No. 842.

1573. Defendant WAMU MORTGAGE PASS THROUGH CERT SERIES 2001-5 shall be designated as Defendant No. 843.

1574. Defendant WAMU MORTGAGE PASS THROUGH CERT SERIES 2001-S8 shall be designated as Defendant No. 844.

1575. Defendant WAMU MORTGAGE PASS THROUGH CERT SERIES 2002-S8 shall be designated as Defendant No. 845.

1576. Defendant WAMU MORTGAGE PASS THROUGH CERT SERIES 2002-S8 shall be designated as Defendant No. 846.

1577. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES 2002-S1 shall be designated as Defendant No. 847.

1578. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES 2002-S1 shall be designated as Defendant No. 848.

1579. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES 2002-S7 shall be designated as Defendant No. 849.

1580. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES 2002-S7 shall be designated as Defendant No. 850.

1581. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2001-AR2 shall be designated as Defendant No. 851.

1582. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2001-AR3 shall be designated as Defendant No. 852.

1583. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2001-AR4 shall be designated as Defendant No. 853.

1584. Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2001-S11 shall be designated as Defendant No. 854.

1585.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002 AR12 shall be designated as Defendant No. 855.

1586.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002 AR12 shall be designated as Defendant No. 856.

1587.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002 AR14 shall be designated as Defendant No. 857.

1588.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002 AR14 shall be designated as Defendant No. 858.

1589.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR11 shall be designated as Defendant No. 859.

1590.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR13 shall be designated as Defendant No. 860.

1591.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR13 shall be designated as Defendant No. 861.

1592.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR15 shall be designated as Defendant No. 862.

1593.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR15 shall be designated as Defendant No. 863.

1594.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR16 shall be designated as Defendant No. 864.

1595.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR17 shall be designated as Defendant No. 865.

1596.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR17 shall be designated as Defendant No. 866.

1597.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR3 shall be designated as Defendant No. 867.

1598.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-AR3 shall be designated as Defendant No. 868.

1599.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S2 shall be designated as Defendant No. 869.

1600.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S2 shall be designated as Defendant No. 870.

1601.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S3 shall be designated as Defendant No. 871.

1602.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S3 shall be designated as Defendant No. 872.

1603.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S4 shall be designated as Defendant No. 873.

1604.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S6 shall be designated as Defendant No. 874.

1605.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2002-S6 shall be designated as Defendant No. 875.

1606.  Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003 S3 shall be designated as Defendant No. 876.

1607.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003 S4 shall be designated as Defendant No. 877.

1608.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-AR1 shall be designated as Defendant No. 878.

1609.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-AR4 shall be designated as Defendant No. 879.

1610.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-AR5 shall be designated as Defendant No. 880.

1611.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-AR6 shall be designated as Defendant No. 881.

1612.   Defendant WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-S2 shall be designated as Defendant No. 882.

1613.   Defendant WAMU MORTGAGE PASS THROUGH CERTS SER 2003-AR10 shall be designated as Defendant No. 883.

1614.   Defendant WAMU MORTGAGE PASS THROUGH CERTS SER 2003-S10 shall be designated as Defendant No. 884.

1615.   Defendant WAMU MORTGAGE PASS THROUGH CERTS SER 2003-S11 shall be designated as Defendant No. 885.

1616.   Defendant WAMU MORTGAGE PASS THROUGH CERTS SER 2003-S9 shall be designated as Defendant No. 886.

1617.   Defendant WAMU MORTGAGE PASS THROUGH CERTS SERIES 2003-S5 shall be designated as Defendant No. 887.

1618. Defendant WAMU MORTGAGE PASS THROUGH CERTS SERIES 2004-S1 shall be designated as Defendant No. 888.

1619. Defendant WAMU MORTGAGE PASS THRU CERTIFICATE SERIES 2001-AR6 shall be designated as Defendant No. 889.

1620. Defendant WAMU MORTGAGE PASS THRU CERTIFICATES SERIES 2002-MS8 shall be designated as Defendant No. 890.

1621. Defendant WAMU MORTGAGE PASS THRU CERTIFICATES SERIES 2002-MS8 shall be designated as Defendant No. 891.

1622. Defendant WAMU MORTGAGE PASS THRU CERTIFICATES SERIES 2002-MS9 shall be designated as Defendant No. 892.

1623. Defendant WAMU MORTGAGE PASS THRU CERTIFICATES SERIES 2002-MS9 shall be designated as Defendant No. 893.

1624. Defendant WAMU MORTGAGE PASS THRU CERTS SERIES 2002-ARS shall be designated as Defendant No. 894.

1625. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2002-AR4 shall be designated as Defendant No. 895.

1626. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2002-AR4 shall be designated as Defendant No. 896.

1627. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SER 2003-S12 shall be designated as Defendant No. 897.

1628. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2001-S10 shall be designated as Defendant No. 898.

1629. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-S7 shall be designated as Defendant No. 899.

1630. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004 AR-3 shall be designated as Defendant No. 900.

1631. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR1 shall be designated as Defendant No. 901.

1632. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR2 shall be designated as Defendant No. 902.

1633. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR4 shall be designated as Defendant No. 903.

1634. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR6 shall be designated as Defendant No. 904.

1635. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-CB1 shall be designated as Defendant No. 905.

1636. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-RS2 shall be designated as Defendant No. 906.

1637. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-S2 shall be designated as Defendant No. 907.

1638. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR10 shall be designated as Defendant No. 908.

1639. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR11 shall be designated as Defendant No. 909.

1640. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR11 shall be designated as Defendant No. 910.

1641. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR12 shall be designated as Defendant No. 911.

1642. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR13 shall be designated as Defendant No. 912.

1643. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR14 shall be designated as Defendant No. 913.

1644. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR5 shall be designated as Defendant No. 914.

1645. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR7 shall be designated as Defendant No. 915.

1646. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR8 shall be designated as Defendant No. 916.

1647. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR9 shall be designated as Defendant No. 917.

1648. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-CB2 shall be designated as Defendant No. 918.

1649. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-CB3 shall be designated as Defendant No. 919.

1650. Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-CB4 shall be designated as Defendant No. 920.

1651.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-S3 shall be designated as Defendant No. 921.

1652.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR1 shall be designated as Defendant No. 922.

1653.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR1 shall be designated as Defendant No. 923.

1654.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR10 shall be designated as Defendant No. 924.

1655.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR11 shall be designated as Defendant No. 925.

1656.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR11 shall be designated as Defendant No. 926.

1657.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12 shall be designated as Defendant No. 927.

1658.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR13 shall be designated as Defendant No. 928.

1659.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR13 shall be designated as Defendant No. 929.

1660.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR14 shall be designated as Defendant No. 930.

1661.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR15 shall be designated as Defendant No. 931.

1662.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR16 shall be designated as Defendant No. 932.

1663.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR17 shall be designated as Defendant No. 933.

1664.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR18 shall be designated as Defendant No. 934.

1665.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR19 shall be designated as Defendant No. 935.

1666.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2 shall be designated as Defendant No. 936.

1667.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2 shall be designated as Defendant No. 937.

1668.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR3 shall be designated as Defendant No. 938.

1669.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4 shall be designated as Defendant No. 939.

1670.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR5 shall be designated as Defendant No. 940.

1671.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR6 shall be designated as Defendant No. 941.

1672.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR6 shall be designated as Defendant No. 942.

1673.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR7 shall be designated as Defendant No. 943.

1674.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR8 shall be designated as Defendant No. 944.

1675.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR8 shall be designated as Defendant No. 945.

1676.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR9 shall be designated as Defendant No. 946.

1677.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR9 shall be designated as Defendant No. 947.

1678.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1 shall be designated as Defendant No. 948.

1679.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR10 shall be designated as Defendant No. 949.

1680.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR11 shall be designated as Defendant No. 950.

1681.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR12 shall be designated as Defendant No. 951.

1682.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR13 shall be designated as Defendant No. 952.

1683.  Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR14 shall be designated as Defendant No. 953.

1684.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR15 shall be designated as Defendant No. 954.

1685.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR16 shall be designated as Defendant No. 955.

1686.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR17 shall be designated as Defendant No. 956.

1687.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR18 shall be designated as Defendant No. 957.

1688.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR19 shall be designated as Defendant No. 958.

1689.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR2 shall be designated as Defendant No. 959.

1690.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR3 shall be designated as Defendant No. 960.

1691.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR4 shall be designated as Defendant No. 961.

1692.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR5 shall be designated as Defendant No. 962.

1693.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR6 shall be designated as Defendant No. 963.

1694.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7 shall be designated as Defendant No. 964.

1695.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR8 shall be designated as Defendant No. 965.

1696.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR9 shall be designated as Defendant No. 966.

1697.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY1 shall be designated as Defendant No. 967.

1698.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY2 shall be designated as Defendant No. 968.

1699.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY3 shall be designated as Defendant No. 969.

1700.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 shall be designated as Defendant No. 970.

1701.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY5 shall be designated as Defendant No. 971.

1702.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY6 shall be designated as Defendant No. 972.

1703.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY7 shall be designated as Defendant No. 973.

1704.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA1 shall be designated as Defendant No. 974.

1705.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2 shall be designated as Defendant No. 975.

1706.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA3 shall be designated as Defendant No. 976.

1707.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA4 shall be designated as Defendant No. 977.

1708.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA5 shall be designated as Defendant No. 978.

1709.   Defendant WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA6 shall be designated as Defendant No. 979.

1710.   Defendant WAMU MORTGAGE PASS-THRU CERT SERIES 2003-AR2 shall be designated as Defendant No. 980.

1711.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 02 AR7 shall be designated as Defendant No. 981.

1712.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 02 AR7 shall be designated as Defendant No. 982.

1713.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 03 S6 shall be designated as Defendant No. 983.

1714.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 2002 S5 shall be designated as Defendant No. 984.

1715.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 2002 S5 shall be designated as Defendant No. 985.

1716.   Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 2002-AR9 shall be designated as Defendant No. 986.

1717. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CE SE 2002-AR9 shall be designated as Defendant No. 987.

1718. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CER SE 02 AR18 shall be designated as Defendant No. 988.

1719. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PA TH CER SE 02 AR18 shall be designated as Defendant No. 989.

1720. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PS TH CE SE 03 AR9 shall be designated as Defendant No. 990.

1721. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PS TH CE SE 03 AR9 shall be designated as Defendant No. 991.

1722. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MO PS TH CE SE 03 S13 shall be designated as Defendant No. 992.

1723. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU MOR PAS TH CE SE 03 AR7 shall be designated as Defendant No. 993.

1724. Defendant WASHINGTON MUTUAL MORT SEC CORP WAMU SERIES 2003-AR11 shall be designated as Defendant No. 994.

1725. Defendant WASHINGTON MUTUAL MORT SEC WAMU MOR PA TH CE SE 2002 AR2 shall be designated as Defendant No. 995.

1726. Defendant AMERIQUEST MORTGAGE SECURITIES INC shall be designated as Defendant No. 996.

1727. Defendant AMERIQUEST MORTGAGE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R4 shall be designated as Defendant No. 997.

- 232 -

1728.  Defendant AMERIQUEST MORTGAGE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R6 shall be designated as Defendant No. 998.

1729.  Defendant AMERIQUEST MORTGAGE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R7 shall be designated as Defendant No. 999.

1730.  Defendant AMERIQUEST MORTGAGE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R8 shall be designated as Defendant No. 1000.

1731.  Defendant AMERIQUEST MORTGAGE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R9 shall be designated as Defendant No. 1001.

1732.  Defendant AMERIQUEST MORTGAGE SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-IA1 shall be designated as Defendant No. 1002.

1733.  Defendant AMERIQUEST MORTGAGE SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R10 shall be designated as Defendant No. 1003.

1734.  Defendant AMERIQUEST MORTGAGE SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R11 shall be designated as Defendant No. 1004.

1735.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-1 shall be designated as Defendant No. 1005.

1736.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-6 shall be designated as Defendant No. 1006.

1737.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-AR2 shall be designated as Defendant No. 1007.

1738.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-AR3 shall be designated as Defendant No. 1008.

1739.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R10 shall be designated as Defendant No. 1009.

1740.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R5 shall be designated as Defendant No. 1010.

1741.   Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R6 shall be designated as Defendant No. 1011.

1742. Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R7 shall be designated as Defendant No. 1012.

1743. Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R8 shall be designated as Defendant No. 1013.

1744. Defendant AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R9 shall be designated as Defendant No. 1014.

1745. Defendant AMERIQUEST MORTGAGE SECURITIES TRUST 2006-R1, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-R1 shall be designated as Defendant No. 1015.

1746. Defendant ARGENT SECURITIES INC shall be designated as Defendant No. 1016.

1747. Defendant ARGENT SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-W7 shall be designated as Defendant No. 1017.

1748. Defendant ARGENT SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-PW1 shall be designated as Defendant No. 1018.

1749. Defendant ARGENT SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W10 shall be designated as Defendant No. 1019.

1750. Defendant ARGENT SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W11 shall be designated as Defendant No. 1020.

1751. Defendant ARGENT SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W9 shall be designated as Defendant No. 1021.

1752. Defendant ARGENT SECURITIES INC. , ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W1 shall be designated as Defendant No. 1022.

1753. Defendant ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W2 shall be designated as Defendant No. 1023.

1754. Defendant ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W3 shall be designated as Defendant No. 1024.

1755. Defendant ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W4 shall be designated as Defendant No. 1025.

1756. Defendant ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W5 shall be designated as Defendant No. 1026.

1757. Defendant ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W2 shall be designated as Defendant No. 1027.

1758. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2003-W7 shall be designated as Defendant No. 1028.

1759. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2003-W7 shall be designated as Defendant No. 1029.

1760. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-R2 shall be designated as Defendant No. 1030.

1761. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-W1 shall be designated as Defendant No. 1031.

1762. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-R2 shall be designated as Defendant No. 1032.

1763. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R12 shall be designated as Defendant No. 1033.

1764. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R5 shall be designated as Defendant No. 1034.

1765. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R4 shall be designated as Defendant No. 1035.

1766. Defendant ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R4 shall be designated as Defendant No. 1036.

1767. Defendant CARRINGTON HOME EQUITY LOAN TRUST, SERIES 2005-NC4 ASSET-BACKED PASS-THROUGH CERTIFICATES shall be designated as Defendant No. 1037.

1768. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE1, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WFHE1 shall be designated as Defendant No. 1038.

1769. Defendant CITIGROUP MORTGAGE LOAN TRUST INC shall be designated as Defendant No. 1039.

1770. Defendant CITIGROUP MORTGAGE LOAN TRUST INC shall be designated as Defendant No. 1040.

1771. Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF1 shall be designated as Defendant No. 1041.

1772.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF2 shall be designated as Defendant No. 1042.

1773.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC1 shall be designated as Defendant No. 1043.

1774.  Defendant GE-WMC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-2 shall be designated as Defendant No. 1044.

1775.  Defendant HOMESTAR MORTGAGE ACCEPTANCE CORP ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-4 shall be designated as Defendant No. 1045.

1776.  Defendant MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-QS9 shall be designated as Defendant No. 1046.

1777.  Defendant MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-QS9 shall be designated as Defendant No. 1047.

1778.  Defendant OPTEUM MORTGAGE ACCEPTANCE CORP shall be designated as Defendant No. 1048.

1779.  Defendant OPTEUM MORTGAGE ACCEPTANCE CORP. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-4 shall be designated as Defendant No. 1049.

1780.  Defendant PARK PLACE SECURITIES INC ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WCW1 shall be designated as Defendant No. 1050.

1781. Defendant PARK PLACE SECURITIES, INC. shall be designated as Defendant No. 1051.

1782. Defendant PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-MCW1 shall be designated as Defendant No. 1052.

1783. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-MHQ1 shall be designated as Defendant No. 1053.

1784. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WCH1 shall be designated as Defendant No. 1054.

1785. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WCW2 shall be designated as Defendant No. 1055.

1786. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WHQ1 shall be designated as Defendant No. 1056.

1787. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WHQ2 shall be designated as Defendant No. 1057.

1788. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WWF1 shall be designated as Defendant No. 1058.

1789. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WCW2 shall be designated as Defendant No. 1059.

1790. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WCW2 shall be designated as Defendant No. 1060.

1791. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WCW3 shall be designated as Defendant No. 1061.

1792. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ1 shall be designated as Defendant No. 1062.

1793. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ1 shall be designated as Defendant No. 1063.

1794. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ4 shall be designated as Defendant No. 1064.

1795. Defendant PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WLL1 shall be designated as Defendant No. 1065.

1796. Defendant AMERICAN HOME MORT SECURITIES HOME MORTGAGE INVEST TR 2004-1 shall be designated as Defendant No. 1066.

1797. Defendant AMERICAN HOME MORT SECURITIES HOME MORTGAGE INVEST TR 2004-1 shall be designated as Defendant No. 1067.

1798. Defendant AMERICAN HOME MORT SECUTIES HOME MORTGAGE INVEST TR 2004-1 shall be designated as Defendant No. 1068.

1799. Defendant AMERICAN HOME MORTGAGE ASSETS LLC shall be designated as Defendant No. 1069.

1800.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2005-1 shall be designated as Defendant No. 1070.

1801.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2005-2 shall be designated as Defendant No. 1071.

1802.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-1 shall be designated as Defendant No. 1072.

1803.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-2 shall be designated as Defendant No. 1073.

1804.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-2 shall be designated as Defendant No. 1074.

1805.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 shall be designated as Defendant No. 1075.

1806.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-4 shall be designated as Defendant No. 1076.

1807.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-4 shall be designated as Defendant No. 1077.

1808.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-5 shall be designated as Defendant No. 1078.

1809.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2006-6 shall be designated as Defendant No. 1079.

1810.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1 shall be designated as Defendant No. 1080.

1811.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 shall be designated as Defendant No. 1081.

1812.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-3 shall be designated as Defendant No. 1082.

1813.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-4 shall be designated as Defendant No. 1083.

1814.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-4 shall be designated as Defendant No. 1084.

1815.   Defendant AMERICAN HOME MORTGAGE ASSETS TRUST 2007-5 shall be designated as Defendant No. 1085.

1816.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1086.

1817.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1087.

1818.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1088.

1819.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1089.

1820.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1090.

1821.   Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1091.

1822.  Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1092.

1823.  Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1093.

1824.  Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1094.

1825.  Defendant AMERICAN HOME MORTGAGE INVESTMENT CORP shall be designated as Defendant No. 1095.

1826.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-2 shall be designated as Defendant No. 1096.

1827.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-2 shall be designated as Defendant No. 1097.

1828.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-2 shall be designated as Defendant No. 1098.

1829.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-2 shall be designated as Defendant No. 1099.

1830.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-2 shall be designated as Defendant No. 1100.

1831.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-3 shall be designated as Defendant No. 1101.

1832.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-3 shall be designated as Defendant No. 1102.

1833.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-3 shall be designated as Defendant No. 1103.

1834.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 shall be designated as Defendant No. 1104.

1835.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 shall be designated as Defendant No. 1105.

1836.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 shall be designated as Defendant No. 1106.

1837.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 shall be designated as Defendant No. 1107.

1838.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 shall be designated as Defendant No. 1108.

1839.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-1 shall be designated as Defendant No. 1109.

1840.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-1 shall be designated as Defendant No. 1110.

1841.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-1 shall be designated as Defendant No. 1111.

1842.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-1 shall be designated as Defendant No. 1112.

1843.   Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2 shall be designated as Defendant No. 1113.

1844.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2 shall be designated as Defendant No. 1114.

1845.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2 shall be designated as Defendant No. 1115.

1846.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-3 shall be designated as Defendant No. 1116.

1847.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-4 shall be designated as Defendant No. 1117.

1848.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-4 shall be designated as Defendant No. 1118.

1849.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-4 shall be designated as Defendant No. 1119.

1850.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-4 shall be designated as Defendant No. 1120.

1851.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1 shall be designated as Defendant No. 1121.

1852.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-2 shall be designated as Defendant No. 1122.

1853.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-2 shall be designated as Defendant No. 1123.

1854.  Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3 shall be designated as Defendant No. 1124.

1855. Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-1 shall be designated as Defendant No. 1125.

1856. Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2 shall be designated as Defendant No. 1126.

1857. Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2 shall be designated as Defendant No. 1127.

1858. Defendant AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2 shall be designated as Defendant No. 1128.

1859. Defendant CITICORP MORTGAGE SEC INC REMIC CER SERIES 2003-9 shall be designated as Defendant No. 1129.

1860. Defendant CITICORP MORTGAGE SEC INC REMIC PASS THR CER SER 2003-3 shall be designated as Defendant No. 1130.

1861. Defendant CITICORP MORTGAGE SEC INC REMIC PASS THR CERTS SERIES 2003 5 shall be designated as Defendant No. 1131.

1862. Defendant CITICORP MORTGAGE SEC INC REMIC PASS-THR CERT SER 2003-4 shall be designated as Defendant No. 1132.

1863. Defendant CITICORP MORTGAGE SECURITIES INC shall be designated as Defendant No. 1133.

1864. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-1 shall be designated as Defendant No. 1134.

1865. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-2 shall be designated as Defendant No. 1135.

1866. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-3 shall be designated as Defendant No. 1136.

1867. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-4 shall be designated as Defendant No. 1137.

1868. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-5 shall be designated as Defendant No. 1138.

1869. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-6 shall be designated as Defendant No. 1139.

1870. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2006-7 shall be designated as Defendant No. 1140.

1871. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-1 shall be designated as Defendant No. 1141.

1872. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-2 shall be designated as Defendant No. 1142.

1873. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-2 shall be designated as Defendant No. 1143.

1874. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-3 shall be designated as Defendant No. 1144.

1875. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-4 shall be designated as Defendant No. 1145.

1876. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-5 shall be designated as Defendant No. 1146.

1877. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-6 shall be designated as Defendant No. 1147.

1878. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-7 shall be designated as Defendant No. 1148.

1879. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-7 shall be designated as Defendant No. 1149.

1880. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-7 shall be designated as Defendant No. 1150.

1881. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-8 shall be designated as Defendant No. 1151.

1882. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2007-9 shall be designated as Defendant No. 1152.

1883. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2008-1 shall be designated as Defendant No. 1153.

1884. Defendant CITICORP MORTGAGE SECURITIES TRUST, SERIES 2008-2 shall be designated as Defendant No. 1154.

1885. Defendant CITICORP RESIDENTIAL MORTGAGE SECURITIES, INC. shall be designated as Defendant No. 1155.

1886. Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-1 shall be designated as Defendant No. 1156.

1887. Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-1 shall be designated as Defendant No. 1157.

1888.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-2 shall be designated as Defendant No. 1158.

1889.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-2 shall be designated as Defendant No. 1159.

1890.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-3 shall be designated as Defendant No. 1160.

1891.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2006-3 shall be designated as Defendant No. 1161.

1892.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2007-1 shall be designated as Defendant No. 1162.

1893.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2007-1 shall be designated as Defendant No. 1163.

1894.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2007-2 shall be designated as Defendant No. 1164.

1895.  Defendant CITICORP RESIDENTIAL MORTGAGE TRUST SERIES 2007-2 shall be designated as Defendant No. 1165.

1896.  Defendant CITIGROUP MORT LN TR ASST BACK PS THR CERTS SER 2003-HE3 shall be designated as Defendant No. 1166.

1897.  Defendant CITIGROUP MORT LOAN TRUST INC ASSET BK PAS THR CE SE 03 HE2 shall be designated as Defendant No. 1167.

1898.  Defendant CITIGROUP MORT LOAN TRUST INC MORT PAS THR CERT SE 03 1 shall be designated as Defendant No. 1168.

1899.  Defendant CITIGROUP MORTGAG LOAN TRUST SERIES 2003-UP3 shall be designated as Defendant No. 1169.

1900.  Defendant  CITIGROUP  MORTGAGE  LOAN  TRUST  2005-11  shall  be designated as Defendant No. 1170.

1901.  Defendant  CITIGROUP  MORTGAGE  LOAN  TRUST  2005-6  shall  be designated as Defendant No. 1171.

1902.  Defendant  CITIGROUP  MORTGAGE  LOAN  TRUST  2006-4  shall  be designated as Defendant No. 1172.

1903.  Defendant  CITIGROUP  MORTGAGE  LOAN  TRUST  2006-4  shall  be designated as Defendant No. 1173.

1904.  Defendant  CITIGROUP  MORTGAGE  LOAN  TRUST  2006-4  shall  be designated as Defendant No. 1174.

1905.  Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AMC1 shall be designated as Defendant No. 1175.

1906.  Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AR1 shall be designated as Defendant No. 1176.

1907.  Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AR5 shall be designated as Defendant No. 1177.

1908.  Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AR6 shall be designated as Defendant No. 1178.

1909.  Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AR7 shall be designated as Defendant No. 1179.

1910. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-AR9 shall be designated as Defendant No. 1180.

1911. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-CB3 shall be designated as Defendant No. 1181.

1912. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-FX1 shall be designated as Defendant No. 1182.

1913. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-HE1 shall be designated as Defendant No. 1183.

1914. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-HE2 shall be designated as Defendant No. 1184.

1915. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-HE3 shall be designated as Defendant No. 1185.

1916. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-NC1 shall be designated as Defendant No. 1186.

1917. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-NC2 shall be designated as Defendant No. 1187.

1918. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WF1 shall be designated as Defendant No. 1188.

1919. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WF2 shall be designated as Defendant No. 1189.

1920. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE1, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WFHE1 shall be designated as Defendant No. 1190.

1921. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE2 shall be designated as Defendant No. 1191.

1922. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE3 shall be designated as Defendant No. 1192.

1923. Defendant CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE4 shall be designated as Defendant No. 1193.

1924. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-10 shall be designated as Defendant No. 1194.

1925. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-10 shall be designated as Defendant No. 1195.

1926. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-10 shall be designated as Defendant No. 1196.

1927. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-10 shall be designated as Defendant No. 1197.

1928. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-10 shall be designated as Defendant No. 1198.

1929. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-2 shall be designated as Defendant No. 1199.

1930. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-6 shall be designated as Defendant No. 1200.

1931. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-6 shall be designated as Defendant No. 1201.

1932. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-8 shall be designated as Defendant No. 1202.

1933. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AHL1 shall be designated as Defendant No. 1203.

1934. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AHL2 shall be designated as Defendant No. 1204.

1935. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AHL3 shall be designated as Defendant No. 1205.

1936. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AMC1 shall be designated as Defendant No. 1206.

1937. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AMC2 shall be designated as Defendant No. 1207.

1938. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AMC3 shall be designated as Defendant No. 1208.

1939. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AMC4 shall be designated as Defendant No. 1209.

1940. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AR1 shall be designated as Defendant No. 1210.

1941. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AR4 shall be designated as Defendant No. 1211.

1942. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-AR5 shall be designated as Defendant No. 1212.

1943. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-CB3 shall be designated as Defendant No. 1213.

1944. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-OPX1 shall be designated as Defendant No. 1214.

1945. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE1 shall be designated as Defendant No. 1215.

1946. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE2 shall be designated as Defendant No. 1216.

1947. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE3 shall be designated as Defendant No. 1217.

1948. Defendant CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE4 shall be designated as Defendant No. 1218.

1949. Defendant CITIGROUP MORTGAGE LOAN TRUST INC shall be designated as Defendant No. 1219.

1950. Defendant CITIGROUP MORTGAGE LOAN TRUST INC CARRINGTON MORTGAGE LOAN TRUST, SERIES 2004-NC2 shall be designated as Defendant No. 1220.

1951. Defendant CITIGROUP MORTGAGE LOAN TRUST INC C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-CB7 shall be designated as Defendant No. 1221.

1952. Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2004-HYB3 shall be designated as Defendant No. 1222.

1953. Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2004-NCM2 shall be designated as Defendant No. 1223.

1954.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2004-OPT1 shall be designated as Defendant No. 1224.

1955.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2004-UST1 shall be designated as Defendant No. 1225.

1956.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2004-UST1 shall be designated as Defendant No. 1226.

1957.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2005-OPT1 shall be designated as Defendant No. 1227.

1958.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC SERIES 2005-OPT2 shall be designated as Defendant No. 1228.

1959.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1 shall be designated as Defendant No. 1229.

1960.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. 2005-4 shall be designated as Defendant No. 1230.

1961.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. 2005-7 shall be designated as Defendant No. 1231.

1962.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF1 shall be designated as Defendant No. 1232.

1963.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF1 shall be designated as Defendant No. 1233.

1964.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF2 shall be designated as Defendant No. 1234.

1965.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WF2 shall be designated as Defendant No. 1235.

1966.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-NCM1 shall be designated as Defendant No. 1236.

1967.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 shall be designated as Defendant No. 1237.

1968.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 shall be designated as Defendant No. 1238.

1969.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC. SERIES 2004 - HYB4 shall be designated as Defendant No. 1239.

1970.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC1 shall be designated as Defendant No. 1240.

1971.  Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-3 shall be designated as Defendant No. 1241.

1972. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-3 shall be designated as Defendant No. 1242.

1973. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-5 shall be designated as Defendant No. 1243.

1974. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-8 shall be designated as Defendant No. 1244.

1975. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-9 shall be designated as Defendant No. 1245.

1976. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-HE3 shall be designated as Defendant No. 1246.

1977. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2005-HE4 shall be designated as Defendant No. 1247.

1978. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2006-AR2 shall be designated as Defendant No. 1248.

1979. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2006-AR3 shall be designated as Defendant No. 1249.

1980. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2006-AR3 shall be designated as Defendant No. 1250.

1981. Defendant CITIGROUP MORTGAGE LOAN TRUST INC., SERIES 2007-AR7 shall be designated as Defendant No. 1251.

1982. Defendant CITIGROUP MORTGAGE LOAN TRUST SERIES 2003 UST-1 shall be designated as Defendant No. 1252.

1983. Defendant CITIGROUP MORTGAGE LOAN TRUST SERIES 2004-CB3 shall be designated as Defendant No. 1253.

1984. Defendant CITIGROUP MORTGAGE LOAN TRUST SERIES 2004-HYB1 shall be designated as Defendant No. 1254.

1985. Defendant CITIGROUP MORTGAGE LOAN TRUST SERIES 2004-HYB2 shall be designated as Defendant No. 1255.

1986. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2004-RES1 shall be designated as Defendant No. 1256.

1987. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2005-10 shall be designated as Defendant No. 1257.

1988. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2005-CB4 shall be designated as Defendant No. 1258.

1989. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2005-CB8, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES shall be designated as Defendant No. 1259.

1990. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2005-OPT3 shall be designated as Defendant No. 1260.

1991. Defendant CITIGROUP MORTGAGE LOAN TRUST, SERIES 2005-OPT4 shall be designated as Defendant No. 1261.

1992. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A1 shall be designated as Defendant No. 1262.

1993. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A2 shall be designated as Defendant No. 1263.

1994. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A3 shall be designated as Defendant No. 1264.

1995. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A4 shall be designated as Defendant No. 1265.

1996. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A5 shall be designated as Defendant No. 1266.

1997. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A6 shall be designated as Defendant No. 1267.

1998. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2006-A7 shall be designated as Defendant No. 1268.

1999. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A1 shall be designated as Defendant No. 1269.

2000. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A2 shall be designated as Defendant No. 1270.

2001. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A2 shall be designated as Defendant No. 1271.

2002. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A3 shall be designated as Defendant No. 1272.

2003. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A4 shall be designated as Defendant No. 1273.

2004. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A5 shall be designated as Defendant No. 1274.

2005. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A6 shall be designated as Defendant No. 1275.

2006. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A7 shall be designated as Defendant No. 1276.

2007. Defendant CMALT (CITIMORTGAGE ALTERNATIVE LOAN TRUST), SERIES 2007-A8 shall be designated as Defendant No. 1277.

2008. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II INC shall be designated as Defendant No. 1278.

2009. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., HOMEBANC MORTGAGE TRUST 2004-2 shall be designated as Defendant No. 1279.

2010. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR4 shall be designated as Defendant No. 1280.

2011. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR6 shall be designated as Defendant No. 1281.

2012. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR7 shall be designated as Defendant No. 1282.

2013. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR8 shall be designated as Defendant No. 1283.

2014. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1284.

2015. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1285.

2016.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1286.

2017.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1287.

2018.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR3 shall be designated as Defendant No. 1288.

2019.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR5 shall be designated as Defendant No. 1289.

2020.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR6 shall be designated as Defendant No. 1290.

2021.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7 shall be designated as Defendant No. 1291.

2022.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7 shall be designated as Defendant No. 1292.

2023.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR8 shall be designated as Defendant No. 1293.

2024.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F1 shall be designated as Defendant No. 1294.

2025.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F2 shall be designated as Defendant No. 1295.

2026.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F3 shall be designated as Defendant No. 1296.

2027.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F3 shall be designated as Defendant No. 1297.

2028.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006AR1 shall be designated as Defendant No. 1298.

2029.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006AR1 shall be designated as Defendant No. 1299.

2030.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR1 shall be designated as Defendant No. 1300.

2031.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1301.

2032.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1302.

2033.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1303.

2034.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR3 shall be designated as Defendant No. 1304.

2035.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR3 shall be designated as Defendant No. 1305.

2036.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR4 shall be designated as Defendant No. 1306.

2037.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR4 shall be designated as Defendant No. 1307.

2038.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1308.

2039.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1309.

2040.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1310.

2041.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR6 shall be designated as Defendant No. 1311.

2042.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7 shall be designated as Defendant No. 1312.

2043.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR8 shall be designated as Defendant No. 1313.

2044.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR1 shall be designated as Defendant No. 1314.

2045.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR2 shall be designated as Defendant No. 1315.

2046.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 shall be designated as Defendant No. 1316.

2047.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 shall be designated as Defendant No. 1317.

2048.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR4 shall be designated as Defendant No. 1318.

2049.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR4 shall be designated as Defendant No. 1319.

2050.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR5 shall be designated as Defendant No. 1320.

2051.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR5 shall be designated as Defendant No. 1321.

2052.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6 shall be designated as Defendant No. 1322.

2053.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6 shall be designated as Defendant No. 1323.

2054.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR7 shall be designated as Defendant No. 1324.

2055.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST SERIES 2004-AR3 shall be designated as Defendant No. 1325.

2056.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST SERIES 2005-AR1 shall be designated as Defendant No. 1326.

2057.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1327.

2058.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1328.

2059.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1329.

2060. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1330.

2061. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1331.

2062. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1332.

2063. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS INC shall be designated as Defendant No. 1333.

2064. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS TRUST 2003 AR3 shall be designated as Defendant No. 1334.

2065. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS TRUST 2003-AR1 shall be designated as Defendant No. 1335.

2066. Defendant SG MORTGAGE SECURITIES TRUST 2005-OPT1 shall be designated as Defendant No. 1336.

2067. Defendant SG MORTGAGE SECURITIES TRUST 2006-FRE1 shall be designated as Defendant No. 1337.

2068. Defendant SG MORTGAGE SECURITIES TRUST 2006-FRE2 shall be designated as Defendant No. 1338.

2069. Defendant SG MORTGAGE SECURITIES TRUST 2006-OPT2 shall be designated as Defendant No. 1339.

2070. Defendant SG MORTGAGE SECURITIES, LLC shall be designated as Defendant No. 1340.

2071.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR1 shall be designated as Defendant No. 1341.

2072.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR11 shall be designated as Defendant No. 1342.

2073.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR12 shall be designated as Defendant No. 1343.

2074.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR13 shall be designated as Defendant No. 1344.

2075.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR14 shall be designated as Defendant No. 1345.

2076.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR15 shall be designated as Defendant No. 1346.

2077.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR2 shall be designated as Defendant No. 1347.

2078.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR3 shall be designated as Defendant No. 1348.

2079.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR4 shall be designated as Defendant No. 1349.

2080.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR5 shall be designated as Defendant No. 1350.

2081.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR6 shall be designated as Defendant No. 1351.

2082.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR7 shall be designated as Defendant No. 1352.

2083.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR8 shall be designated as Defendant No. 1353.

2084.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR9 shall be designated as Defendant No. 1354.

2085.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR1 shall be designated as Defendant No. 1355.

2086.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR10 shall be designated as Defendant No. 1356.

2087.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR11 shall be designated as Defendant No. 1357.

2088.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR12 shall be designated as Defendant No. 1358.

2089.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR13 shall be designated as Defendant No. 1359.

2090.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14 shall be designated as Defendant No. 1360.

2091.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR15 shall be designated as Defendant No. 1361.

2092.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR16IP shall be designated as Defendant No. 1362.

2093. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR17 shall be designated as Defendant No. 1363.

2094. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR18 shall be designated as Defendant No. 1364.

2095. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR19 shall be designated as Defendant No. 1365.

2096. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR2 shall be designated as Defendant No. 1366.

2097. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR21 shall be designated as Defendant No. 1367.

2098. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR23 shall be designated as Defendant No. 1368.

2099. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR25 shall be designated as Defendant No. 1369.

2100. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR27 shall be designated as Defendant No. 1370.

2101. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR29 shall be designated as Defendant No. 1371.

2102. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR3 shall be designated as Defendant No. 1372.

2103. Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR31 shall be designated as Defendant No. 1373.

2104.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR33 shall be designated as Defendant No. 1374.

2105.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR35 shall be designated as Defendant No. 1375.

2106.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR4 shall be designated as Defendant No. 1376.

2107.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR5 shall be designated as Defendant No. 1377.

2108.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR6 shall be designated as Defendant No. 1378.

2109.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR7 shall be designated as Defendant No. 1379.

2110.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR8 shall be designated as Defendant No. 1380.

2111.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR9 shall be designated as Defendant No. 1381.

2112.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR11 shall be designated as Defendant No. 1382.

2113.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR12 shall be designated as Defendant No. 1383.

2114.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR13 shall be designated as Defendant No. 1384.

2115.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14 shall be designated as Defendant No. 1385.

2116.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR15 shall be designated as Defendant No. 1386.

2117.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR19 shall be designated as Defendant No. 1387.

2118.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2 shall be designated as Defendant No. 1388.

2119.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR21 shall be designated as Defendant No. 1389.

2120.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR23 shall be designated as Defendant No. 1390.

2121.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25 shall be designated as Defendant No. 1391.

2122.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR27 shall be designated as Defendant No. 1392.

2123.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR27 shall be designated as Defendant No. 1393.

2124.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR29 shall be designated as Defendant No. 1394.

2125.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR3 shall be designated as Defendant No. 1395.

2126.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR31 shall be designated as Defendant No. 1396.

2127.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR33 shall be designated as Defendant No. 1397.

2128.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35 shall be designated as Defendant No. 1398.

2129.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37 shall be designated as Defendant No. 1399.

2130.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR39 shall be designated as Defendant No. 1400.

2131.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR4 shall be designated as Defendant No. 1401.

2132.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR41 shall be designated as Defendant No. 1402.

2133.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR5 shall be designated as Defendant No. 1403.

2134.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR6 shall be designated as Defendant No. 1404.

2135.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR7 shall be designated as Defendant No. 1405.

2136.   Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR8 shall be designated as Defendant No. 1406.

2137.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR9 shall be designated as Defendant No. 1407.

2138.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1 shall be designated as Defendant No. 1408.

2139.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2006-R1 shall be designated as Defendant No. 1409.

2140.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR1 shall be designated as Defendant No. 1410.

2141.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR11 shall be designated as Defendant No. 1411.

2142.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR13 shall be designated as Defendant No. 1412.

2143.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR15 shall be designated as Defendant No. 1413.

2144.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR17 shall be designated as Defendant No. 1414.

2145.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR19 shall be designated as Defendant No. 1415.

2146.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR21IP shall be designated as Defendant No. 1416.

2147.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR5 shall be designated as Defendant No. 1417.

2148.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7 shall be designated as Defendant No. 1418.

2149.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR9 shall be designated as Defendant No. 1419.

2150.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX1 shall be designated as Defendant No. 1420.

2151.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX2 shall be designated as Defendant No. 1421.

2152.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX2 shall be designated as Defendant No. 1422.

2153.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX3 shall be designated as Defendant No. 1423.

2154.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX4 shall be designated as Defendant No. 1424.

2155.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX5 shall be designated as Defendant No. 1425.

2156.  Defendant INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX6 shall be designated as Defendant No. 1426.

2157.  Defendant GMAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR1 shall be designated as Defendant No. 1427.

2158.  Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS INC shall be designated as Defendant No. 1428.

2159.   Defendant GMACM HOME EQUITY LOAN BACKED NOTES SERIES 2002-HE4 shall be designated as Defendant No. 1429.

2160.   Defendant GMACM HOME EQUITY LOAN BACKED TERM NOTES SER 2003-HE1 shall be designated as Defendant No. 1430.

2161.   Defendant GMACM HOME EQUITY LOAN BACKED TERM NOTES SERIES 2000-HE4 shall be designated as Defendant No. 1431.

2162.   Defendant GMACM HOME EQUITY LOAN TRUST 2003-HE2 shall be designated as Defendant No. 1432.

2163.   Defendant GMACM HOME EQUITY LOAN TRUST 2004-HE3 shall be designated as Defendant No. 1433.

2164.   Defendant GMACM HOME EQUITY LOAN TRUST 2004-HE4 shall be designated as Defendant No. 1434.

2165.   Defendant GMACM HOME EQUITY LOAN TRUST 2004-HE5 shall be designated as Defendant No. 1435.

2166.   Defendant GMACM HOME EQUITY LOAN TRUST 2005-HE1 shall be designated as Defendant No. 1436.

2167.   Defendant GMACM HOME EQUITY LOAN TRUST 2005-HE2 shall be designated as Defendant No. 1437.

2168.   Defendant GMACM HOME EQUITY LOAN TRUST 2005-HE3 shall be designated as Defendant No. 1438.

2169.   Defendant GMACM HOME EQUITY LOAN TRUST 2006-HE5 shall be designated as Defendant No. 1439.

2170. Defendant GMACM HOME EQUITY LOAN-BACKED NOTES SERIES 2001-HE1 shall be designated as Defendant No. 1440.

2171. Defendant GMACM HOME EQUITY LOAN-BACKED TERM NOTES SERIES 2001-HE2 shall be designated as Defendant No. 1441.

2172. Defendant GMACM HOME EQUITY LOAN-BACKED TERM NOTES SERIES 2001-HE3 shall be designated as Defendant No. 1442.

2173. Defendant GMACM HOME LOAN BACKED TERM NOTES SERIES 2000-CL1 shall be designated as Defendant No. 1443.

2174. Defendant GMACM HOME LOAN BACKED TERM NOTES SERIES 2000-HLTV2 shall be designated as Defendant No. 1444.

2175. Defendant GMACM HOME LOAN BACKED TERM NOTES SERIES 2002-HLTV1 shall be designated as Defendant No. 1445.

2176. Defendant GMACM HOME LOAN TRUST 2004-HLTV1 shall be designated as Defendant No. 1446.

2177. Defendant GMACM HOME LOAN-BACKED TERM NOTES SERIES 2001-CL1 shall be designated as Defendant No. 1447.

2178. Defendant GMACM HOME LOAN-BACKED TERM NOTES SERIES 2001-HLTV1 shall be designated as Defendant No. 1448.

2179. Defendant GMACM HOME LOAN-BACKED TERM NOTES SERIES 2001-HLTV2 shall be designated as Defendant No. 1449.

2180. Defendant GMACM MORTGAGE LOAN BACKED NOTES SERIES 2000-HE3 shall be designated as Defendant No. 1450.

2181.  Defendant GMACM MORTGAGE LOAN TRUST 2003-J7 shall be designated as Defendant No. 1451.

2182.  Defendant  GMACM  MORTGAGE  LOAN  TRUST  2004-GH1  shall  be designated as Defendant No. 1452.

2183.  Defendant  GMACM  MORTGAGE  LOAN  TRUST  2005-AA1  shall  be designated as Defendant No. 1453.

2184.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AF1 shall be designated as Defendant No. 1454.

2185.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AF2 shall be designated as Defendant No. 1455.

2186.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR1 shall be designated as Defendant No. 1456.

2187.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR1 shall be designated as Defendant No. 1457.

2188.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR2 shall be designated as Defendant No. 1458.

2189.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR3 shall be designated as Defendant No. 1459.

2190.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR4 shall be designated as Defendant No. 1460.

2191.  Defendant GMACM MORTGAGE LOAN TRUST 2005-AR5 shall be designated as Defendant No. 1461.

2192.   Defendant GMACM MORTGAGE LOAN TRUST 2005-AR6 shall be designated as Defendant No. 1462.

2193.   Defendant GMACM MORTGAGE LOAN TRUST 2005-J1 shall be designated as Defendant No. 1463.

2194.   Defendant GMACM MORTGAGE PASS THRU CERTS SERIES 2003-J8 shall be designated as Defendant No. 1464.

2195.   Defendant GMACM MORTGAGE PASS-THROUGH CERIFICATES, SERIES 2004-J5 shall be designated as Defendant No. 1465.

2196.   Defendant GMACM MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-J5 shall be designated as Defendant No. 1466.

2197.   Defendant GMACM MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR2 shall be designated as Defendant No. 1467.

2198.   Defendant   GMACM   MORTGAGE   PASS-THROUGH   CERTIFICATES, SERIES 2004-J2 shall be designated as Defendant No. 1468.

2199.   Defendant   GMACM   MORTGAGE   PASS-THROUGH   CERTIFICATES, SERIES 2004-J3 shall be designated as Defendant No. 1469.

2200.   Defendant   GMACM   MORTGAGE   PASS-THROUGH   CERTIFICATES, SERIES 2004-J4 shall be designated as Defendant No. 1470.

2201.   Defendant   GMACM   MORTGAGE   PASS-THROUGH   CERTIFICATES, SERIES 2004-J6 shall be designated as Defendant No. 1471.

2202.   Defendant RAAC SERIES 2004-SP1 TRUST shall be designated as Defendant No. 1472.

2203.   Defendant RAAC SERIES 2004-SP2 shall be designated as Defendant No. 1473.

2204.   Defendant RAAC SERIES 2004-SP3 shall be designated as Defendant No. 1474.

2205.   Defendant RAAC SERIES 2005-SP1 TRUST shall be designated as Defendant No. 1475.

2206.   Defendant RAAC SERIES 2005-SP3 TRUST shall be designated as Defendant No. 1476.

2207.   Defendant RAAC SERIES 2007 SP2 TRUST shall be designated as Defendant No. 1477.

2208.   Defendant RAAC SERIES 2007-SP1 TRUST shall be designated as Defendant No. 1478.

2209.   Defendant RAAC SERIES 2007-SP3 TRUST shall be designated as Defendant No. 1479.

2210.   Defendant RAAC SERIES 2007-SP3 TRUST shall be designated as Defendant No. 1480.

2211.   Defendant RAMP SERIES 2004-R12 TRUST shall be designated as Defendant No. 1481.

2212.   Defendant RAMP SERIES 2004-RS1 TRUST shall be designated as Defendant No. 1482.

2213.   Defendant RAMP SERIES 2004-RS1 TRUST shall be designated as Defendant No. 1483.

2214.   Defendant RAMP SERIES 2004-RS10 TRUST shall be designated as Defendant No. 1484.

2215.   Defendant RAMP SERIES 2004-RS11 TRUST shall be designated as Defendant No. 1485.

2216.   Defendant RAMP SERIES 2004-RS2 TRUST shall be designated as Defendant
No. 1486.

2217.   Defendant RAMP SERIES 2004-RS4 TRUST shall be designated as Defendant
No. 1487.

2218.   Defendant RAMP SERIES 2004-RS5 TRUS shall be designated as Defendant
No. 1488.

2219.   Defendant RAMP SERIES 2004-RS6 TRUST shall be designated as Defendant
No. 1489.

2220.   Defendant RAMP SERIES 2004-RS7 TRUST shall be designated as Defendant
No. 1490.

2221.   Defendant RAMP SERIES 2004-RS8 TRUST shall be designated as Defendant
No. 1491.

2222.   Defendant RAMP SERIES 2004-RS9 TRUST shall be designated as Defendant
No. 1492.

2223.   Defendant RAMP SERIES 2004-RZ2 TRUST shall be designated as Defendant
No. 1493.

2224.   Defendant RAMP SERIES 2004-RZ3 TRUST shall be designated as Defendant
No. 1494.

2225.   Defendant RAMP SERIES 2004-RZ3 TRUST shall be designated as Defendant
No. 1495.

2226.   Defendant RAMP SERIES 2004-RZ4 TRUST shall be designated as Defendant
No. 1496.

2227. Defendant RAMP SERIES 2004-SL2 TRUST shall be designated as Defendant No. 1497.

2228. Defendant RAMP SERIES 2004-SL3 TRUST shall be designated as Defendant No. 1498.

2229. Defendant RAMP SERIES 2004-SL4 TRUST shall be designated as Defendant No. 1499.

2230. Defendant RAMP SERIES 2005 SL2 TRUST shall be designated as Defendant No. 1500.

2231. Defendant RAMP SERIES 2005-EFC1 TRUST shall be designated as Defendant No. 1501.

2232. Defendant RAMP SERIES 2005-EFC2 shall be designated as Defendant No. 1502.

2233. Defendant RAMP SERIES 2005-EFC3 TRUST shall be designated as Defendant No. 1503.

2234. Defendant RAMP SERIES 2005-EFC4 TRUST shall be designated as Defendant No. 1504.

2235. Defendant RAMP SERIES 2005-EFC5 TRUST shall be designated as Defendant No. 1505.

2236. Defendant RAMP SERIES 2005-EFC6 TRUST shall be designated as Defendant No. 1506.

2237. Defendant RAMP SERIES 2005-RS2 TRUST shall be designated as Defendant No. 1507.

2238.   Defendant RAMP SERIES 2005-RS3 TRUST shall be designated as Defendant No. 1508.

2239.   Defendant RAMP SERIES 2005-RS3 TRUST shall be designated as Defendant No. 1509.

2240.   Defendant RAMP SERIES 2005-RS4 TRUST shall be designated as Defendant No. 1510.

2241.   Defendant RAMP SERIES 2005-RS5 TRUST shall be designated as Defendant No. 1511.

2242.   Defendant RAMP SERIES 2005-RS6 TRUST shall be designated as Defendant No. 1512.

2243.   Defendant RAMP SERIES 2005-RS7 TRUST shall be designated as Defendant No. 1513.

2244.   Defendant RAMP SERIES 2005-RS8 TRUST shall be designated as Defendant No. 1514.

2245.   Defendant RAMP SERIES 2005-RS9 TRUST shall be designated as Defendant No. 1515.

2246.   Defendant RAMP SERIES 2005-RZ1 TRUST shall be designated as Defendant No. 1516.

2247.   Defendant RAMP SERIES 2005-RZ2 TRUST shall be designated as Defendant No. 1517.

2248.   Defendant RAMP SERIES 2005-RZ3 TRUST shall be designated as Defendant No. 1518.

2249.   Defendant RAMP SERIES 2005-RZ4 TRUST shall be designated as Defendant No. 1519.

2250.   Defendant RAMP SERIES 2005-SL1 TRUST shall be designated as Defendant No. 1520.

2251.   Defendant RAMP SERIES 2005-SP2 TRUST shall be designated as Defendant No. 1521.

2252.   Defendant RAMP SERIES 2006-RS2 TRUST shall be designated as Defendant No. 1522.

2253.   Defendant RAMP SERIES 2006-RS2 TRUST shall be designated as Defendant No. 1523.

2254.   Defendant RAMP SERIES 2006-SP1 TRUST shall be designated as Defendant No. 1524.

2255.   Defendant RESIDENTIAL ASSET BACKED PASS THR CERTS SER 2003-RS4 shall be designated as Defendant No. 1525.

2256.   Defendant RESIDENTIAL ASSET GMACM MORTGAGE LOAN TRUST 2004-JR1 shall be designated as Defendant No. 1526.

2257.   Defendant RESIDENTIAL ASSET MOR PRO INC GMACM MO PASS TH CE SE 2006 J6 shall be designated as Defendant No. 1527.

2258.   Defendant RESIDENTIAL ASSET MORT PRO INC GMACM MO PA TH CE SE 03 AR2 shall be designated as Defendant No. 1528.

2259.   Defendant RESIDENTIAL ASSET MORT PROD GMACM PS THR CERTS SER 2003-J4 shall be designated as Defendant No. 1529.

2260. Defendant RESIDENTIAL ASSET MORT PROD INC GMACH HM EQ LN TR 2002-HE1 shall be designated as Defendant No. 1530.

2261. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ L N TR 04 HE2 shall be designated as Defendant No. 1531.

2262. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2000 HE1 shall be designated as Defendant No. 1532.

2263. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2000 HE2 shall be designated as Defendant No. 1533.

2264. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2001 HE4 shall be designated as Defendant No. 1534.

2265. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2001 HE4 shall be designated as Defendant No. 1535.

2266. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2004 HE1 shall be designated as Defendant No. 1536.

2267. Defendant RESIDENTIAL ASSET MORT PROD INC GMACM MORT LN TR 03-J2 shall be designated as Defendant No. 1537.

2268. Defendant RESIDENTIAL ASSET MORT PROD INC RAMP SERIES 2004 RZ1 TRUST shall be designated as Defendant No. 1538.

2269. Defendant RESIDENTIAL ASSET MORT PROD INC RAMP SERIES 2004 SL1 TRUST shall be designated as Defendant No. 1539.

2270. Defendant RESIDENTIAL ASSET MORT PRODS INC GMACM MORT LN TR 03 GH2 shall be designated as Defendant No. 1540.

2271.   Defendant RESIDENTIAL ASSET MORT PRODS INC GMACM MORT LOAN TR 03 J10 shall be designated as Defendant No. 1541.

2272.   Defendant RESIDENTIAL ASSET MORT PRODUCT GMACM LOAN SER 2003-AR1 shall be designated as Defendant No. 1542.

2273.   Defendant RESIDENTIAL ASSET MORT PRODUCTS INC GMACM MORT LN TR 03 J3 shall be designated as Defendant No. 1543.

2274.   Defendant RESIDENTIAL ASSET MORT PRODUCTS INC GMACM MORT LN TR 03-J1 shall be designated as Defendant No. 1544.

2275.   Defendant RESIDENTIAL ASSET MORTGAGE PROD INC GMACM MOR LN TR 2003-GH1 shall be designated as Defendant No. 1545.

2276.   Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS GMACM TRUST 2004-J1 shall be designated as Defendant No. 1546.

2277.   Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS INC shall be designated as Defendant No. 1547.

2278.   Defendant RAMP SERIES 2005-RS3 TRUST shall be designated as Defendant No. 1548.

2279.   Defendant RAMP SERIES 2005-RS4 TRUST shall be designated as Defendant No. 1549.

2280.   Defendant RAMP SERIES 2005-RS5 TRUST shall be designated as Defendant No. 1550.

2281.   Defendant RAMP SERIES 2005-RS6 TRUST shall be designated as Defendant No. 1551.

2282.   Defendant RAMP SERIES 2005-RS7 TRUST shall be designated as Defendant No. 1552.

2283.   Defendant RAMP SERIES 2005-RS8 TRUST shall be designated as Defendant No. 1553.

2284.   Defendant RAMP SERIES 2005-RS9 TRUST shall be designated as Defendant No. 1554.

2285.   Defendant RAMP SERIES 2005-RZ1 TRUST shall be designated as Defendant No. 1555.

2286.   Defendant RAMP SERIES 2005-RZ2 TRUST shall be designated as Defendant No. 1556.

2287.   Defendant RAMP SERIES 2005-RZ3 TRUST shall be designated as Defendant No. 1557.

2288.   Defendant RAMP SERIES 2005-RZ4 TRUST shall be designated as Defendant No. 1558.

2289.   Defendant RAMP SERIES 2005-SL1 TRUST shall be designated as Defendant No. 1559.

2290.   Defendant RAMP SERIES 2005-SP2 TRUST shall be designated as Defendant No. 1560.

2291.   Defendant RAMP SERIES 2006-RS2 TRUST shall be designated as Defendant No. 1561.

2292.   Defendant RAMP SERIES 2006-RS2 TRUST shall be designated as Defendant No. 1562.

2293.  Defendant RAMP SERIES 2006-SP1 TRUST shall be designated as Defendant No. 1563.

2294.  Defendant RESIDENTIAL ASSET BACKED PASS THR CERTS SER 2003-RS4 shall be designated as Defendant No. 1564.

2295.  Defendant RESIDENTIAL ASSET GMACM MORTGAGE LOAN TRUST 2004-JR1 shall be designated as Defendant No. 1565.

2296.  Defendant RESIDENTIAL ASSET MOR PRO INC GMACM MO PASS TH CE SE 2006 J6 shall be designated as Defendant No. 1566.

2297.  Defendant RESIDENTIAL ASSET MORT PRO INC GMACM MO PA TH CE SE 03 AR2 shall be designated as Defendant No. 1567.

2298.  Defendant RESIDENTIAL ASSET MORT PROD GMACM PS THR CERTS SER 2003-J4 shall be designated as Defendant No. 1568.

2299.  Defendant RESIDENTIAL ASSET MORT PROD INC GMACH HM EQ LN TR 2002-HE1 shall be designated as Defendant No. 1569.

2300.  Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ L N TR 04 HE2 shall be designated as Defendant No. 1570.

2301.  Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2000 HE1 shall be designated as Defendant No. 1571.

2302.  Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2000 HE2 shall be designated as Defendant No. 1572.

2303.  Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2001 HE4 shall be designated as Defendant No. 1573.

2304.   Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2001 HE4 shall be designated as Defendant No. 1574.

2305.   Defendant RESIDENTIAL ASSET MORT PROD INC GMACM HOME EQ LN TR 2004 HE1 shall be designated as Defendant No. 1575.

2306.   Defendant RESIDENTIAL ASSET MORT PROD INC GMACM MORT LN TR 03-J2 shall be designated as Defendant No. 1576.

2307.   Defendant RESIDENTIAL ASSET MORT PROD INC RAMP SERIES 2004 RZ1 TRUST shall be designated as Defendant No. 1577.

2308.   Defendant RESIDENTIAL ASSET MORT PROD INC RAMP SERIES 2004 SL1 TRUST shall be designated as Defendant No. 1578.

2309.   Defendant RESIDENTIAL ASSET MORT PRODS INC GMACM MORT LN TR 03 GH2 shall be designated as Defendant No. 1579.

2310.   Defendant RESIDENTIAL ASSET MORT PRODS INC GMACM MORT LOAN TR 03 J10 shall be designated as Defendant No. 1580.

2311.   Defendant RESIDENTIAL ASSET MORT PRODUCT GMACM LOAN SER 2003-AR1 shall be designated as Defendant No. 1581.

2312.   Defendant RESIDENTIAL ASSET MORT PRODUCTS INC GMACM MORT LN TR 03 J3 shall be designated as Defendant No. 1582.

2313.   Defendant RESIDENTIAL ASSET MORT PRODUCTS INC GMACM MORT LN TR 03-J1 shall be designated as Defendant No. 1583.

2314.   Defendant RESIDENTIAL ASSET MORTGAGE PROD INC GMACM MOR LN TR 2003-GH1 shall be designated as Defendant No. 1584.

2315. Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS GMACM TRUST 2004-J1 shall be designated as Defendant No. 1585.

2316. Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS INC shall be designated as Defendant No. 1586.

2317. Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS INC TRUST 2000-HLTV1 shall be designated as Defendant No. 1587.

2318. Defendant RESIDENTIAL ASSET MORTGAGE PRODUCTS RAMP TRUST 2004-RS3 shall be designated as Defendant No. 1588.

2319. Defendant RESIDENTIAL ASST MORT PROD GMACM MT PS THR CERTS SER 2003-J9 shall be designated as Defendant No. 1589.

2320. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-2 shall be designated as Defendant No. 1590.

2321. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-OA5 /DE shall be designated as Defendant No. 1591.

2322. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AF1 shall be designated as Defendant No. 1592.

2323. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR2 shall be designated as Defendant No. 1593.

2324. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR3 shall be designated as Defendant No. 1594.

2325. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR4 shall be designated as Defendant No. 1595.

2326.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR5 shall be designated as Defendant No. 1596.

2327.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR6 shall be designated as Defendant No. 1597.

2328.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-OA1 shall be designated as Defendant No. 1598.

2329.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1 shall be designated as Defendant No. 1599.

2330.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1 shall be designated as Defendant No. 1600.

2331.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-3 shall be designated as Defendant No. 1601.

2332.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR1 shall be designated as Defendant No. 1602.

2333.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR2 shall be designated as Defendant No. 1603.

2334.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR2 shall be designated as Defendant No. 1604.

2335.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR3 shall be designated as Defendant No. 1605.

2336.  Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-OA1 shall be designated as Defendant No. 1606.

2337. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-OA2 shall be designated as Defendant No. 1607.

2338. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-OA3 /DE shall be designated as Defendant No. 1608.

2339. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-OA4 /DE shall be designated as Defendant No. 1609.

2340. Defendant DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-RAMP1 shall be designated as Defendant No. 1610.

2341. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-1 shall be designated as Defendant No. 1611.

2342. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-2 shall be designated as Defendant No. 1612.

2343. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-3 shall be designated as Defendant No. 1613.

2344. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-4 shall be designated as Defendant No. 1614.

2345. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-5 shall be designated as Defendant No. 1615.

2346. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-6 shall be designated as Defendant No. 1616.

2347. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-AR1 shall be designated as Defendant No. 1617.

2348. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-AR1 shall be designated as Defendant No. 1618.

2349. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-AR1 shall be designated as Defendant No. 1619.

2350. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-AR2 shall be designated as Defendant No. 1620.

2351. Defendant DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2006-AR1 shall be designated as Defendant No. 1621.

2352. Defendant DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB1 shall be designated as Defendant No. 1622.

2353. Defendant DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB3 shall be designated as Defendant No. 1623.

2354. Defendant DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AB1 shall be designated as Defendant No. 1624.

2355. Defendant DEUTSCHE ALT-B SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2006-AB2 shall be designated as Defendant No. 1625.

2356. Defendant DEUTSHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-AR1 shall be designated as Defendant No. 1626.

2357. Defendant MORTGAGE LOAN TRUST SERIES 2003-2XS shall be designated as Defendant No. 1627.

2358. Defendant SASCO MORTGAGE LOAN TRUST 2004-GEL3 shall be designated as Defendant No. 1628.

2359.  Defendant SASCO MORTGAGE LOAN TRUST 2005-WF3 shall be designated as Defendant No. 1629.

2360.  Defendant SASCO MORTGAGE LOAN TRUST SERIES 2003-GEL1 shall be designated as Defendant No. 1630.

2361.  Defendant SASCO MORTGAGE LOAN TRUST SERIES 2004-GEL2 shall be designated as Defendant No. 1631.

2362.  Defendant SASCO MORTGAGE LOAN TRUST SERIES 2005-GEL1 shall be designated as Defendant No. 1632.

2363.  Defendant SASCO MORTGAGE LOAN TRUST SERIES 2005-GEL2 shall be designated as Defendant No. 1633.

2364.  Defendant SASCO MORTGAGE LOAN TRUST SERIES 2005-GEL3 shall be designated as Defendant No. 1634.

2365.  Defendant SASCO MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-NC1 shall be designated as Defendant No. 1635.

2366.  Defendant SASCO MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-NC2 shall be designated as Defendant No. 1636.

2367.  Defendant SASCO MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-S4 shall be designated as Defendant No. 1637.

2368.  Defendant SASCO MORTGAGE PASS-THROUGH CERTIFIDATES, SERIES 2005-WMC1 shall be designated as Defendant No. 1638.

2369.  Defendant STRUCT ASS MORT INV INC BS ALTA MORT PAS THR CER SER 2003 1 shall be designated as Defendant No. 1639.

2370. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE shall be designated as Defendant No. 1640.

2371. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN RATE shall be designated as Defendant No. 1641.

2372. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1642.

2373. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1643.

2374. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1644.

2375. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1645.

2376. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1646.

2377. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1647.

2378. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1648.

2379. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1649.

2380. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1650.

2381. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1651.

2382. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1652.

2383. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST shall be designated as Defendant No. 1653.

2384. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST 2004-5 shall be designated as Defendant No. 1654.

2385. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST 2005-3XS shall be designated as Defendant No. 1655.

2386. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST 2005-6XS shall be designated as Defendant No. 1656.

2387. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST 2005-8XS shall be designated as Defendant No. 1657.

2388. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-14 shall be designated as Defendant No. 1658.

2389. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-15 shall be designated as Defendant No. 1659.

2390. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-16 shall be designated as Defendant No. 1660.

2391. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-17 shall be designated as Defendant No. 1661.

2392. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-12 shall be designated as Defendant No. 1662.

2393. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-15 shall be designated as Defendant No. 1663.

2394. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-16XS shall be designated as Defendant No. 1664.

2395. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-17 shall be designated as Defendant No. 1665.

2396. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-18 shall be designated as Defendant No. 1666.

2397. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-2 shall be designated as Defendant No. 1667.

2398. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-20 shall be designated as Defendant No. 1668.

2399. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-20 shall be designated as Defendant No. 1669.

2400. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-21 shall be designated as Defendant No. 1670.

2401. Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-22 shall be designated as Defendant No. 1671.

2402.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-23 shall be designated as Defendant No. 1672.

2403.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-4 shall be designated as Defendant No. 1673.

2404.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-7 shall be designated as Defendant No. 1674.

2405.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2005-7N shall be designated as Defendant No. 1675.

2406.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-1 shall be designated as Defendant No. 1676.

2407.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-10 shall be designated as Defendant No. 1677.

2408.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-11 shall be designated as Defendant No. 1678.

2409.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-12 shall be designated as Defendant No. 1679.

2410.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-2 shall be designated as Defendant No. 1680.

2411.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-3 shall be designated as Defendant No. 1681.

2412.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-4 shall be designated as Defendant No. 1682.

2413.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-5 shall be designated as Defendant No. 1683.

2414.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-6 shall be designated as Defendant No. 1684.

2415.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-7 shall be designated as Defendant No. 1685.

2416.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-8 shall be designated as Defendant No. 1686.

2417.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2006-9 shall be designated as Defendant No. 1687.

2418.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-1 shall be designated as Defendant No. 1688.

2419.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-10 shall be designated as Defendant No. 1689.

2420.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-11 shall be designated as Defendant No. 1690.

2421.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-2 shall be designated as Defendant No. 1691.

2422.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-3 shall be designated as Defendant No. 1692.

2423.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-4 shall be designated as Defendant No. 1693.

2424.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-5 shall be designated as Defendant No. 1694.

2425.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-6 shall be designated as Defendant No. 1695.

2426.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-7 shall be designated as Defendant No. 1696.

2427.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-8 shall be designated as Defendant No. 1697.

2428.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2007-9 shall be designated as Defendant No. 1698.

2429.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2008-1 shall be designated as Defendant No. 1699.

2430.   Defendant STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST SERIES 2008-2 shall be designated as Defendant No. 1700.

2431.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 1 shall be designated as Defendant No. 1701.

2432.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 10 shall be designated as Defendant No. 1702.

2433.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 11 shall be designated as Defendant No. 1703.

2434.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 3 shall be designated as Defendant No. 1704.

2435.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 5 shall be designated as Defendant No. 1705.

2436.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 6 shall be designated as Defendant No. 1706.

2437.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 7 shall be designated as Defendant No. 1707.

2438.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 8 shall be designated as Defendant No. 1708.

2439.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 04 9 shall be designated as Defendant No. 1709.

2440.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 05 2 shall be designated as Defendant No. 1710.

2441.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ALT A TR 05 3 shall be designated as Defendant No. 1711.

2442.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ARM TR 2004 1 shall be designated as Defendant No. 1712.

2443.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ARM TR 2004 2 shall be designated as Defendant No. 1713.

2444.   Defendant STRUCTURED ASSET MORT INV II INC BEAR STEARNS ARM TRUST 03-7 shall be designated as Defendant No. 1714.

2445.   Defendant STRUCTURED ASSET MORT INV II INC MORT PAS THR CERT SE 04 CL1 shall be designated as Defendant No. 1715.

2446. Defendant STRUCTURED ASSET MORT INV II INC PRIME MORTGAGE TRUST 2003 2 shall be designated as Defendant No. 1716.

2447. Defendant STRUCTURED ASSET MORT INV II INC THORNBURG MORT SEC TR 03 5 shall be designated as Defendant No. 1717.

2448. Defendant STRUCTURED ASSET MORT INV INC BEAR STEARNS ALT A TR 03 4 shall be designated as Defendant No. 1718.

2449. Defendant STRUCTURED ASSET MORT INV INC BEAR STEARNS ARM TRUST 2003 3 shall be designated as Defendant No. 1719.

2450. Defendant STRUCTURED ASSET MORT INV INC MORT BACK NTS SER 2003-1 shall be designated as Defendant No. 1720.

2451. Defendant STRUCTURED ASSET MORT INV INC MORT PAS THR CERTS SER 2003-3 shall be designated as Defendant No. 1721.

2452. Defendant STRUCTURED ASSET MORT INV INC MORT PASS THR CERTS SER 2003-1 shall be designated as Defendant No. 1722.

2453. Defendant STRUCTURED ASSET MORT INV INC THORNBURG MORT SEC TR 2003-2 shall be designated as Defendant No. 1723.

2454. Defendant STRUCTURED ASSET MORT INVEST INC MORT PAS THR CERT SE 03 CL1 shall be designated as Defendant No. 1724.

2455. Defendant STRUCTURED ASSET MORT INVEST INC MORT PAS THR CERTS SER 03 1 shall be designated as Defendant No. 1725.

2456. Defendant STRUCTURED ASSET MORT INVESTMENT THORNBURG SEC TRUST 2004-1 shall be designated as Defendant No. 1726.

2457. Defendant STRUCTURED ASSET MORT PASS THRU CERTS SERIES 2003 AR4 shall be designated as Defendant No. 1727.

2458. Defendant STRUCTURED ASSET MORT PASS THRU CERTS SERIES 2004 AR3 shall be designated as Defendant No. 1728.

2459. Defendant STRUCTURED ASSET MORTGAGE INVEST TRUST 2003-AR2 shall be designated as Defendant No. 1729.

2460. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II 2005-AR4 shall be designated as Defendant No. 1730.

2461. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II INC shall be designated as Defendant No. 1731.

2462. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., HOMEBANC MORTGAGE TRUST 2004-2 shall be designated as Defendant No. 1732.

2463. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II SERIES 2004-AR5 shall be designated as Defendant No. 1733.

2464. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR4 shall be designated as Defendant No. 1734.

2465. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR6 shall be designated as Defendant No. 1735.

2466. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR7 shall be designated as Defendant No. 1736.

2467. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR8 shall be designated as Defendant No. 1737.

2468.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1738.

2469.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1739.

2470.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2 shall be designated as Defendant No. 1740.

2471.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR3 shall be designated as Defendant No. 1741.

2472.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR5 shall be designated as Defendant No. 1742.

2473.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR6 shall be designated as Defendant No. 1743.

2474.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7 shall be designated as Defendant No. 1744.

2475.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7 shall be designated as Defendant No. 1745.

2476.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR8 shall be designated as Defendant No. 1746.

2477.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F1 shall be designated as Defendant No. 1747.

2478.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F2 shall be designated as Defendant No. 1748.

2479.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F3 shall be designated as Defendant No. 1749.

2480.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-F3 shall be designated as Defendant No. 1750.

2481.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR1 shall be designated as Defendant No. 1751.

2482.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1752.

2483.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1753.

2484.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR2 shall be designated as Defendant No. 1754.

2485.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR3 shall be designated as Defendant No. 1755.

2486.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR3 shall be designated as Defendant No. 1756.

2487.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR4 shall be designated as Defendant No. 1757.

2488.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR4 shall be designated as Defendant No. 1758.

2489.   Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1759.

2490. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1760.

2491. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR5 shall be designated as Defendant No. 1761.

2492. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR6 shall be designated as Defendant No. 1762.

2493. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7 shall be designated as Defendant No. 1763.

2494. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7 shall be designated as Defendant No. 1764.

2495. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR8 shall be designated as Defendant No. 1765.

2496. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006AR1 shall be designated as Defendant No. 1766.

2497. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006AR1 shall be designated as Defendant No. 1767.

2498. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR1 shall be designated as Defendant No. 1768.

2499. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR2 shall be designated as Defendant No. 1769.

2500. Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 shall be designated as Defendant No. 1770.

2501.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3 shall be designated as Defendant No. 1771.

2502.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR4 shall be designated as Defendant No. 1772.

2503.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR4 shall be designated as Defendant No. 1773.

2504.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR5 shall be designated as Defendant No. 1774.

2505.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR5 shall be designated as Defendant No. 1775.

2506.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6 shall be designated as Defendant No. 1776.

2507.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6 shall be designated as Defendant No. 1777.

2508.  Defendant STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR7 shall be designated as Defendant No. 1778.

2509.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2006-BC5 shall be designated as Defendant No. 1779.

2510.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2006-BC6 shall be designated as Defendant No. 1780.

2511.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-BC2 shall be designated as Defendant No. 1781.

2512. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-BC3 shall be designated as Defendant No. 1782.

2513. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-BC4 shall be designated as Defendant No. 1783.

2514. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-OSI shall be designated as Defendant No. 1784.

2515. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-WF1 shall be designated as Defendant No. 1785.

2516. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE LOAN TRUST 2007-WF2 shall be designated as Defendant No. 1786.

2517. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES 2004-11XS shall be designated as Defendant No. 1787.

2518. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES 2004-9XS shall be designated as Defendant No. 1788.

2519. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES 2004-S2 shall be designated as Defendant No. 1789.

2520. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-10 shall be designated as Defendant No. 1790.

2521. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-13 shall be designated as Defendant No. 1791.

2522. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-15 shall be designated as Defendant No. 1792.

2523. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-16XS shall be designated as Defendant No. 1793.

2524. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-17XS shall be designated as Defendant No. 1794.

2525. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-19-XS shall be designated as Defendant No. 1795.

2526. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-20 shall be designated as Defendant No. 1796.

2527. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-21XS shall be designated as Defendant No. 1797.

2528. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-22 shall be designated as Defendant No. 1798.

2529. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-23XS shall be designated as Defendant No. 1799.

2530. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-7 shall be designated as Defendant No. 1800.

2531. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1 shall be designated as Defendant No. 1801.

2532. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10 shall be designated as Defendant No. 1802.

2533. Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11H shall be designated as Defendant No. 1803.

2534.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2XS shall be designated as Defendant No. 1804.

2535.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WF1 shall be designated as Defendant No. 1805.

2536.  Defendant STRUCTURED ASSET SECURITIES CORP MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WF2 shall be designated as Defendant No. 1806.

2537.  Defendant STRUCTURED ASSET SECURITIES CORP. MORTGAGE LOAN TRUST 2005-7XS shall be designated as Defendant No. 1807.

2538.  Defendant STRUCTURES ASSET MORT PRIME MORT TR PAS THR CER SER 2004 CL2 shall be designated as Defendant No. 1808.

2539.  Defendants 151-1808 are all entities of unknown form, a.) located and doing business in the Sate of New York, and b.) in the business of creating a negotiation trail of all Defendants' negotiable instruments (including, but not limited to promissory notes) in a way to create an appearance of propriety under the Uniform Commercial Code.  These Defendants are collectively referred to hereinafter as "New York Loan Pools."

2540.  At all times material hereto, the business of Defendants was operated through a common plan and scheme designed to conceal from Plaintiffs the material facts set forth below.  Such facts were also concealed from the public and from regulators, either directly or as successors-in-interest to the business acquired from others. The concealment was completed, ratified and/or confirmed by each Defendant herein directly or as a successor-in-interest as the acquirer of an entire business, and each Defendant performed or has sought to benefit from the tortious acts set forth herein for its own monetary gain and as a part of a common plan developed

and carried out with the other Defendants or as a successor-in-interest to the business that did the foregoing.

2541.  Plaintiffs allege that each of the wrongful acts or omissions described below was performed either by each Defendant herein, named or unnamed, or ratified and adopted by each Defendant after its occurrence.

2542.  Further, those Defendants that did not actively perform the acts or omissions described in this Complaint did affirmatively aid and abet the other Defendants in the performance of such acts of omissions, before, during or after the fact.

2543.  Finally, each Defendant herein, named or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein.

2544.  All Defendants agreed to work together in the conspiracy and/or joint enterprise described in this Complaint based upon an express agreement among all Defendants to convert plaintiffs' monies and personalty in the manner described herein. Accordingly, each Defendant, named or unnamed, should be held liable for the acts and omissions of all other Defendants with respect to the causes of action set forth below.

2545.  The true names and capacities of the Defendants listed herein as DOES 2 through 1,000 are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Upon learning the true names and capacities of the DOE Defendants, Plaintiffs shall amend this Complaint accordingly.

2546.  Each of the Defendants herein, named or unnamed, was the agent of each of the other Defendants herein, named or unnamed, and thereby participated in all of the wrongdoing set forth below.  Thus, each such Defendant is responsible for the acts, events and concealment of every other such Defendant as set forth below.

**FACTS COMMON TO ALL COUNTS**

2547.   Defendants' wrongful acts include (but are not limited to) the following:   (i) claiming to be servicer of the subject notes at issue herein and demanding monthly loan payments therefor, when in fact no Defendant had or has any legal claim to the monies paid to it by Plaintiffs; (ii) taking loan payments every month from each Plaintiff without crediting any portion of that money to the benefit of any Plaintiff;   (iii) promising loan modifications to Plaintiffs while never being an authorized legal representative of any person in a position to actually modify Plaintiffs' loans; (iv) inducing Plaintiffs to default on their loans so that Defendants could profit from the credit default swaps they had purchased, betting that such loans would not be paid as agreed; (v) creating false reasons for charging fees to Plaintiffs based upon nonexistent monies owed, then instituting foreclosure proceedings against Plaintiffs when such fees went unpaid;   (vi) issuing wrongful Notices of Default to Plaintiffs;   (vii) by refusing to respond, in any way, to Plaintiffs' communications or to communications made for Plaintiffs by their private and public representatives; (viii) converting Plaintiffs' monies as alleged in great detail below, (ix) secreting such acts of conversion through the massive international network used by defendants to support their Ponzi scheme in violation of law.

A.      **Ponzi Scheme And Conversion**

2548.   This is the largest scheme in United States history where domestic banking institutions – on an international basis, involving all Defendants herein and their co-conspirators operating together in a common enterprise as set forth below – engaged in an institutional, worldwide scheme to steal, rob and convert the personal property, money and proceeds of such

assets[2] of each Plaintiff herein on the dates, in the sums and with the *modus operandi* set forth below.

2549. This *modus operandi* of Defendants herein includes their decade-long and systematic conversion and "Ponzi scheme" approach that damaged millions of borrowers across the United States.

## B. Details Of Defendants' Scheme

2550. Defendants' elaborate scheme consisted of – and continues to consist of – numerous business designs, structures and arrangements operated by all Defendants herein. These have included enterprises of each Defendant as set forth below, that dealt in the converted assets of tens of thousands of American homeowners – including the Plaintiffs herein--and secretly transferred them nationally and internationally into a gigantic ongoing "Ponzi scheme."

2551. Because of the economic meltdown of 2007 and beyond, this Ponzi scheme has required the creation of more and more shell entities, and other money-raising vehicles used by Defendants herein in order to support the raising of additional money in order to continue to hide the converted assets.

2552. The entire purpose of Defendants' Ponzi scheme has been to hide the converted assets of Plaintiffs (and other victims similarly situated) deeply and entirely so that Plaintiffs and other victims become incapable of ever recovering the funds and personalty converted from them.

2553. The assets unlawfully converted and stolen by all Defendants as a part of their conspiracy, as well as instrumentalities used by all Defendants to continue the conversion and

---

[2]     To be clear, Plaintiffs make *no allegation whatsoever* that any Defendant herein – individually or in conspiracy with any other Defendant – has converted any real property.

secreting of Plaintiffs' assets that are known as of April 9, 2012, included and continue to include the following:

    a.  Plaintiffs' money, as set forth below (conversion);

    b.  Negotiable instruments improperly negotiated under state and federal law, as set forth below (instrumentality);

    c.  Private identity information of certain Plaintiffs, as set forth below (conversion);

    d.  Other private information of certain Plaintiffs taken by Defendants in violation the provisions of the United States Constitution, as alleged below (conversion);

    e.  Mortgages or deeds of trust transferred secretly in violation of law, as set forth below (instrumentality);

    f.  Mortgaged-backed securities used merely to shield and hide the movement of assets converted from Plaintiffs outside of the United States (instrumentality);

    g.  Bond or debt securities – which Defendants began calling "hybrid" securities during the pendency of this action – used merely to perpetuate the Ponzi scheme and thus shield and hide the movement of assets converted from Plaintiffs outside of the United States (instrumentality);

    h.  Money laundering of proceeds of the above-described activity, as set forth in detail below (conversion and instrumentality);

    i.  Conversion and larceny where Defendants, and each of them, intended to and did in fact use Plaintiffs' money and other converted property to perpetuate their Ponzi schemes through the use of thousands of companies internationally – funded with converted monies for the purpose of hiding the trail of conversion and secretion – involving trillions of dollars.

2554. Without Defendants' theft of Plaintiffs' money and other property – as alleged herein – none of the mortgage, securities, money laundering and/or Ponzi schemes described herein could have been initiated, perpetuated or maintained. The money converted from the Plaintiffs and other consumers nationwide has always been the "fuel" for the schemes alleged herein.

2555. Included in the scheme as a key instrumentality – but not the fundamental purpose of the scheme – was and is all Defendants' intention to foreclose on the homes of homeowners, including Plaintiffs herein, with respect to promissory notes that are each void *ab initio* as a result of all Defendants' intentional violation of state and federal laws promulgated to assure complete transparency and compliance with all applicable laws with respect to the appropriate and lawful negotiation and transfer of such negotiable instruments.

2556. Each Defendant herein is the agent, servant, and co-conspirator of each other Defendant and all Defendants herein operated with their core *modus operandi* to steal and convert the money and valuable personal property of each Plaintiff (and thousands of other victims) and then to transfer that stolen money (and property) to (a) the other Defendants herein, and to (b) other entities in at least 30 foreign countries according to proof.

2557. In addition, Defendant BofA has admitted the involvement of co-conspirators (a) located in countries without treaties with the United States of America and (b) pursuant to instruments and prospectuses that purport to dissuade (but not expressly prohibit) the involvement of such foreign countries.

2558. Defendants, and each of them, have operated and continue to operate the largest Ponzi scheme in world history with a plan that – at its inception – was intended to, did in fact

and continues to the present day to have as its object the theft and conversion of billions of dollars from millions of homeowners, including Plaintiffs.

2559.  Plaintiffs became caught up in the tangled Ponzi-scheme-web of Defendants innocently under the guise of applying for a routine home loan or refinancing of an existing home mortgage loan, and have been trying to recover back their money in the sums alleged herein without success ever since. Because of Defendants' intentional and longstanding secretion of their prior and current unlawful conduct, the trail is growing cold and will ultimately be frozen absent the issuance of immediate injunctive relief as prayed for herein.

2560.  Defendants have failed and refused to return Plaintiffs' money as alleged herein despite (a) Plaintiff's repeated requests, (b) Defendants' promises to return the money and property, on a consistent month-to-month basis, (c) Interventions by federal and state governments commanding Defendants to either return the money, or provide a transparent plan identifying systems through which money and property could be identified, located and legitimately returned or otherwise accounted for.

### C. The historical background of the Ponzi scheme.

2561.  The foregoing *modus operandi* of all Defendants herein – acting in concert with each other and for the common goal of both stealing Plaintiff's money and then hiding any documentary proof thereof – began in 2003.

2562.  At that time, each Defendant (or their predecessors) adopted a calculated business strategy that transferred ownership of the promissory notes executed by home loan borrowers to persons that were not entitled to receive negotiation thereof under applicable law, and knew it but joined the conspiracy for purposes that amounted to greed.  Such conspiracy has continued to the date of filing hereof, but all Defendants with knowledge and malice aforethought.

2563. Defendant Countrywide and its various affiliates were among the leading providers of mortgages in California during all times relevant to this Complaint. By 2005, Countrywide was the largest U.S. mortgage lender in the United States, originating over $490 billion in mortgage loans in 2005, over $450 billion in 2006, and over $408 billion in 2007.

2564. The other Defendants (or their predecessors in interest, such as WAMU and Wachovia) are the other largest home loan mortgage lenders in the United States, and were all involved in the conspiracy described herein.

2565. The *modus operandi* of the various Defendants was to use the numerous methodologies set forth in this Complaint to convert money and property from consumers after the origination of their loan. By 2007, this *modus operandi* had evolved into a massive international Ponzi scheme relying upon foreign investor sources to secure and pay off money injected into the systems of the Defendants by prior lending sources and by Defendants' prior theft of borrower money (including Plaintiffs').

2566. As of the end of 2007, Defendants had no definitive and reliable knowledge regarding which foreign entity or entities in fact "owned" – as that term is defined under Article 3 of the Uniform Commercial Code -- any promissory note secured by any deeds of trust or mortgages securing Plaintiffs' real properties.

2567. Consequently, some of the largest offenders—Countrywide, WAMU, and Wachovia--became hopelessly insolvent and was literally forced by federal regulators to commence negotiations with various large bank to effectuate mergers designed to "clean up" these international Ponzi and conversion schemes.

2568. In 2007, Defendant BofA commenced negotiations to acquire Countrywide. By late 2007, BofA began merging its operations with Countrywide and adopting some of Countrywide's practices.

2569. WAMU was one of the largest residential mortgage lenders in the United States. However, its predatory lending practices caused it to fail. In September 2008, Chase purchased the assets and liabilities of WAMU for approximately $1.9 billion and began merging it into its operations into Chase by adopting some of its practices.

2570. In 2008, Wachovia was the fourth-largest bank holding company in the United States. However, Wachovia began to fail due to its lending practices, including those described herein. In December 2008, Wells Fargo acquired the assets of Wachovia in order to prevent it from failing, and spent nearly three years merging its operations into Wells Fargo, including adopting some of its practices.

2571. All of the Defendants have taken steps to continue the Ponzi scheme described herein. Specifically, they have continued to pool mortgage notes into pools for purposes of selling them as so-called mortgage-backed securities, thereby forever severing the promissory notes from the mortgages that secure them.

2572. The Defendants have also acted to foreclose upon homes owned by the Plaintiffs and other individuals by collecting payment in full through a device called a mortgage default swap ("MDS"), whereby the defaulted mortgage would be replaced with a new one. The original lender had already been paid when it transferred the promissory note, so there was no loss to the lender. These lenders foreclose anyway, meaning that they are being paid more than once for the same loan, leading to windfall profits when they sell the properties that they seize through foreclosure.

2573.   The fraud perpetrated by the Defendants was willful and pervasive.  It began with simple greed and then accelerated when the lenders discovered that they could not sustain their business, unless they (a) used their size and large market share to systematically create false and inflated property appraisals throughout the United States and with respect to each Plaintiff herein and (b) used their network of companies to convert money from unsuspecting borrowers in the United States, including Plaintiffs, who had good reason at the time to rely upon these fraudulent appraisals and concealment of their intentional, illegal activities.

2574.   The Defendants then used these false property valuations, their resulting conversion of monies, and their ongoing Ponzi scheme to finance an operation of agents, including all Defendants and other parties, in order to induce the Plaintiffs and other borrowers into signing documents purportedly confirming ever-larger "refinancing" of their existing mortgages, or to execute promissory notes so that the Defendants could later convert more money and property from them.

2575.   The Defendants either knew, or should have known, no later than 2004, that these loans were unsustainable for the lenders and the borrowers and to a certainty either knew or should have known that their fraudulent activity would result in a crash that would consume the equity invested by the Plaintiffs and all other borrowers.

2576.   The Defendants either knew, or should have known, no later than 2004, that the foregoing misconduct would result in their ability to convert monies from Plaintiffs (and thousands of other homeowners) subsequent to their pooling of these promissory notes as mortgage-backed securities ("MBS") that would be sold on the open market to various institutional investors for inflated values.

2577.   This system led to the Defendants making multiple sales of the same promissory notes to multiple MBS pools. These multiple sales of the same promissory notes to multiple buyers do not create ownership of such negotiable instrument under Article 3 of the Uniform Commercial Code.

2578.   The plan to pool these loans into MBS offerings grew into a brazen plan to disregard underwriting standards and fraudulently inflate property values – county-by-county, city-by-city, person-by-person – in order to take business from legitimate mortgage-providers, and developed into a massive securities fraud that depended on the concealment from and deception of the Plaintiffs as to the true nature of these transactions on an unprecedented scale. In this way, the Defendants would be able to convert money from the Plaintiffs without such Plaintiffs having any idea or knowledge of the dirty and unlawful plot at the time it was being implemented.

2579.   As early as 2004, the Defendants either knew or should have known that this scheme would cause a liquidity crisis that would devastate the Plaintiffs' home values and net worth.

2580.   The Defendants did not care, because their plan was based on insider trading – pumping for as long as they could and then dumping before the truth came out and the theft and conversion of money and assets from Plaintiffs as well as the general public were locked in.

2581.   Couched in banking and securities jargon, the deceptive gamble with consumers' primary assets – their homes – was nothing more than a financial theft and concurrent Ponzi scheme perpetrated by Defendants and their co-conspirators on a scale never before seen.

2582.   This scheme led directly to a nationwide mortgage meltdown that was substantially worse than any economic problems facing the rest of the United States, thereby causing the failure of numerous lenders.

2583.   From 2008 to the present, Americans' home values decreased substantially as a direct and proximate result of the Defendants' scheme set forth herein, leaving a large percentage of homeowners "upside down", meaning that they owe more on their home mortgage loans than their homes are worth. In some instances, those homes are so far upside down that it could take a decade or more for the homeowners to regain a positive position with respect to the value of their homes.

2584.   This massive fraudulent scheme was a disaster both foreseen by the Defendants as well as waiting to happen. Defendants knew it, and further knew that the taxpayer money would bail out those lenders deemed too big to fail.

2585.   The lenders involved – Defendants herein – embarked on a plan and scheme to use the good faith of taxpayer money and the country's trust and confidence in the big banks that acquired Countrywide, WAMU, and Wachovia to (a) further hide their nefarious conversion scheme, (b) engage in additional acts of conversion and secreting of the knowledge thereof and (c) use new laws and initiatives as a basis to induce unsuspecting homeowners to fall further victim to their ongoing expansion of the foregoing scheme throughout the world.

2586.   As a result, the Plaintiffs lost money and any ability to actually pay off their promissory notes, their credit ratings and histories were damaged or destroyed, and they also incurred material other costs and expenses, all as described herein.

2587.   At the same time, Defendants converted from Plaintiffs and other borrowers across the country billions of dollars in interest payments and fees and generated billions of

dollars in profits by vastly expanding the scheme previously unique to just a few predatory lenders such as Countrywide and now subject to the power of (a) a new, larger and more credible parents, such as BofA, Chase, and Wells Fargo and (b) the influx of new dollars in the form of taxpayer money and increased investment by investors knowledgeable of the Ponzi scheme to such an extent that they were co-conspirators in it.

2588.  The Defendants then began to use their customers' most private information to maximize their illegal gains, ranging from the disclosure of the most private and confidential information of more than 2.4 million customers, to the outsourcing and sale of hundreds of thousands of records to bolster their fraudulent scheme, disenfranchising citizens of their constitutional inalienable right of privacy.

2589.  When the Defendants pooled the loans they originated and sold in MBS secondary mortgage market transactions, those lenders recorded gains on the sales. In 2005, Countrywide reported $451.6 million in pre-tax earnings from capital market sales; in 2006, it recognized $553.5 million in pre-tax earnings from that activity.

2590.  However, after the liquidity crisis hit, in 2007 it recognized a mere $14.9 million in pre-tax earnings from that activity and reported an overall pre-tax loss.

2591.  In addition, there is a lot of confusion, even among the mortgage companies, as to the ownership history of many mortgage loans. In the mad rush to convert home mortgages into securities to be bought and sold on Wall Street, investors did not want to spend the time or money necessary to keep track of ownership by filing papers in local recording offices.

2592.  Investors by-passed the traditional systems and replaced them with the MERS system, which is not only inherently unreliable and unverifiable, it also remains outside the public eye.

2593. As a result, it is no longer possible for most Americans to go to their local courthouse and look at property records to find out who the owner of their mortgage currently is.

2594. To make matters worse, the Defendants established their concealment network now alleged entity-by-entity in this complaint, and this network has made it impossible to track the negotiation techniques and rights to possession of promissory notes, which are not publicly recordable.

2595. The illegal and improper acts of the Defendants have continued, including, *inter alia*: (i) engaging in the practice of "robo-signing," whereby the lenders used people who had no personal knowledge to sign fraudulent and perjured affidavits that indicated that they had personal knowledge of those matters in an effort to deprive homeowners of their property without due process of law; (ii) refusing to modify loans; and (iii) refusing to entertain short sale opportunities, all with the intention to (a) buy time to further conceal previous conversions and/or (b) convert additional monies from the Plaintiffs in a sum according to proof.

2596. Many of the Plaintiffs were told not to make mortgage payments and/or to sign letters authored by agents of Defendants, exacerbating a desperate financial situation that was either untrue or inflated at Defendants' insistence. This was all done in order to buy time for Defendants to further secret the conversion of funds practiced against the Plaintiffs and to support other conversions of monies that Defendants were bent on practicing.

2597. Defendants have gone to great lengths to avoid identifying the location of monies and property converted by them from Plaintiffs. The gigantic network of Defendants and their co-conspirators–companies formed in countries such as the Cayman Islands, Luxembourg, Gibraltar and Chile for the purpose of hiding assets and laundering money–has been, and continues to be, used to systematically hide and ultimately destroy the evidence revealing the

method of conversion used and the location of the money and personalty converted by Defendants.

2598.   By these tactics, systems, and delays, Defendants intend to and are in fact buying time as they (a) accept the benefits of the Ponzi scheme and conversion activities described herein, (b) cover up their historical conversion and Ponzi scheme, and (c) make it materially more expensive and difficult for the Plaintiffs to locate their stolen assets and gain recompense.

2599.   Defendants herein include some of our leading financial institutions – institutions upon which the Plaintiffs thought they could rely, and did in fact rely upon.  However, their reliance was misplaced. As is clear from the mounting number of federal and state enforcement actions against Defendants, it is now widely recognized that they have committed numerous illegal acts in the process of operating their mortgage businesses. BofA alone has been sued for trillions of dollars as a result of its involvement in these activities.

2600.   These acts remain ongoing, and continue to threaten the Plaintiffs' constitutional rights and financial security, as well as the economic future of the United States of America.

**D. The scheme to convert the funds of the Plaintiffs**

2601.   The Defendants either knew or should have known that the scale of the lending – based on inflated property values, without income verification and in violation of numerous other underwriting guidelines – would lead to widespread declines in property values, thereby placing Plaintiffs and others into *extremis* through which they would lose the equity invested in their homes and have no means of refinancing or selling, other than at a complete loss.

2602.   That is precisely what happened to the Plaintiffs herein after Defendants converted their money and the equity in their homes, but before Plaintiffs could have possibly realized the ultimate purpose of the Defendants' scam.

2603.  While the following quotation, taken from a regulatory report, refers specifically

to Countrywide, which was portrayed as a prudent, quality lender, it also applies to the business

practices of all Defendants. "But the real Countrywide was very different. We allege it was a

company that underwrote loans in a manner that layered risk factor upon risk factor, such as

reduced documentation . . . [a]lso concealed from investors were concerns voiced by

Countrywide's own Chief Credit Risk Officer, who warned that this 'supermarket' strategy

reduced Countrywide's underwriting guidelines to a 'composite of the riskiest products being

offered by all of their competitors combined.'"

2604.  The Defendants held themselves out as makers of prime quality mortgage loans,

but instead hid the fact that they, in an effort to increase their respective market shares, engaged

in an "unprecedented expansion of its underwriting guidelines from 2005 and into 2007."

Specifically, the Defendants developed what was referred to as a "supermarket" strategy, where

they attempted to offer any product that was or might be offered by any competitor.

2605.  By the end of 2006, Defendants' underwriting guidelines were as wide as they

had ever been, and they were writing riskier and riskier loans. Even these expansive underwriting

guidelines were not sufficient to support their desired growth, so the lenders wrote an increasing

number of loans as "exceptions" that failed to meet their already wide underwriting guidelines

even though exception loans had a higher rate of default.

2606.  The covert scheme of the Defendants was, like all such schemes based on

deception, ultimately unsustainable. The Defendants relied upon their sales of mortgages into the

secondary marked through MBS instruments as an important source of revenue and liquidity.

2607.  The Defendants not only covered up the poor quality of their loans and the

liquidity crisis they created, they intentionally misrepresented to the public, in statements and in

public filings, the nature of those loans in an effort to further defraud the public into continuing to borrow money and put their assets at risk.

2608.   The Defendants' scheme eventually collapsed under its own weight, precipitating an economic crisis of unprecedented proportions.

2609.   As defaults on these poorly underwritten loans increased, Defendants used the opportunity presented by the rising number of defaults to increase their fees and further convert other funds from Plaintiffs and other borrowers.

2610.   To add insult to injury, as the number of defaults rapidly rose, the Defendants added unreasonable additional fees to the mortgages of homeowners who were desperately trying to save their homes, thereby boosting their profits at the expense of those who could least afford to bear that burden.

2611.   Defendants did the foregoing with the intent to convert funds from the Plaintiffs and other members of the public. The Plaintiffs did not know the massive scheme that the Defendants had devised and never knew until it was far too late to prevent the massive network being used across the globe to hide the trail of converted money and property.

2612.   As a proximate and foreseeable result of the Defendants' sale of the promissory notes pertaining to the properties of the Plaintiffs and others similarly situated for more than the actual value of such instruments, the MBS securitization pools lacked the cash flow necessary to maintain them in accordance with the terms of their indentures. The unraveling of Defendants' scheme has materially depressed the price of real estate throughout the country, including the real estate owned by the Plaintiffs, resulting in the losses to the Plaintiffs described herein.

2613.   The Defendants have made use of wholly or partially owned foreign companies in an effort to continue to hide and to misrepresent the ownership of the promissory notes executed by the borrowers, including the Plaintiffs, who borrowed funds from them.

2614.   BofA, Chase, and Wells Fargo have ratified the bad acts of WAMU, Countrywide, and Wachovia, by intentionally making use of foreign companies to frustrate the Plaintiffs and other borrowers seeking information about their lost money, mortgages and loan modifications.

## FIRST CAUSE OF ACTION

### Conversion

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2615.   All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2616.   All Defendants have demanded and received payments from the Plaintiffs based upon the claim of these Defendants that such monies are owed on the loans and promissory notes at issue herein.

2617.   These Defendants have further demanded and received from Plaintiffs payments, imbursements for late charges, penalty fees, and trial loan modification payments.

2618.   In truth, on information and belief, these Defendants had and have no legal right to be demanding such payments from Plaintiffs for any loans or promissory notes or loan modifications at issue herein because these Defendants are not holders or owners of the promissory notes in question and they no longer know who is.

2619. Further, Defendants are not the authorized representative or agent for the holders or owners of the promissory notes in question.

2620. In truth, the monies collected from the Plaintiffs by these Defendants was not credited for the benefit of the individual Plaintiffs involved, in that it was not used to pay down that Plaintiff's (or any Plaintiff's) principal and/or interest purportedly due on his or her promissory note.

2621. Thus, in taking monies from Plaintiffs as described above, these Defendants are liable to Plaintiffs herein for conversion, i.e., the act of dominion wrongfully exerted over another person's personal property. In taking the money from Plaintiffs as described above, Defendants converted between $35,000 and $70,000 per Plaintiff over the course of their business dealings with Defendants. Defendants had no right to these funds and engaged in money laundering both domestically and internationally in order to hide the theft, larceny and conversion set forth herein. It is impossible for Plaintiffs to know with certainty the exact amount of funds converted because Defendants have provided inconsistent, varying and false accounts of the monies they have received from Plaintiffs herein.

2622. These claims of conversion are based upon the facts that a) each Plaintiff had ownership and the right to possession of the monies taken from him by these Defendants as described above; b) these Defendants acted wrongfully by receiving such money under the guise that the Defendants were entitled to the money, when in fact they were and are not entitled to any such payment; c) no money collected by these Defendants from these Plaintiffs was credited to the benefit of the individual Plaintiff involved for the pay down of any principal or interest purportedly due on that Plaintiff's note; and d) each Plaintiff suffered general and special

damages, including loss of the money that was taken from them by these Defendants through this subterfuge, according to proof.

2623.  These Defendants also committed conversion as against each Plaintiff by converting equity that previously existed in each Plaintiff's home – in sums according to proof – by surcharging against that equity various false "reserves" in the form of "insurance" or "tax" or "general" reserve imbursements, which were then recorded as debts against the property of the individual Plaintiff involved.

2624.  Just as banks are liable to a customer and must credit his account for conversion when banks pay on a forged indorsement of a commercial instrument, so too are these Defendants liable for these false surcharges improperly charged against a Plaintiff's account.

2625.  As a direct and proximate result of the conversion committed by the Defendants, each Plaintiff suffered general and special damages according to proof.

2626.  Each Plaintiff is further entitled to restitution of those amounts wrongfully converted from him or her.

2627.  These Defendants willfully committed the wrongdoing against each Plaintiff as described herein and knowingly chose to deceive him or her in the above-described manner. Thus, the acts of these Defendants were malicious and performed with a callous disregard for Plaintiffs' legal rights.  Plaintiffs are therefore entitled to punitive damages.  Plaintiffs are further entitled to attorney fees under whatever contract or statute applies.

2628.  All Defendants have converted and stolen – in the manner, using the means of interstate commerce as set forth herein – the sum of at least between $40,000.00 and $60,000.00, from each Plaintiff herein.

2629.  In no event has any Plaintiff herein suffered damages greater than $75,000.00.

**SECOND CAUSE OF ACTION**

**Conspiracy to Commit Conversion**

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2630. All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2631. Plaintiffs allege that each of the wrongful acts or omissions described in the First Cause of Action for Conversion above was either performed by each Defendant herein, named or unnamed, or ratified and adopted by each Defendant after its occurrence.

2632. Further, those Defendants that did not actively perform the acts or omissions described here did affirmatively aid and abet the other Defendants in the performance of such acts or omissions, either before, during, or after the fact in the form of concealment and secretion activities worldwide. Such activities represent additional acts of conversion under law.

2633. Finally, each Defendant herein, named or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein. All Defendants agreed to work together in the conspiracy and/or joint enterprise described in this Cause of Action as set forth herein. Accordingly, each Defendant, named or unnamed, should be held liable for conspiracy to commit the conversion as alleged in the First Cause of Action.

2634. The Plaintiffs are entitled to the damages as alleged and described in the First Cause of Action – and as alleged above – as a direct and proximate result of this conspiracy of all Defendants to commit repeated and serial acts of conversion against these Plaintiffs as described herein.

2635.  These Defendants willfully committed the wrongdoing against each Plaintiff as described herein and knowingly chose to deceive him in the above-described manner.  Thus, the acts of these Defendants were malicious and performed with a callous disregard for Plaintiffs' legal rights.  Plaintiffs are therefore entitled to punitive damages.

2636.  In no event has any Plaintiff herein suffered damages greater than $75,000.00.

**THIRD CAUSE OF ACTION**

**Intentional Misrepresentation**

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2637.  All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2638.  The Defendants intentionally misrepresented to the Plaintiffs and to the consuming public in general their intentions regarding the reasonableness and appropriateness of their underwriting procedures in making mortgage loans to the Plaintiffs, and also materially misrepresented to the consuming public that they were not making quality loans when they told the consuming public that they were only making quality, prime home loans.

2639.  The Defendants intentionally misrepresented to the public at large the status of their liquidity and the quality of the loans that they were making.

2640.  Those Defendants further intentionally misrepresented to the Plaintiffs that they would not use or otherwise impose unreasonable or unfair charges against the Plaintiffs and the rest of the consuming public, but they failed to do so.

2641. The campaign of concealment, misinformation and partial information described in this Cause of Action as well as in the rest of this Complaint was intended to be repeated and also to be broadly disseminated through the media, analyst reports and individual communications, and it was.

2642. It was intended to become part of the well-understood "givens" among homeowners and prospective homeowners seeking mortgages, and it did so become part of the lexicon of homeownership and mortgage choices.

2643. These Plaintiffs relied upon the misrepresentations and entered into mortgages with the Defendants.

2644. All of said intentional misrepresentations and omissions were made by the Defendants with the intent to induce the consuming public, including the Plaintiffs, to enter into mortgage loan transactions that would deprive them of the equity in their homes.

2645. By reason of the prominence of the Defendants and their campaign of deception as to their business plans and the relationship of trust developed between each of the Defendants and the Plaintiffs, Plaintiffs were justified in relying upon Defendants' representations.

2646. At all times pertinent, the Plaintiffs in fact reasonably relied upon the representations made by the Defendants that they would use reasonable and rational underwriting guidelines in making mortgage loans to the consuming public and entered into mortgage loan contracts with the Defendants, all to their injury and detriment.

2647. In fact, the appraisals were inflated. The Defendants did not utilize appropriate underwriting processes. The financial condition of the various Defendants was not sound, but rather was a house of cards ready to collapse. Further, Plaintiffs' mortgages were not refinanced

with fixed rate mortgages as they were told they would be, and the Defendants never intended that they would be.

2648. As a result of Defendants' scheme described herein, these Plaintiffs could not afford their adjustable rate mortgages when their variable rate features and/or balloon payments kicked in.

2649. Further, and as a result of the nefarious scheme of the Defendants, the Plaintiffs could not refinance or sell their residences without suffering a loss of their equity investments.

2650. As a result of the foregoing acts of conversion and fraud, the Plaintiffs have lost all or a substantial portion of the equity invested in their houses and suffered reduced credit ratings and increased borrowing costs, among other damages described herein.

2651. As a result of the Defendants' misconduct alleged above, all negotiable instruments appertaining or relating to Plaintiffs – whether or not an original or any copy thereof is held by Defendants or any of their co-conspirators in their money laundering schemes – may be declared to be *void ab initio* as determined by the trier of fact. In the event of such a finding by the trier of fact – that these negotiable instruments are *void ab initio* – leads to a recovery for any Plaintiff, along with all damages awarded herein, of a sum total of more than $75,000.00, each Plaintiff generally and specifically waives, gives up, and disavows any such recovery in excess of $75,000.00. Nothing set forth herein, however, should be construed to infer that Plaintiffs agree to deprive the trier of fact of the right to adjudicate whether negotiable instruments pertaining to them were or were not *void ab initio*, as such a determination will impact the predicate conduct required for an award of punitive damages and may impact other areas of Plaintiffs' case such that they are not required to, and do not, in fact, agree to allow such critical issue to avoid scrutiny by the trier of fact in this case.

2652.   These Plaintiffs are further entitled to punitive damages in order to punish these

Defendants for their malicious, oppressive and willful conduct as described.

2653.   Inclusive of all compensatory damages, special damages, attorney fees and

punitive damages alleged herein, each Plaintiff has sustained damage in a sum of not greater than

$75,000.00.

## FOURTH CAUSE OF ACTION

### Intentional Misrepresentation

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673
against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6;
and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733
against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except
16, 17)**

2654.   All of the above Paragraphs of this Complaint are hereby incorporated by

reference as though fully set forth herein.

2655.   In addition to the numerous acts of fraud described above, the Defendants

represented to multiple Plaintiffs and to the consuming public in general that the Defendants

would assist them in accomplishing a loan modification. As described herein, those

representations were false.

2656.   Defendants knew that their representations regarding their willingness to enter

into loan modification agreements were false when they made them.

2657.   Because of new laws pertaining to loan modifications combined with the

insistence of the Defendants that they had a genuine interest in complying therewith and in

keeping borrowers in their homes, the Plaintiffs reasonably relied on these materially false

misrepresentations made by the Defendants.

2658.   By delaying the Plaintiffs from pursuing their rights and by increasing the costs of the Plaintiffs combined with the continuing erosion of each Plaintiff's credit rating, each Plaintiff's reliance harmed that particular Plaintiff.

2659.   The Plaintiffs' reliance on the representations made by the Defendants was a substantial factor in causing harm to them.

2660.   Without limiting the damages as described elsewhere in this Complaint, the damages of the Plaintiffs arising from the matters complained of in this Cause of Action also include the loss of equity in their houses, costs and expenses related to protecting themselves, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorney fees and costs.

2661.   The Plaintiffs are entitled to recover general and special damages directly and proximately resulting from the Defendants' intentional deceit and misrepresentations.

2662.   These Plaintiffs are further entitled to punitive damages in order to punish these Defendants for their malicious, oppressive and willful conduct as herein described.

2663.   Inclusive of all compensatory damages, special damages, attorney fees and punitive damages alleged herein, each Plaintiff has sustained damage in a sum of not greater than $75,000.00.

**FIFTH CAUSE OF ACTION**

**Fraudulent Concealment**

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2664. All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2665. Defendants have offered to help the Plaintiffs with obtaining "loan modifications" while concealing from these Plaintiffs the fact that, upon information and belief, these Defendants are not the rightful owners and/or holders of the subject promissory note associated with their mortgages.

2666. The Defendants have also failed to disclose that they are not the legal representatives or agents of such persons, and they have further failed to disclose that the Defendants' entire motivation and purpose in doing so has been, and continues to be, the conversion of Plaintiffs' monies and the taking of their homes in violation of law.

2667. Thus, these Defendants are legally incapable to be able to enter into loan modifications with any Plaintiff.

2668. Despite that fact, the Defendants have had and continue to have a vested interest in "offering loan modifications" to borrowers, including the Plaintiffs, because they can make a profit from continuing to cover up the industry-wide scheme alleged above and to create an environment where they can commit additional acts of fraud and conversion.

2669. In fraudulently offering loan modifications to Plaintiffs, the Defendants have convinced Plaintiffs that loan modifications will only be given to those borrowers that are delinquent on their loans and/or in default.

2670. The Defendants have made these statements on an industry-wide basis in order to permit them to continue their scheme of obtaining monies and properties from Plaintiffs wrongfully and in violation of law.

2671.  In reliance upon these materially false representations, and in the belief that they would be able to obtain loan modifications if they followed these false and misleading instructions, Plaintiffs have permitted their loans to go delinquent and/or into default, believing this step to be a requisite of the loan modification process.

2672.  At all times relevant, the Defendants possessed superior knowledge to that of the Plaintiffs, and further had access to material facts that were not accessible to the Plaintiffs regarding their nefarious scheme to induce the Plaintiffs to permit their mortgages to go into default in the hope of obtaining loan modification.

2673.  At all times relevant, Defendants had an affirmative duty to disclose to the Plaintiffs that Defendants had no legal authority to offer loan modifications.

2674.  However, the Defendants have hidden and suppressed the fact that they do not own the subject promissory notes and hence have no legal or contractual authority to offer such loan modifications.

2675.  The Defendants also had an affirmative duty to disclose to the Plaintiffs that Plaintiffs did not have to be in default on their loans in order to qualify for loan modifications.

2676.  Defendants have induced the Plaintiffs into allowing their loans to go into default by telling Plaintiffs it was a requirement for becoming eligible for a loan modification

2677.  In truth, under applicable law in effect since 2009, a borrower is *not* required to be delinquent and/or in default with his loan in order to be eligible for a loan modification.

2678.  Defendants have only claimed that borrowers must be in default, in violation of law, because Defendants can realize more profit and commit more acts of conversion when a borrower is actually in default, i.e., at least 90 days behind in his loan payment

2679. After Defendants profited by their deceit and concealment, they then continued demanding and collecting monies from Plaintiffs, constituting outright conversion.

2680. The fact that these Plaintiffs did *not* need to be delinquent on their loans and/or in default in order to qualify for loan modifications has been hidden and suppressed from these Plaintiffs by Defendants and continues to be hidden.

2681. The Defendants should have disclosed these suppressed facts to the Plaintiffs because they were material to the cost-benefit analysis that should have and could have been undertaken by each Plaintiff.

2682. Had the true facts been disclosed to the Plaintiffs, knowledge of those material facts likely have caused each Plaintiff (a) to act differently than he or she did while not knowing the facts hidden from him by Defendants, and (b) to protect himself or herself by not preventing his or her funds from being converted by Defendants.

2683. The Defendants knew these suppressed facts and further knew at the time of their suppression, that such suppression and concealment would cause each Plaintiff to act in a way that was injurious to him or her while at the same time being profitable to Defendants.

2684. When suppressing and concealing from the Plaintiffs these material facts as herein alleged, Defendants intended to induce each such Plaintiff to alter his or her position to his or her harm.

2685. Each Plaintiff justifiably and reasonably relied on the fraudulent concealment created by these Defendants in their suppression and concealment of the material facts described above.

2686. Once a Plaintiff became delinquent in his or her loan payments, Defendants then acted to ensure that the delinquency became a default under the terms of the loan documents.

2687. Defendants achieved this by asking each Plaintiff applying for a loan modification to submit the proper application and paperwork. Once a Plaintiff submitted all documents as requested, the Defendants then claimed to have "lost" the Plaintiff's application package, necessitating the re-submission of such documents by each Plaintiff hoping to qualify for a loan modification.

2688. During this process, Defendants would collect and convert the maximum amount of money from Plaintiffs in sums according to proof.

2689. This process of "losing the paperwork" and requiring re-submission thereof necessarily ensured that a Plaintiff's one or two-month "delinquency" automatically became a "default," and an event requiring significant payments to Defendants to cure said "default," all of which constituted misappropriation and conversion of funds under law.

2690. These Defendants regularly dragged out this process for months and months when dealing with Plaintiffs in need of loan modifications. They did so by claiming over and over again to have "lost" the paperwork of the borrower involved.

2691. Each Plaintiff was directly and proximately harmed by Defendants' fraudulent concealment of facts described herein.

2692. Plaintiffs have incurred additional costs and charges and late fees as a result of being told that they needed to be delinquent in their loans in order to obtain a loan modification.

2693. Plaintiffs have gone into default and even lost their homes through foreclosure as the result of the same fraudulent concealment by Defendants.

2694. Further, Plaintiffs have had their credit profiles destroyed by allowing their loans to go into default as instructed by Defendants.

2695.   Accordingly, each Plaintiff is entitled to general and special damages according to proof at trial.

2696.   Further, the Defendants acted outrageously and persistently with actual malice in suppressing the facts and circumstances set forth, and they continue to do so. Accordingly, the Plaintiffs are entitled to exemplary and punitive damages in a sum according to proof.

2697.   The Defendants willfully committed the wrongdoing against each Plaintiff as described herein and knowingly chose to deceive him in the above-described manner. Thus, the acts of the Defendants were malicious and performed with a callous disregard for Plaintiffs' legal rights. Plaintiffs are therefore entitled to punitive damages. Plaintiffs are further entitled to attorney fees under whatever contract or statute applies.

2698.   Inclusive of all compensatory damages, special damages, attorney fees and punitive damages alleged herein, no Plaintiff has sustained damage in a sum greater than $75,000.00.

**SIXTH CAUSE OF ACTION**

**Fraudulent Concealment**

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2699.   All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2700.   As set forth in the Fifth Cause of Action, the Defendants used fraud and artifice to lure borrowers into defaulting upon their mortgages by promising them loan modifications when they had no intention of providing such loan modifications.

2701.   Once the Defendants lured a borrower into default, then the Defendants collected upon "credit default swaps" ("CDS's").

2702.   CDS's were and are used to insure mortgage-backed securities, and investor trading in these two instruments was the central cause of the mortgage meltdown that occurred in this country.

2703.   A CDS is a form of insurance that is actually a bet *against* the subject loan being paid on time as agreed. CDS's ensure that Defendants can collect on every loan that goes bad by going into default.

2704.   If a borrower defaulted upon a mortgage that was pooled into an MBS, the buyer of the CDS makes a series of payments (the CDS "fee" or "spread") to the seller and, in exchange, receives a payoff if the loan defaults. Thus, the original lender was paid when it sold the promissory note executed by the borrower, and the MBS pool was also paid in full by virtue of the CDS payments received.

2705.   This, then, constitutes the number one reason that the Defendants wanted each Plaintiff to actually default on his or her loan: The Defendants bet against each Plaintiff by buying CDS's on every loan they allegedly service, and then trying to get that loan into default so that the Defendants can collect on this "side bet."

2706.   The fact that the Defendants were motivated to see that each Plaintiff failed to pay their mortgages on time and thus ended up in default so that the Defendants could collect on their CDS side bet has been hidden and suppressed from Plaintiffs by the Defendants.

2707.   The suppressed facts and circumstances described herein should have been disclosed to the Plaintiffs by the Defendants because such facts and circumstances were material in that they were essential to the analysis that should and could have been undertaken by each

Plaintiff in determining whether to enter into a loan transaction with the Defendants, and would likely have caused each Plaintiff to act differently than he did while not knowing the facts hidden from him by Defendants.

2708.   These suppressed facts and circumstances were known to the Defendants at the time they were hidden from Plaintiffs.

2709.   Further, the Defendants knew at the time of suppression and concealment that such suppression and concealment would cause each Plaintiff to act in a way that was injurious to him while at the same time being profitable to the Defendants.

2710.   When suppressing and concealing from these Plaintiffs the facts and circumstances herein described, the Defendants intended to induce each Plaintiff to alter his position to his harm.

2711.   Each Plaintiff justifiably and reasonably relied on the fraudulent concealment created by Defendants in their suppression of the facts and circumstances described in this Cause of Action.

2712.   Defendants' receipt of money from CDS's coupled with their later receipt of money from Plaintiffs means that the Defendants have received a windfall in the form of gaining either ownership of the real property of borrowers, or the value of that real property, and is malicious, outrageous, and entitles Plaintiffs to recover exemplary and punitive damages in a sum according to proof.

2713.   The Defendants knowingly and willfully committed the wrongdoing against each Plaintiff as described herein and knowingly chose to deceive him in the above-described manner. Thus, the acts of the Defendants were malicious and performed with a callous disregard for

Plaintiffs' legal rights. Plaintiffs are therefore entitled to punitive damages. Plaintiffs are further entitled to attorney fees.

2714. Inclusive of all compensatory damages, special damages, attorney fees and punitive damages alleged herein, no Plaintiff has sustained damage in a sum greater than $75,000.00.

## SEVENTH CAUSE OF ACTION

### Promissory Estoppel

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2715. All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2716. Each Plaintiff herein attempted to take steps to save his or her house once it became apparent that Defendants intended to foreclose against them. Some Plaintiffs considered filing bankruptcy as a valid and viable means to save their homes. Other Plaintiffs investigated other possible ways to avoid losing possession of their homes due to Defendants' wrongful tactics as set forth above.

2717. In each instance, Defendants promised to Plaintiffs that there was no need to file bankruptcy or pursue other ways to avoid foreclosure because Defendants would forego the foreclosure process and would instead "work with" each Plaintiff to modify the terms of the home loan in question, thereby making it possible for each Plaintiff to make the necessary monthly payments.

2718.   In reliance on the promises made by Defendants not to foreclose and to instead "work with" each Plaintiff, each Plaintiff reasonably decided not to file for bankruptcy or to investigate other possible scenarios to stave off impending foreclosure.

2719.   Instead of cooperating with each Plaintiff and working with them to modify each loan at issue, Defendants instead have proceeded with various levels of conversion and/or foreclosure proceedings against each Plaintiff herein.

2720.   In reasonable reliance on Defendants' promises not to foreclose, each Plaintiff has suffered direct and proximate damages as a result of Defendants' bad-faith breach of promises not to exceed $75,000.00.   Each Plaintiff is therefore entitled to compensatory damages according to proof within these limitations, in order to make him or her whole.

## EIGHTH CAUSE OF ACTION

### Negligent Misrepresentation

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2721.   All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2722.   Because the Plaintiffs relied upon the Defendants to guide them through the process of making and later servicing their home mortgage loans, a special relationship exists between the Plaintiffs and the Defendants.

2723.   The existence of that special relationship imposed upon the Defendants a duty to fully and accurately disclose all pertinent information pertaining to those home loans to the Plaintiffs, including, but not limited to, true and correct information pertaining to the

securitization of their notes, the existence of CDS, and the fact that the Defendant lenders had no legal right to foreclose upon their mortgages once the promissory notes became the basis for MBS pools.

2724. Defendants failed to disclose this material information to the Defendants, or omitted critical elements from the disclosures that were made.

2725. The Plaintiffs reasonably relied upon the material misrepresentations of the Defendants to their detriment in choosing to proceed with their mortgage loan transactions.

2726. As a consequence of the negligent misrepresentations made by the Defendant to the Plaintiffs, no Plaintiff herein has suffered damages greater than $75,000.00.

2727. Plaintiffs allege that each of the wrongful acts or omissions described in this Cause of Action was either performed by each Defendant herein, named or unnamed, or ratified and adopted by each Defendant after its occurrence. Further, those Defendants that did not actively perform the acts or omissions described here did affirmatively aid and abet the other Defendants in the performance of such acts or omissions, before, during or after the fact.

2728. Finally, each Defendant herein, named or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein. All Defendants agreed to work together in the conspiracy and/or joint enterprise described in this paragraph as that conspiracy is alleged above. Accordingly, each Defendant, named or unnamed, should be held liable for the acts and omissions complained of.

## NINTH CAUSE OF ACTION

**Breach of the Covenant of Good Faith and Fair Dealing**

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except**

16, 17)

2729.  All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2730.  In each and every mortgage note signed by the Plaintiffs, and in each and every mortgage instrument signed by the Plaintiffs in favor of the Defendants, is implied a covenant of good faith and fair dealing between the parties.

2731.  The implied obligation encompasses any promises which a reasonable person in Plaintiffs' position would be justified in understanding was included in the parties' agreement.

2732.  The Defendants have breached that covenant of good faith and fair dealing by intentionally and/or negligently misrepresenting or omitting to disclose material facts that would have been pertinent to those Plaintiffs' decisions to enter into transactions with the Defendants.

2733.  As a consequence of the breaches of the covenant of good faith and fair dealing by the Defendants, the Plaintiffs have been deprived of the right to receive the benefits under those loan agreements, to-wit: they have been stripped of the value and equity in their homes as a consequence.

2734.  Inclusive of all recoverable damages and restitution and costs and attorney fees, each Plaintiff has sustained damage and restitution in the sum of no more than $75,000.00.

2735.  Plaintiffs allege that each of the wrongful acts or omissions described in this Cause of Action was either performed by each Defendant herein, named or unnamed, or ratified and adopted by each Defendant after its occurrence. Further, those Defendants that did not actively perform the acts or omissions described here did affirmatively aid and abet the other Defendants in the performance of such acts or omissions, before, during or after the fact.

2736. Finally, each Defendant herein, named or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein. All Defendants agreed to work together in the conspiracy and/or joint enterprise described in this paragraph in the manner set forth herein. Accordingly, each Defendant, named or unnamed, should be held liable for the acts and omissions complained of.

## TENTH CAUSE OF ACTION

### Unjust Enrichment

**(By Plaintiffs 1-310 and 838 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17)**

2737. All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

2738. Through their conduct as described herein, all Defendants herein were unjustly enriched at the expense of each Plaintiff and by taking his or her money under false pretenses and by ultimately foreclosing or attempting to foreclose upon the homes of the Plaintiffs without legal authority to do so.

2739. To permit the Defendants to retain their unjust gains would be against equity and good conscience, and would ratify the illegal actions taken by the Defendant to the detriment of the Plaintiffs.

2740. Here, in order to avoid the unjust enrichment of the Defendants, each Defendant should be ordered to pay back to each Plaintiff any and all monies unjustly received from him or her. All inclusive, no Plaintiff herein has suffered damages greater than $75,000.00.

2741. Plaintiffs allege that each of the wrongful acts or omissions described above was performed by each Defendant herein, named or unnamed, or was ratified and adopted by each Defendant after its occurrence. Further, those Defendants that did not actively perform the acts or omissions described here did affirmatively aid and abet the other Defendants in the performance of such acts of omissions, before, during or after the fact.

2742. Finally, each Defendant herein, named or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein. All Defendants agreed to work together in the conspiracy and/or joint enterprise described in this paragraph in the manner set forth above. Accordingly, each Defendant, named or unnamed, should be held liable for the acts and omissions complained of.

## ELEVENTH CAUSE OF ACTION

### Violations of N.Y. Gen. Bus. Law §349

**(By Plaintiffs 1-310 against all Defendants; and by Plaintiffs 311-352, 354-673 against all Defendants except 1-4; and by Plaintiff 353 against all Defendants except 1-6; and by Plaintiffs 674-732, 734-803 against all Defendants except 5, 6; and by Plaintiffs 733 against all Defendants except 1-6; and by Plaintiffs 804-837 against all Defendants except 16, 17; and by Plaintiff 838 against all Defendants except 5)**

2743. The allegations in the foregoing paragraphs are repeated and realleged as if fully set forth herein.

2744. Defendants, and each of them, have operated and continue to operate the largest Ponzi scheme in world history with a plan that – at its inception – was intended to, did in fact and continues to the present day to have as its object the theft and conversion of billions of dollars from millions of homeowners, including Plaintiffs.

2745.  Defendants' wrongful acts include (but are not limited to) the following:  (i) claiming to be servicer of the subject notes at issue herein and demanding monthly loan payments therefor, when in fact no Defendant had or has any legal claim to the monies paid to it by Plaintiffs; (ii) taking loan payments every month from each Plaintiff without crediting any portion of that money to the benefit of any Plaintiff;  (iii) promising loan modifications to Plaintiffs while never being an authorized legal representative of any person in a position to actually modify Plaintiffs' loans; (iv) inducing Plaintiffs to default on their loans so that Defendants could profit from the credit default swaps they had purchased, betting that such loans would not be paid as agreed; (v) creating false reasons for charging fees to Plaintiffs based upon nonexistent monies owed, then instituting foreclosure proceedings against Plaintiffs when such fees went unpaid;  (vi) issuing wrongful Notices of Default to Plaintiffs;  (vii) by refusing to respond, in any way, to Plaintiffs' communications or to communications made for Plaintiffs by their private and public representatives; (viii) converting Plaintiffs' monies as alleged in great detail below, (ix) secreting such acts of conversion through the massive international network used by defendants to support their Ponzi scheme in violation of law.

2746.  The illegal and improper acts of the Defendants have continued, including, *inter alia*: (i) engaging in the practice of "robo-signing," whereby the lenders used people who had no personal knowledge to sign fraudulent and perjured affidavits that indicated that they had personal knowledge of those matters in an effort to deprive homeowners of their property without due process of law; (ii) refusing to modify loans; and (iii) refusing to entertain short sale opportunities, all with the intention to (a) buy time to further conceal previous conversions and/or (b) convert additional monies from the Plaintiffs in a sum according to proof.

2747.   Many of the Plaintiffs were told not to make mortgage payments and/or to sign letters authored by agents of Defendants, exacerbating a desperate financial situation that was either untrue or inflated at Defendants' insistence.

2748.   The acts of Defendants constitute deceptive acts and practices in the conduct of Defendants' business, trade and commerce under New York State's General Business Law § 349 ("GBL § 349"), and willfully and knowingly violated this section.

2749.   The deceptive acts and practices of the Defendants have had and continue to have a broader impact on consumers at large.

2750.   The Plaintiffs relied to their detriment on the deceptive acts and practices of the Defendants.

2751.   Pursuant to GBL § 349, Plaintiffs are entitled to an award of reasonable attorney's fees in their favor against Defendants.

2752.   Pursuant to GBL § 349, each Plaintiff, individually, is entitled to the statutory maximum in damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, and each of them as follows and as set forth in each cause of action:

1.   General and special damages according to proof;

2.   Punitive damages according to proof;

3.   Statutory relief under the specific statutes cited above;

4.   Restitution damages according to proof;

5.   Pre- and post-judgment interest; and

6.   Attorney fees as authorized and provided for by statute, contract or otherwise; and

7.  On all causes of action, for such other and further relief as this Court may deem just and proper so that each Plaintiff shall recover no more than $75,000.00 in total monetary damages and that each Plaintiff shall receive a judicial determination that his or her mortgage lien(s) at issue herein as alleged to exist by Defendants is *void ab initio* unless such result is found by the trier of fact to result in a damage award in a sum greater than $75,000.00 per plaintiff in which case each Plaintiff waives the benefit of any jury finding that their mortgage lien(s) at issue herein were *void ab initio*.

Dated:      April 18, 2012
            Staten Island, New York

                              Respectfully submitted,


                              Nicholas M. Moccia
                              Law Office of Nicholas M. Moccia, P.C.
                              *Of Counsel to James N. Fiedler &*
                              *Associates, Attorneys' for Plaintiffs*
                              45 Page Avenue
                              Staten Island New York 10309
                              (718) 701-5772

                              14942 Gault Street
                              Van Nuys, California 91405
                              (818) 782-2189

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------------X

DEBORAH ABEEL, RICK ADAMS, ROBERT AKASHI, JIMMY ALAURIA, ET AL.

                Plaintiffs,

      -against-

BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION, dba BAC HOME LOANS SERVICING,
COUNTRYWIDE HOME LOANS, INC.,
JP MORGAN CHASE BANK, N.A., ET AL.

                Defendants.

-------------------------------------------------------------------------X

Index No.

**The basis of venue designated: The county where one of the Plaintiffs reside is KINGS**

# SUMMONS AND COMPLAINT

JAMES N. FIEDLER & ASSOCIATES
*Attorneys for Plaintiffs*
14942 Gault Street
Van Nuys, California 91405
(818) 782-2189

LAW OFFICE OF NICHOLAS M. MOCCIA, P.C.
*Of Counsel*
45 Page Avenue
Staten Island, NY 10309
(718) 701-5772

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions contained therein are not frivolous.

Dated:  April 18, 2012

                Signature:

        Signer's name:    Nicholas M. Moccia
                         *Of Counsel*